UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | July 16, 2020 |
|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. WWW.Cheaterreport.com | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of the Complaint filed by plaintiff Dr. Steward Lucas Murrey ("Plaintiff"), who is appearing pro se. Plaintiff's Complaint contains claims for defamation and violations of California's statutory and common law rights of publicity.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress. Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986). In seeking to invoke this Court's jurisdiction, Plaintiff bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). The Federal Rule of Civil Procedure 8(a) requires that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332; Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978). To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). Finally, the citizenship of a partnership or other unincorporated entity is the citizenship of its members. See Johnson v. Columbia Props.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | | Date | July 16, 2020 |
|---|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. WWW.Cheaterreport.com | | | |

Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Jurisdiction may also be based on the existence of a federal question. See 28 U.S.C. § 1331. "Title 28 U.S.C. § 1331 vests in federal district courts 'original jurisdiction' over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689, 126 S. Ct. 2121, 165 L. Ed. 2d 131 (2006) (quoting 28 U.S.C. § 1331). "A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for So. Cal., 463 U.S. 1, 27–28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983)). The "mere presence of a federal issue in a state cause of action" does not automatically confer federal-question jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986). If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question. Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).

The Complaint does not assert a federal claim or properly allege the statutory or other basis for the exercise of jurisdiction required by Federal Rule of Civil Procedure 8(a) and Local Rule 8-1. Nor does the Complaint otherwise allege a basis for the Court's subject matter jurisdiction. Despite the Complaint's reference to 47 U.S.C. § 151, the Complaint does not allege a federal claim under the Communications Act or any other federal statue that creates a private right of action. See Duncan, 76 F.3d at 1485. Instead, the Complaint alleges two state law claims for defamation and violations to the right of publicity. As to those claims, the Complaint fails to allege sufficient facts to support the Court's exercise of diversity jurisdiction over this matter. Specifically, the Complaint alleges that Plaintiff "is a resident of the State of California." Because residence is not the same as citizenship, Plaintiff has insufficiently alleged his own citizenship. See Kanter, 265 F.3d at 857. Additionally, Plaintiff has not alleged sufficient well-pleaded allegations concerning the citizenship of defendant www.Cheaterreport.com ("Defendant"), because he has not alleged if Defendant is, for example, a corporation or limited liability company. Nor has Plaintiff alleged Defendant's state of incorporation and principal place of business if Defendant is a corporation, or the citizenship of Defendant's members if it is a limited liability company.

Accordingly, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction. A district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist, even though the complaint inadequately alleges jurisdiction. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | | Date | July 16, 2020 |
|---|---|---|---|---|
| Title | Dr. Stewart Lucas Murrey v. WWW.Cheaterreport.com | | | |

28 U.S.C. § 1653; <u>Trentacosta v. Frontier Pacific Aircraft Industries, Inc.</u>, 813 F.2d 1553, 1555 (9th Cir. 1987).  Therefore, the Court grants Plaintiff leave to amend the Complaint to establish federal subject matter jurisdiction.  Plaintiff's First Amended Complaint, if any, is to be filed by August 3, 2020.  The failure to file a First Amended Complaint by that date or to adequately allege the basis for the Court's jurisdiction may, without further warning, result in the dismissal of this action without prejudice.

      Finally, according to the Complaint, Plaintiff had previously commenced an action against Defendant in Los Angeles Superior Court, Case No. 19SMCV00935.  That action appears to be ongoing.  This action may therefore be subject to the <u>Colorado River</u> doctrine, pursuant to which a federal court may abstain from a case out of deference to parallel litigation brought in state court.  <u>See</u> <u>Colo. River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976).  The Court notifies Plaintiff that should he file a First Amended Complaint that adequately alleges the Court's subject matter jurisdiction, the Court would order Plaintiff to show cause in writing why abstention under <u>Colorado River</u> would not be appropriate.

      IT IS SO ORDERED.