1  FENTON LAW GROUP, LLP
   Nicholas D. Jurkowitz (SBN 261283)
2  njurkowitz@fentonlawgroup.com
   1990 S. Bundy Drive # 777
3  Los Angeles, CA 90025
   Phone 310-444-5244
4  Fax 310-444-5280

5

6  Attorneys for Specially Appearing Defendants Domingo J. Rivera;
   Domingo J. Rivera, Attorney at Law, PLC; Internet Research Control, Inc.;
7  and PRVT LLC

8           IN THE UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
9

10 STEWART LUCAS              )
   MURREY,                    )   CASE NO. 2:20-cv-06217-PA
11                            )
             Plaintiff,       )   Hon. Percy Anderson
12                            )
                              )   SPECIALLY APPEARING
13                            )   DEFENDANTOMINGO J.
                              )   RIVERA'S NOTICE OF MOTION
14     v.                     )   AND MOTION TO DISMISS (FRCP
                              )   12(b)(2)); DECLARATION OF
15                            )   DOMINGO J. RIVERA
   AARON MINC, et al.,        )
16                            )
                              )   Hearing Date:   December 21, 2020
17           Defendants.      )   Hearing Time:   1:30 p.m.
                              )   Courtroom:      10A
18 _____  )

19

20

21

22

23

24

25

26

27

28

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on Monday, December 21, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court located at the First Street Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, Los Angeles, CA 90012, Defendant Domingo J. Rivera will move this Court to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The basis for this motion is that the Court does not have personal jurisdiction over Defendant and service of process was improper.

This motion is based upon the attached Memorandum of Points and Authorities, Proposed Order, the Declaration of Domingo J. Rivera, complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 19, 2020.

November 19, 2020

FENTON LAW GROUP, LLP

__/s/ Nicholas D. Jurkowitz_____
Nicholas D. Jurkowitz
Attorneys for Defendant

**Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.      Introduction and Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.      Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.      Murrey's Prior Legal Proceedings . . . . . . . . . . . . . . . . . . . . . . . 7

II.     Rivera is not subject to general personal jurisdiction in California . . . . . 8

III.    Rivera is not subject to specific personal jurisdiction in California . . . . 10

IV.     This Court Does Not Have Jurisdiction Over Rivera Under RICO's
         Nationwide Service of Process Provision . . . . . . . . . . . . . . . . . . . . . . . 15

V.      The Service of Process on Rivera was Insufficient and as a result Rivera
         has not been served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

VI.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Declaration of Domingo J. Rivera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# Table of Authorities

## Cases

*Am. Express Centurion Bank v. Zara*
   199 Cal.App.4th 383 (2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Amoco Egypt Oil Co. v. Leonis Navigation Co.*
   1 F.3d 848 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

*Aussekier v. Lee*
   2020 WL 3961951 (2:19-cv-00365, E.D. Cal) . . . . . . . . . . . . . . . . . . . 18

*Ballard v. Savage*
   65 F.3d 1495 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.*
   223 F.3d 1082 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,11

*Brayton Purcell LLP v. Recordon & Recordon*
   575 F.3d 981 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Burger King Corp. v. Rudzewicz*
   471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11-12

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*
   788 F. 2d 535 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,15-16

*Chem Lab Products, Inc. v. Stepanek*
   554 F.2d 371 (9th Cir. 1977 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,12,15

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*
   784 F.2d 1392 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hanson v. Denckla*
   357 U.S. 235 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Helicopteros Nacionales de Colombia, S.A. v. Hall*
   466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Int'l Shoe Co. v. Washington*
   326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,11

*Kransco Mfg., Inc. v. Markwitz*
   656 F.2d 1376 (9th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,13,15

*Mansour v. Superior Court*
   38 Cal.App.4th 1750 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12,14

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
   647 F.3d 1218 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Mihlon v. Superior Court*
   169 Cal.App.3d 703 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

4

*Pavlovich v. Superior Court*
        29 Cal.4th 262 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Perkins v. Benguet Consol. Mining Co.*
        342 U.S. 437 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sawyer of Napa v. Sang Woo Co. Ltd.*
        924 F.2d 1063 (9th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Schwarzenegger v. Fred Martin Motor Co.*
        374 F.3d 797 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Sher v. Johnson*
        911 F.2d 1357 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Sibley v. Superior Court*
        16 Cal.3d 442 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Singer v. Bell*
        585 F.Supp. 300 (S.D.N.Y.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Taylor-Rush v. Multitech Corp.*
        217 Cal.App.3d 103 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*World-Wide Volkswagen Corp. v. Woodson*
        444 U.S. 286 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Youming Jin v. Ministry of State Security*
        335 F. Supp.2d 72 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

**Statutes**

California Business and Professions Code
        Section 17538.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

California Code of Civil Procedure
        Section 415.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-20
        Section 416.90 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17,19

18 U.S.C. section 1965 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

47 U.S.C. section 230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# I.    Introduction and Issues

## A.    Background

This action arises from posts made on the public forum cheaterreport.com in 2016 and 2017 about Plaintiff Stewart Murrey ("Murrey").   According to prior litigation initiated by Murrey, the posts were made by various individuals known to Murrey and who are not named in the instant case.

Rivera is an attorney admitted to practice in Virginia.  Prior to being employed as in-house counsel for a private corporation, Rivera practiced law as a member of Domingo J Rivera, Attorney at Law, PLC, a duly registered Virginia Professional Limited Liability Company in Virginia ("Rivera PLC"). Rivera PLC's practice was primarily focused on Internet legal matters, including assisting clients with cyber security, privacy, computer crimes, defamation, and online investigations.  (Rivera Declaration, Par. 2). At all relevant times, Rivera was an agent of a law firm and of duly registered business entities, a common task for an attorney.  Rivera PLC and Rivera as an attorney stopped accepting new clients approximately in 2015 as a result of Rivera accepting in-house counsel employment with a private corporation.  Since that time, Rivera PLC has only finalized cases for existing clients as well as minor limited engagements as registered agent for legal notice, also for former clients.  At all relevant times, Rivera has only practiced law for Rivera PLC and did not practice law for any other entities or in his individual capacity. (Rivera Declaration, Par. 5).

Rivera never took any actions regarding Murrey or made any representations to Murrey.  (See Rivera Declaration). Based on Murrey's prior judicial statements, the posts regarding Murrey were authored by a Shannyn Poer, whom Rivera has never met.   (Rivera Declaration & Declararion Exhibits B and C).  Rivera has no personal involvement with or participation in the

creation of any posts related to Murrey anywhere on the Internet.

To invoke Federal jurisdiction, Murrey has filed a defamation action masqueraded as a poorly constructed RICO case. Rather than filing an action directly against the cheaterreport.com website - which would immediately fail scrutiny under Section 230 of the CDA – Murrey filed this action against companies and law firms with which Murrey freely contracted to remove said postings and, in the case of Rivera, parties that he never contracted with.

Although Murrey attempts to obtain personal jurisdiction under RICO, Murrey has not alleged and cannot allege that he received any threats of any kind from Rivera, who has never communicated directly or indirectly nor caused others to communicate with Murrey. (See Rivera Declaration, Par. 10).   To the contrary, Murrey admits that he voluntarily and without any threats entered into contractual arrangements with some of the Defendants in order to facilitate the extra-judicial removal of the content.  (Complaint Par. 59-61).  Rivera did not participate in said contractual arrangements with Murrey and did not consent to adjudication of any disputes in California.

## B. Murrey's Prior Legal Proceedings

Of interest is that Murrey originally filed this action as a defamation lawsuit without disclosing to the Court that he had already filed a separate civil lawsuit against other parties not included in these proceedings related to the same Internet posts at issue here.  (Rivera Declaration, Exhibits B & C). During the proceedings in the California State Court, Plaintiff submitted affidavits identifying the alleged authors of the posts at issue, none of whom have been named as Defendants in this matter.  Upon the Court's notification to Plaintiff that his Complaint did not raise a Federal Issue, Plaintiff concocted a chain of false, far-fetched, speculative, conclusory, and specious arguments of a RICO conspiracy hoping to improperly obtain personal jurisdiction over individual and

1   entities such as Rivera, who has absolutely no ties to California and never

2   conducted any transactions with Murrey.  Rivera is not subject to general or

3   specific jurisdiction in California.

4   **II.     Rivera is not subject to general personal jurisdiction in California**

5           Constitutional due process demands that courts exercise personal

6   jurisdiction over nonresidents only where sufficient "minimum contacts" exist

7   between the nonresident defendant and the forum state.  A sufficient relationship

8   between the defendant and the state must exist so that the exercise of jurisdiction

9   "does not offend traditional notions of fair play and substantial justice." *Int'l*

10  *Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant's "conduct

11  and connection with the forum State" must be such that the defendant "should

12  reasonably anticipate being haled into court there." *World-Wide Volkswagen*

13  *Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

14          Where a defendant's activities in a state are "'substantial' or 'continuous

15  and systematic,' general jurisdiction may be asserted even if the cause of action

16  is unrelated to those activities." *Haisten v. Grass Valley Med. Reimbursement*

17  *Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986) (internal citations omitted).

18  These contacts should "approximate physical presence." *Bancroft & Masters,*

19  *Inc. v. Augusta Nat'l. Inc.*, 223 F.3d 1082 (9th Cir. 2000); *Sher v. Johnson*, 911

20  F.2d 1357, 1361 (9th Cir. 1990).  Because of the high level of contacts required,

21  courts are generally reluctant to assert general jurisdiction over foreign business

22  entities, even when the contacts with the forum state are "extensive." *Amoco*

23  *Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993)

24  (recognizing that the Ninth Circuit has "regularly . . . declined to find general

25  jurisdiction even where the contacts were quite extensive"); see also *Mavrix*

26  *Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (noting

27  that at the time of publication, the Supreme Court had found general personal

28

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

1   jurisdiction over a non-resident defendant in only one other case).

2      The United States Supreme Court has found that the exercise of general

3   jurisdiction over a nonresident defendant does not always offend due process,

4   but that such exercise demands extensive actual contacts. Thus, when a

5   defendant corporation had an office in Ohio, kept its files in Ohio, sent business

6   correspondence from Ohio, employed people in Ohio, maintained bank accounts

7   in Ohio, drew and distributed checks on an Ohio bank, used an Ohio transfer

8   agent, and held directors' meetings in Ohio, it would be constitutional. *Perkins*

9   *v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952). In contrast, the

10  Supreme Court rejected an assertion of general jurisdiction when the defendant's

11  activities in Texas consisted of negotiating an agreement in Texas, accepting

12  checks drawn on a Texas bank, buying helicopters, equipment, and training from

13  a Texas company, and sending personnel to Texas for training. *Helicopteros*

14  *Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418-19 (1984).

15     Factors that courts consider in determining whether a defendant's contacts

16  with California are "substantial, continuous and systematic" include "whether

17  the defendant makes sales, solicits or engages in business in the state, serves the

18  state's markets, designates an agent for service of process, holds a license or is

19  incorporated there." *Bancroft & Masters, Inc.*, 233 F.3d at 1086. The court also

20  looks at whether a defendant has California offices, employees, bank accounts,

21  property, or tax returns. See, e.g., *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*,

22  1 F.3d 848, 851 (9th Cir. 1993).  Rivera has none of these contacts.

23     Rivera has challenged jurisdiction. Murrey has the burden to produce

24  proper jurisdictional evidence. See *Ballard v. Savage*, 65 F.3d 1495, 1497 (9th

25  Cir. 1995).  Rivera has presented a declaration related to his lack of contacts

26  with California; Murrey bears the burden of proving that sufficient minimum

27  contacts exist. See *Butcher's Union Local No. 498, United Food and*

28

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

*Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986). To meet this burden, mere allegations in an unverified complaint are insufficient to establish jurisdiction. Rather, Murrey must present actual evidence supporting the existence of minimum contacts sufficient to establish jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) ("the mere allegations of a complaint, when contradicted by affidavits, are not enough to confer personal jurisdiction over a non-resident.").

Murrey presents a vague allegation that Rivera "seems to have a substantial interest" in Rivera PLC, Internet Reputation Control, Inc., and PRVT LLC.  (See Complaint Par. 29)  However, none of these entities have a physical location in California, maintain files in California, send correspondence from California, employ people in California, have bank accounts in California, draw or deposit checks drawn from a California bank, use a California transfer agent, hold meetings in California, negotiate agreements in California, buy goods or services in California, have a designated agent for service of process in California, hold licenses in California, own property in California, or file taxes in California.  (See Rivera Declaration).

Murrey has not and cannot present any evidence that supports a finding that confers general jurisdiction over Rivera. Rivera does not have any contacts in California which may confer general personal jurisdiction. Rivera does not have sufficient contacts with California to "approximate physical presence" in the State. Accordingly, Rivera is not subject to general jurisdiction in California.

## III.   Rivera is not subject to specific personal jurisdiction in California

Where a defendant's forum activities are not pervasive enough to justify the exercise of general jurisdiction, the existence of specific jurisdiction depends on the quality and nature of the defendant's individual forum activity in relation

1   to the particular cause of action. *Hanson v. Denckla*, 357 U.S. 235, 250-53

2   (1958).

3       Specific jurisdiction may be exercised over a non-resident defendant only

4   if: (1) the defendant purposefully directs his activities to the forum or a resident

5   thereof; or performs some act by which he purposefully avails himself of the

6   privilege of conducting activities in the forum, thereby invoking the benefits and

7   protections of its laws; (2) the claim arises out of or relates to the defendant's

8   forum-related activities; and (3) the exercise of jurisdiction is reasonable.

9   *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir.

10  2009).

11      Purposeful availment requires the nonresident defendant to reach out

12  beyond the borders of its own state and create a continuing relationship with the

13  citizen of another. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985).

14  This requires more than that the defendant caused harm which is suffered in

15  California, but "that the defendant committed an intentional act . . . expressly

16  aimed at the forum state." *Bancroft & Masters, Inc.*, 223 F.3d at 1087; see also

17  *Pavlovich v. Superior Court*, 29 Cal.4th 262, 271 (2002). To hold otherwise

18  would permit any conduct affecting California to subject a defendant to

19  jurisdiction in California. *Pavlovich*, 29 Cal.4th at 277.

20      The final requirement for specific jurisdiction is reasonableness. *Int'l

21  Shoe Co.*, 326 U.S. at 316. For jurisdiction to be reasonable, it must comport

22  with fair play and substantial justice. Id. Courts consider a number of factors in

23  determining reasonableness, including: (1) the extent of defendant's purposeful

24  interjection; (2) the relative burdens on the parties; (3) the extent of conflict with

25  the sovereignty of defendant's state; (4) the forum state's interest in adjudicating

26  the dispute; (5) the most efficient judicial resolution of the controversy; (6) the

27  importance of the forum to plaintiff's interest in convenient and efficient relief;

28

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

1    and (7) the existence of an alternate forum. See *Burger King*, 471 U.S. at

2    476-77.

3          Further, an individual acting as an agent for a duly registered business

4    entity is not subject to personal jurisdiction in a forum based on the business'

5    contacts with that forum.  It is well established that "The courts generally respect

6    corporate boundaries in jurisdictional contexts.... (A) corporate officer who has

7    contact with a forum only with regard to the performance of his official duties is

8    not subject to personal jurisdiction in that forum."  *Kransco Mfg., Inc. v.*

9    *Markwitz*, 656 F.2d 1376 (9th Cir. 1981) (quoting *Chem Lab Products, Inc. v.*

10   *Stepanek*, 554 F.2d 371 (9th Cir. 1977).

11         Murrey has not and cannot present any evidence beyond the conclusory

12   and unsupported allegations of his Complaint, which may not be considered for

13   purposes establishing the requisite contacts. *Mansour v. Superior Court*, 38

14   Cal.App.4th 1750, 1759 (1995).  Rivera is a resident of Virginia with no

15   relevant contacts with California.  Rivera is only admitted to practice law in

16   Virginia as a member of a law firm.  Any of Rivera's clients located outside

17   Virginia were required to sign a written representation agreement indicating that

18   all services were provided pursuant to Virginia law and designating Henrico

19   County, Virginia as the exclusive venue for any legal disputes. (Rivera

20   Declaration, Par. 4).

21         Murrey has named other entities for which Rivera acted as an agent in an

22   effort to maintain this action and invoke the Court's personal jurisdiction against

23   Rivera as an individual.  Murrey's failure to meet his burden of proving personal

24   jurisdiction over Rivera based on his participation with various business entities

25   is two-fold. First, the duly registered business entities for which Rivera was a

26   representative are themselves not subject to personal jurisdiction in California.

27   Second, Rivera acted in a representative capacity for these entities.

28

As to the first point, Rivera PLC is a Virginia law firm that never offered nor provided services to Murrey.  (Rivera Declaration, Par 10-11).  Similarly, Internet Reputation Control, Inc. did not contract with Murrey.  (Rivera Declaration, Par. 20).   Regarding PRVT LLC, the company did not exist when the third-party postings about Murrey were made on cheaterreport.com or when they were removed.  (Rivera Declaration, Par. 32).  Therefore, PRVT LLC could not have possible participated in any alleged actions, much less any actions directed at California or its residents.  None of these entities purposefully availed themselves of the privilege of conducting business in California; they are not licensed to do business in California, nor have they sought to advertise in California.   None of these corporations formed continuing relationships with any California entity.  (See Rivera Declaration).

The thrust of Murrey's boilerplate allegations is that there was a "conspiracy" between various companies and law firms, none of which appears to be based in California, to purportedly charge him for the removal of third-party statements posted in a public forum by individuals known to him. Perhaps to avoid an Anti-SLAPP lawsuit and in recognition that 47 U.S.C. § 230 bans any actions against the website cheaterreport.com for statements posted by third parties, Murrey advances this "conspiracy" theory.  Because no such conspiracy existed, Murrey can't articulate the same beyond boilerplate nor can he identify which acts were directed to California and by whom.  In short, Murrey's improperly plead allegations are inadequate to justify the Court's exercise of specific personal jurisdiction.

As to the second point, at all relevant times, Rivera was a representative for duly registered companies.  The relevant inquiry is whether "consistent with due process, [the] personal contacts with California are sufficient to support an exercise of limited jurisdiction." *Kransco Mfg., Inc. v. Markwitz*, 656 F.2d 1376

(9th Cir. 1981).  Murrey provides no description of Rivera's personal contacts with California.  Murrey's sole jurisdictional statements are that each Defendant "participated in and provided material support for a scheme to deceive Plaintiff within this District and throughout California" and that "each Defendant has actively participated in the conspiracy with intent to injure Plaintiff…" .  Murrey's boilerplate Complaint is devoid of any specific facts warranting the inference that Rivera was a member of any "conspiracy."  Further, Murrey's "complaint is unverified and thus of no evidentiary value." *Mansour v. Superior Court*, 46 Cal.Rptr.2d 191, 38 Cal.App.4th 1750 (Cal. App. 1995) (quoting *Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710, 215 Cal.Rptr. 442).

"[T]he bland allegation of conspiracy without a prima facie showing of its existence is insufficient to establish personal jurisdiction." (*Taylor-Rush v. Multitech Corp.*, 217 Cal.App.3d 103, 114 (1990).) A plaintiff "must allege specific facts warranting the inference that the defendants were members of the conspiracy, and come forward with some definite evidentiary facts to connect the defendant with transactions occurring in [the forum state]. " (*Singer v. Bell* 585 F.Supp. 300, 303 (S.D.N.Y.1984)(internal quotations omitted).)

In *Sibley v. Superior Court* (1976) 16 Cal.3d 442, the California Supreme Court held that California could not exert personal jurisdiction over a Florida guarantor of a Georgia corporation's contractual obligation to a California resident. "[W]hile other parties involved in this action had considerable contacts with California, there is no indication that petitioner intended to conduct business or in any other way directly or indirectly gain from dealings in this state: the purpose of other parties cannot be imputed to petitioner for the purpose of assuming personal jurisdiction over him." (*Id*. at pp. 447-448.)

Further, there is insufficient evidence to demonstrate that Rivera purposefully availed himself of the ability to conduct business in California.

The Ninth Circuit has held that "a corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." *Kransco*, 656 F.2d at 1379 (quoting *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir.1977)). Murrey has not alleged that Rivera took any actions in California. *Sawyer of Napa v. Sang Woo Co. Ltd.*, 924 F.2d 1063 (9th Cir. 1991).

## IV.   This Court Does Not Have Jurisdiction Over Rivera Under RICO's Nationwide Service of Process Provision

While it is evident that the non-RICO counts should be dismissed on lack of personal jurisdiction grounds, Plaintiff may argue that the alleged RICO Conspiracy count provides for nationwide service of process.

The plain language of the RICO statute, however, demands that for nationwide service of process to apply it must be shown that "the ends of justice require" the exercise of jurisdiction over non-resident Defendants. 18 U.S.C. § 1965(b). In this case, the ends of justice cannot possibly require that Rivera, who has no contacts with California at all and has not taken acts regarding Murrey, be brought into court there. Where a plaintiff shows no contact whatsoever by a particular defendant with the forum state and make nothing more than general boilerplate assertions of a "conspiracy," the ends of justice do not require a finding of personal jurisdiction under RICO's nationwide service of process. Indeed, they require the contrary.

In *Youming Jin v. Ministry of State Security*, 335 F. Supp.2d 72, 84 n.8 (D.D.C. 2004), the Court relied on *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F. 2d 535, 538-539 (9th Cir. 1986) the Ninth Circuit's seminal case on RICO's nationwide service of process provision. The Court adopted the Ninth Circuit's reasoning in weighing "the ends of justice" under Section 1965(b) finding that "the court must have personal jurisdiction over at

1   least one of the participants in the alleged multidistrict conspiracy and the

2   plaintiff must show that there is no other district in which a court will have

3   personal jurisdiction over all of the alleged co-conspirators." *Youming Jin*, 335

4   F. Supp.2d at 84 n.8 (quoting *Butcher's Union Local No. 498*). The court,

5   interpreting the Ninth Circuit's approach, refused to find personal jurisdiction

6   stating: "the only reason to contemplate RICO jurisdiction is that the plaintiffs'

7   conspiracy theory of jurisdiction, as pled, is unconstitutional. Under the facts of

8   this case, however, the court does not take the 'ends of justice' to mean that

9   when due process gets in the way of the application of one jurisdictional theory,

10  the defendant should be haled in to court on a more lenient theory. *Id*.

11         Murrey has provided nothing more than a vague, general assertion as to

12  the appropriateness of jurisdiction in this Court, and has failed to establish any

13  basis for personal jurisdiction over Rivera.  This is clearly insufficient to create

14  personal jurisdiction over a defendant with no contacts at all with the forum

15  state. And, as stated in the *Youming Jin* decision, the RICO nationwide service

16  of process provision should not be used as a more lenient backstop when

17  Constitutional requirements of due process prevent the exercise of personal

18  jurisdiction.

19         Allowing the suit to proceed against Rivera would violate the fundamental

20  notions of fair play and substantial justice which the Ninth Circuit has

21  maintained are essential for preserving all individuals' right to substantive due

22  process under the Constitution.  See e.g., *Butcher's Union Local No. 498 v. SDC*

23  *Investment, Inc.*, 788 F. 2d 535, 538-539 (9th Cir. 1986). There is a perfectly

24  acceptable legal system in Virginia, where Rivera resides, should Plaintiff

25  choose to file suit there.

26

27

28

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

1
2

## V.  The Service of Process on Rivera was Insufficient and as a result Rivera has not been served

3
4
5
6

Rivera is an individual who, pursuant to Section 416.90 of the California Code of Civil Procedure must be served "by delivering a copy of the summons and of the complaint to such person or to a person authorized by him to receive service of process."  Here, Rivera was not personally served.

7
8
9
10
11

On October 29, 2020, the Court entered a show cause order related to Murrey's failure to effect service of the Complaint (Dkt # 16).  In response, Murrey filed a Proof of Service upon Rivera (Dkt. # 17).  The purported proof of service alleges that service was made upon a Parcel Plus employee.  Murrey also filed a Declaration (Dkt # 21)  However, the purported service was defective.

12
13
14
15
16
17
18
19
20
21
22
23
24

California Code of Civil Procedure ("C.C.P.") section 415.20 provides for "substitute service," in lieu of personal service, under certain limited circumstances, set forth in three separate subdivisions.  In the present case, Murrey relies solely on subdivision (c) of section 415.20 as the basis for service. (Dkt. # 18, asserting that Rivera "was served pursuant to Cal . CCP §415.20(c), wherein an individual can be served through his or her private mailbox through a commercial mail receiving agency [CMRA] and wherein the first amended summons and complaint were left in the manner described in Business and Professions Code § 17538.5(d)…")  Murrey's proof of service states that, on October 29, 2020, "pursuant to Cal. CCP § 415.20(c) in the manner of Bus&ProfC§17538.5(d)," service was effected by leaving the first amended summons and complaint with an employee of Parcel Plus, "a private mailbox co.," located in McLean, Virginia.  (Dkt # 17.)

25
26
27

However, the attempted service under subdivision (c) was defective and service was not effected.  First, C.C.P. section 415.20(c) applies "if the only address reasonably known to the person to be served is a private mailbox

28

obtained through a commercial mail receiving agency."  Murrey's affidavit (Dkt # 21) does not establish that the Parcel Plus address in McLean, Virginia was the only address "reasonably known" to him.[1]

Second, Murrey has not shown, as required by Cal. B&P Code section 17538.5(d)(1), that the CMRA owner or operator, within 48 hours of receipt of process, placed the documents in Rivera's mailbox and, within five days of receipt, sent all documents by first class mail to his last known personal or home address.  His declaration is silent on all of those points.  (Dkt # 21.)

Murrey has the burden of establishing that all elements of C.C.P. section 415.20(c) and B&P Code section 175385.1(d) have been met and has failed to meet that burden.  In *Aussekier v. Lee*, 2020 WL 3961951 (2:19-cv-00365, E.D. Cal., July 13, 2020), the Court held that service of process pursuant to C.C.P. section 415.20(c) was deficient, where the plaintiff's affidavits failed to establish that the CMRA was the only address reasonably known to him and where the plaintiff's affidavits also failed to establish that the documents were placed in the defendant's mailbox by the CMRA owner or operator with 48 hours of receipt.  (Id. at *2.)  In the present case, Murrey has also failed to establish that the CMRA owner or operator mailed the documents to Rivera's last known personal or home address.  Accordingly, service was defective.

Because Plaintiff specifically relied on C.C.P. section 415.20(c) for

---

[1]In addition, C.C.P. section 415.20(c) only appears to apply to CMRAs in California.  California Business and Professions ("Cal. B&P") Code section 17538.5(d)(1) requires every person receiving private mailbox receiving services "from a CMRA in this state shall be required to sign an agreement… which authorizes the CMRA owner or operator to act as agent for service of process for and on behalf of any of their mail receiving service customers." (italics added.)  Here, however, service was attempted at a CMRA in Virginia, which has no such requirement that Rivera authorize the CMRA owner to act as agent for service of process, thereby invalidating the validity of such service.

service of process, Plaintiff has waived any argument that service was proper under subdivision (b) of C.C.P. section 415.20.  But even if the Court were to consider that subdivision, service was still defective. Section 415.20(b) permits substitute service under limited circumstances, namely "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served."  Further "[a]n individual may be served by substituted service only after a good faith effort at personal service has first been made: the burden is on the plaintiff to show that the summons and complaint cannot with reasonable diligence be personally delivered to the individual defendant. *Am. Express Centurion Bank v.  Zara*, 199 Cal.App.4th 383, 131 Cal.Rptr.3d 99, 103 (Cal. App. 2011) (Internal quotations omitted).   Here, Murrey has not shown reasonable diligence for not performing personal service on Rivera.

Assuming, arguendo, that Murrey is able to show sufficient reasonable diligence to justify his failure to effect personal service, Murrey has still not performed substitute service under C.C.P. section 415.20(b).  Section 415.20(b), in relevant part, states "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the

place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Section 415.20(b) (emphasis added). Murrey has also failed to effect substituted service.

Murrey's Declaration (Dkt. # 21) reflects a purported date of mailing by Murrey to a Virginia address on September 4, 2020, almost two months prior to the purported October 29, 2020 service. Based on these filings, Murrey incorrectly alleges that service has been completed.

Based on the plain language of the statute, Murrrey's claim fails. The statute imposes the requirement that the mailing occur after the delivery of the process of service. This requirement is essential to the substitute service requirement, to the extent that the statute prescribed that "service of a summons in this manner is deemed complete on the 10th day after the mailing order." It is unclear whether, by performing the mailing significantly in advance, Murrey's intention was to attempt to defeat the ten-day rule or to attempt to backdate service. What is clear is that under the plain language of the statute, Rivera has not been served and Murrey has not shown cause for such failure, in contravention of the Court's Order to Show Cause.

Murrey has filed additional affidavits urging the Court to accept service under the rationale that Rivera was aware of these proceedings. See, e.g., Docket No. 25. However, actual notice is insufficient to demonstrate proper service. "Personal jurisdiction requires compliance with the statutory requirements for service of process, and the defendant's knowledge of a proceeding does not in itself confer jurisdiction." 199 Cal.App.4th 387. As such, Murrey's claim of actual knowledge is irrelevant and does not cure Murrey's failure to show cause for his failure to serve the Complaint. More importantly, Rivera has not been served as required by the Court and the service

1  of process statutes and the Court does not have personal jurisdiction over

2  Rivera.

3  **VI.    CONCLUSION**

4          For the reasons and arguments presented herein, Rivera respectfully

5  requests the Court to dismiss Murrey's Complaint for lack of personal

6  jurisdiction and for insufficient service of process and for any further remedies

7  as the Court may deem appropriate.

8  Dated: November 19, 2020                    FENTON LAW GROUP, LLP

9

10                                          __/s/_Nicholas D. Jurkowitz____
                                            Nicholas D. Jurkowitz
11                                          Attorneys for Defendant
                                            Domingo J. Rivera
12

# DECLARATION OF DOMINGO J. RIVERA

I, Domingo J. Rivera, being first duly sworn, affirm and state under penalty of perjury the following:

1. My name is Domingo J. Rivera. This affidavit is based upon my personal knowledge.

2. I am over the age of eighteen and a resident of the Commonwealth of Virginia. I do not have any property, business, professional, or personal interests in California.

3. I am an attorney admitted to practice law in Virginia. I am also the director of Domingo J Rivera, Attorney at Law, PLC ("Rivera PLC"). Rivera PLC is a Virginia law firm based in Richmond, Virginia. Rivera PLC was registered as a law firm with the Virginia State Corporation Commission and with the Virginia Supreme Court and operated solely in Virginia. Until on or about 2015, Rivera PLC employed two attorneys, both of whom were only admitted to practice law in Virginia and only practiced law in Virginia.

4. Rivera PLC and its agents and employees served mostly Virginia clients. In the event that a client located outside of Virginia contracted with Rivera PLC, the client was required to sign a written representation agreement indicating that all services were provided pursuant to Virginia law and designating Henrico County, Virginia as the exclusive venue for any legal disputes. At all relevant times, I did not have any clients outside of my capacity as attorney for Rivera PLC.

5. Rivera PLC stopped accepting new clients approximately in 2015 as a result of my accepting in-house counsel employment with a private corporation. Since that time, Rivera PLC has finalized cases for existing clients as well as limited engagements as registered agent for legal notice, also for former clients. During the time Rivera PLC operated, I only practiced law for

Rivera PLC and did not practice law for any other entities.

6.      As a law firm authorized to practice law solely in Virginia, Rivera PLC did not operate, conduct, engage in, or carry on any business within California. Rivera PLC did not have an office or agency in California. Rivera PLC has not committed a tortious act within California or that was aimed at or caused an injury in California.

7.      Rivera PLC, its agents and representatives, including Rivera, have never contacted Plaintiff nor requested or encourage anyone else to contact Plaintiff.

8.      Rivera PLC does not have any special business relationships with California.

9.      Rivera PLC does not employ anyone who works or resides in California.

10.     Rivera PLC has not knowingly had a business relationship with Plaintiff or been hired by Plaintiff.  Rivera PLC has never communicated with Plaintiff nor has asked or even suggested for anyone to communicate with Plaintiff.  Rivera PLC never consulted with Plaintiff and I have never communicated in any manner with Plaintiff.

11.     Rivera PLC never knowingly requested or accepted any money from Plaintiff and never suggested or encouraged anyone else to do so.

12.     Rivera PLC's operations were exclusive to the practice of law from its Virginia office, including preparing demand letters, legal negotiations, consulting with other firms, and litigation.

13.     Rivera PLC did not direct, participate, or create any posts regarding Plaintiff.

14.     I am solely authorized to practice law in Virginia.  I do not conduct, engage in, or carry on any business within California.  I do not have an office or

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

1  agency in California.

2      15.    In my personal capacity, I have never contacted Plaintiff nor have I

3  asked anyone else to do so.

4      16.    I do not own or operate nor represent any businesses in California.

5      17.    As registered agent for Domingo J Rivera, Attorney at Law, I

6  followed all corporate formation and registration formalities. The law firm did

7  not conduct any of its business in California.

8      18.    I am a member of Internet Reputation Control, Inc ("IRC"), a

9  Virginia-based S-Corporation registered with the Virginia State Corporation

10  Commission and only operating in Virginia.

11      19.    As a result of my prior experience as an attorney handling Internet

12  defamation matters, at times I was employed under IRC to assist attorneys and

13  public relations firms in consulting related to issues for clients who had negative

14  online posts, including investigation, negotiations, and litigations.

15      20.    IRC did not operate, conduct, engage in, or carry on any business

16  within California. IRC did not have an office or agency in California. IRC has

17  not committed a tortious act within California or that was aimed at or caused an

18  injury in California. IRC was structured to primarily work as a consultant for

19  law firms and companies and did not target California customers. IRC never

20  created any advertisements in third-party websites, much less any

21  advertisements targeted to California customers.

22      21.    IRC never contacted Plaintiff, never asked Plaintiff for money, and

23  never requested or caused anyone to contact Plaintiff. IRC never entered into

24  any transactions with Plaintiff.

25      22.    IRC does not own or operate any offices in California.

26      23.    IRC does not have any special business relationships with

27  California.

28

DEFENDANT DOMINGO J. RIVERA'S NOTICE OF MOTION AND MOTION
TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

24.     IRC does not employ anyone who works or resides in California.

25.     IRC has not had a business relationship with Plaintiff or been hired by Plaintiff.  IRC has never communicated with Plaintiff nor has asked or suggested for anyone to communicate with Plaintiff.

26.     IRC did not direct, participate, or create any posts regarding Plaintiff.  IRC nor any of its agents knew Plaintiff or Shannyn Poer or any other individuals which Plaintiff has identified as the creators of the posts about him on cheaterreport.com during prior legal proceedings initiated by Plaintiff.

27.     As registered agent for IRC, I have personal knowledge that all formation and registration formalities were followed.  IRC did not conduct its business in California, did not target or solicit any California customers and never had any business dealings with Plaintiff.

28.     Rivera PLC, as a law firm, was a registered agent and corporate contact for PRVT, LLC.  All formalities were followed in forming this entity.

29.     PRVT LLC does not operate nor does it conduct any business in California.  Additionally, PRVT LLC operated as a private/proxy domain registration company to protect the privacy and identity of domain name owners. Based on my knowledge and experience, Exhibit A generally describes the basics of private domain registration.  PRVT LLC, as a proxy registration entity, does not own the website cheaterreport.com or any of the other websites that were registered through its service and does not control the contents of the website, a public forum.

30.     PRVT was formed on December 17, 2017.  The posts on cheaterreport.com about Plaintiff were allegedly made between December 2016 and October 2017.  At that time PRVT LLC did not manage the cheaterreport.com proxy registration since PRVT LLC did not even exist at the time.

31.     Upon information and belief, based on Plaintiff's own sworn admissions, Plaintiff has claimed that the posts in question were authored by a Shannyn Poer. See Exhibit B.  Plaintiff has filed affidavits regarding the authorship of the subject posts on cheaterreport.com.  See Exhibit C.

32.     Based on the personal nature of the content, it is evident that the posts about Plaintiff were made by someone with personal knowledge of Plaintiff.  Rivera PLC, IRC, PRVT, any of its agents or employees did not know Plaintiff nor knew anything about Plaintiff's personal life.

33.     Rivera PLC, IRC, PRVT, any of its agents or employees and myself have never communicated with Shannyn Poer and never conspired with anyone to take any actions related to Plaintiff.

I, Domingo J. Rivera declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.  Executed on November 19, 2020.


___/s/_Domingo J. Rivera___

Domingo J. Rivera