FENTON LAW GROUP, LLP
Nicholas D. Jurkowitz (SBN 261283)
njurkowitz@fentonlawgroup.com
1990 S. Bundy Drive # 777
Los Angeles, CA 90025
Phone 310-444-5244
Fax 310-444-5280

Attorneys for Specially Appearing Defendants Domingo J. Rivera;
Domingo J. Rivera, Attorney at Law, PLC; Internet Research Control, Inc.;
and PRVT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| STEWART LUCAS MURREY, | ) | CASE NO. 2:20-cv-06217-PA |
|---|---|---|
| Plaintiff, | ) | Hon. Percy Anderson |
| | ) | |
| v. | ) | SPECIALLY APPEARING DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA |
| AARON MINC, et al., | ) | |
| Defendants. | ) | Hearing Date:   December 21, 2020 |
| | ) | Hearing Time:   1:30 p.m. |
| | ) | Courtroom:   10A |

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

TO THE HONORABLE COURT AND TO ALL PARTIES:

PLEASE TAKE NOTICE that on Monday, December 21, 2020 at 1:30 p.m., or as soon thereafter as this matter may be heard in the above-entitled Court located at the First Street Courthouse, 350 W. 1st Street, Courtroom 9A, 9th Floor, Los Angeles, CA 90012, Defendant Internet Reputation Control, Inc. will move this Court to dismiss Plaintiff's First Amended Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The basis for this motion is that the Court does not have personal jurisdiction over Defendant and service of process was improper.

This motion is based upon the attached Memorandum of Points and Authorities, Proposed Order, the Declaration of Domingo J. Rivera, complete files and records in this action, and upon such oral and documentary evidence as may be allowed at the hearing of this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 19, 2020.

November 19, 2020                          FENTON LAW GROUP, LLP

                                           __/s/ Nicholas D. Jurkowitz_____
                                           Nicholas D. Jurkowitz
                                           Attorneys for Defendant

# Table of Contents

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

I.    Introduction and Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    A.    Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    B.    Murrey's Prior Legal Proceedings . . . . . . . . . . . . . . . . . . . . . . . . 7

II.    IRC is not subject to general personal jurisdiction in California . . . . . . 7

III.    IRC is not subject to specific personal jurisdiction in California . . . . . . 10

IV.    This Court Does Not Have Jurisdiction Over IRC Under RICO's Nationwide Service of Process Provision . . . . . . . . . . . . . . . . . . . . . . . . 13

V.    The Service of Process on IRC was Insufficient and as a result IRC has not been served . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

Declaration of Domingo J. Rivera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

1

## Table of Authorities

2

### Cases

3   *Amoco Egypt Oil Co. v. Leonis Navigation Co.*
        1 F.3d 848 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-9

4
5   *Aussekier v. Lee*
        2020 WL 3961951 (2:19-cv-00365, E.D. Cal) . . . . . . . . . . . . . . . . . . . 16

6   *Ballard v. Savage*
        65 F.3d 1495 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
7

8   *Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.*
        223 F.3d 1082 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,9,11

9   *Brayton Purcell LLP v. Recordon & Recordon*
        575 F.3d 981 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
10

11  *Burger King Corp. v. Rudzewicz*
        471 U.S. 462 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12  *Butcher's Union Local No. 498 v. SDC Investment, Inc.*
        788 F. 2d 535 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9,13,14
13

14  *Chem Lab Products, Inc. v. Stepanek*
        554 F.2d 371 (9th Cir. 1977 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

15  *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*
        784 F.2d 1392 (9th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
16

17  *Hanson v. Denckla*
        357 U.S. 235 (1958) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

18  *Helicopteros Nacionales de Colombia, S.A. v. Hall*
        466 U.S. 408 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
19

20  *Int'l Shoe Co. v. Washington*
        326 U.S. 310 (1945) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8,11

21  *Mansour v. Superior Court*
        38 Cal.App.4th 1750 (1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12
22

23  *Mavrix Photo, Inc. v. Brand Techs., Inc.*
        647 F.3d 1218 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

24  *Mihlon v. Superior Court*
        169 Cal.App.3d 703 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
25

26  *Pavlovich v. Superior Court*
        29 Cal.4th 262 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

27  *Perkins v. Benguet Consol. Mining Co.*
        342 U.S. 437 (1952) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
28

*Schwarzenegger v. Fred Martin Motor Co.*
374 F.3d 797 (9th Cir. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sher v. Johnson*
911 F.2d 1357 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Singer v. Bell*
585 F.Supp. 300 (S.D.N.Y.1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Taylor-Rush v. Multitech Corp.*
217 Cal.App.3d 103 (1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*World-Wide Volkswagen Corp. v. Woodson*
444 U.S. 286 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Youming Jin v. Ministry of State Security*
335 F. Supp.2d 72 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 13-14

**Statutes**

California Business and Professions Code
Section 17538.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-16

California Code of Civil Procedure
Section 415.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-17
Section 416.10 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. section 1965 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

47 U.S.C. section 230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

## I.  Introduction and Issues

### A.  Background

This action arises from posts made on the public forum cheaterreport.com in 2016 and 2017 about Plaintiff Stewart Murrey ("Murrey").   According to prior litigation initiated by Murrey, the posts were made by various individuals known to Murrey and who are not named in the instant case.

IRC is a Virginia-based S-Corporation registered with the Virginia State Corporation Commission and only operating in Virginia.  (Rivera Declaration, Par 18).  IRC did not operate, conduct, engage in, or carry on any business within California. IRC did not have an office or agency in California. IRC has not committed a tortious act within California or that was aimed at or caused an injury in California.  IRC was structured to primarily work as a consultant for law firms and companies and did not target California customers.  IRC never created any advertisements in third-party websites, much less any advertisements targeted to California customers.  (Rivera Declaration, Par. 20).

IRC never provided services to Murrey or made any representations to Murrey.  (See Rivera Declaration). Based on Murrey's prior judicial statements, the posts regarding were authored by a Shannyn Poer, whom IRC has never met.  (Rivera Declaration & Declararion Exhibits B and C).  IRC had no involvement with or participation in the creation of any posts related to Murrey anywhere on the Internet.

To invoke Federal jurisdiction, Murrey has filed a defamation action masqueraded as a poorly constructed RICO case.  Rather than filing an action directly against the cheaterreport.com website - which would immediately fail scrutiny under Section 230 of the CDA – Murrey filed this action against companies and law firms with which Murrey freely contracted to remove said postings and, in the case of IRC, parties that he never contracted with.

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

Although Murrey attempts to obtain personal jurisdiction under RICO, Murrey has not alleged and cannot allege that he received any threats of any kind from IRC, who has never communicated directly or indirectly nor caused others to communicate with Murrey. (See Rivera Declaration, Par. 10).   To the contrary, Murrey admits that he voluntarily and without any threats entered into contractual arrangements with some of the Defendants in order to facilitate the extra-judicial removal of the content.  (Complaint Par. 59-61). IRC did not participate in said contractual arrangements with Murrey and did not consent to adjudication of any disputes in California.

### B.    Murrey's Prior Legal Proceedings

Of interest is that Murrey originally filed this action as a defamation lawsuit without disclosing to the Court that he had already filed a separate civil lawsuit against other parties not included in these proceedings related to the same Internet posts at issue here.  (Rivera Declaration, Exhibits B & C). During the proceedings in the California State Court, Plaintiff submitted affidavits identifying the alleged authors of the posts at issue, none of which have been named Defendants in this matter.  Upon the Court's notification to Plaintiff that his Complaint did not raise a Federal Issue, Plaintiff concocted a chain of false, far-fetched, speculative, conclusory, and specious arguments of a RICO conspiracy hoping to improperly obtain personal jurisdiction over entities such as IRC, who has absolutely no ties to California and never conducted any transactions with Murrey.  IRC is not subject to general or specific jurisdiction in California.

### II.    IRC is not subject to general personal jurisdiction in California

Constitutional due process demands that courts exercise personal jurisdiction over nonresidents only where sufficient "minimum contacts" exist between the nonresident defendant and the forum state.  A sufficient relationship

7

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

between the defendant and the state must exist so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

Where a defendant's activities in a state are "'substantial' or 'continuous and systematic,' general jurisdiction may be asserted even if the cause of action is unrelated to those activities." *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986) (internal citations omitted). These contacts should "approximate physical presence." *Bancroft & Masters, Inc. v. Augusta Nat'l. Inc.*, 223 F.3d 1082 (9th Cir. 2000); *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).  Because of the high level of contacts required, courts are generally reluctant to assert general jurisdiction over foreign business entities, even when the contacts with the forum state are "extensive." *Amoco Egypt Oil Co. v. Leonis Navigation Co.*, 1 F.3d 848, 851 n.3 (9th Cir. 1993) (recognizing that the Ninth Circuit has "regularly . . . declined to find general jurisdiction even where the contacts were quite extensive"); see also *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1224 (9th Cir. 2011) (noting that at the time of publication, the Supreme Court had found general personal jurisdiction over a non-resident defendant in only one other case).

The United States Supreme Court has found that the exercise of general jurisdiction over a nonresident defendant does not always offend due process, but that such exercise demands extensive actual contacts. Thus, when a defendant corporation had an office in Ohio, kept its files in Ohio, sent business correspondence from Ohio, employed people in Ohio, maintained bank accounts in Ohio, drew and distributed checks on an Ohio bank, used an Ohio transfer

agent, and held directors' meetings in Ohio, it would be constitutional. *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 447-48 (1952). In contrast, the Supreme Court rejected an assertion of general jurisdiction when the defendant's activities in Texas consisted of negotiating an agreement in Texas, accepting checks drawn on a Texas bank, buying helicopters, equipment, and training from a Texas company, and sending personnel to Texas for training. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418-19 (1984).

Factors that courts consider in determining whether a defendant's contacts with California are "substantial, continuous and systematic" include "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license or is incorporated there." *Bancroft & Masters, Inc.*, 233 F.3d at 1086. The court also looks at whether a defendant has California offices, employees, bank accounts, property, or tax returns. See, e.g., *Amoco Egypt Oil Co. v. Leonis Nav. Co., Inc.*, 1 F.3d 848, 851 (9th Cir. 1993).  IRC has none of these contacts.

IRC has challenged jurisdiction and shifted the burden to Murrey to provide jurisdictional evidence.  See *Ballard v. Savage*, 65 F.3d 1495, 1497 (9th Cir. 1995). IRC has presented a declaration related to its lack of contacts with California; Murrey bears the burden of proving that sufficient minimum contacts exist. See *Butcher's Union Local No. 498, United Food and Commercial Workers v. SDC Inv., Inc.,* 788 F.2d 535, 538 (9th Cir. 1986). To meet this burden, mere allegations in an unverified complaint are insufficient to establish jurisdiction. Rather, Murrey must present actual evidence supporting the existence of minimum contacts sufficient to establish jurisdiction. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Chem Lab Products, Inc. v. Stepanek*, 554 F.2d 371, 372 (9th Cir. 1977) ("the mere allegations of a complaint, when contradicted by affidavits, are not enough

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

to confer personal jurisdiction over a non-resident.").

IRC does not have a physical location in California, maintain files in California, send correspondence from California, employ people in California, have bank accounts in California, draw or deposit checks drawn from a California bank, use a California transfer agent, hold meetings in California, negotiate agreements in California, buy goods or services in California, have a designated agent for service of process in California, hold licenses in California, own property in California, or file taxes in California.  (See Rivera Declaration).

Murrey has not and cannot present any evidence that supports a finding that confers general jurisdiction over IRC.  IRC does not have any contacts in California which may confer general personal jurisdiction. IRC does not have sufficient contacts with California to "approximate physical presence" in the State. Accordingly, IRC is not subject to general jurisdiction in California. IRC is not subject to specific personal jurisdiction in California

## III.    IRC is not subject to specific personal jurisdiction in California

Where a defendant's forum activities are not pervasive enough to justify the exercise of general jurisdiction, the existence of specific jurisdiction depends on the quality and nature of the defendant's individual forum activity in relation to the particular cause of action. *Hanson v. Denckla*, 357 U.S. 235, 250-53 (1958).

Specific jurisdiction may be exercised over a non-resident defendant only if: (1) the defendant purposefully directs his activities to the forum or a resident thereof; or performs some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *Brayton Purcell LLP v. Recordon & Recordon*, 575 F.3d 981, 985 (9th Cir.

2009).

Purposeful availment requires the nonresident defendant to reach out beyond the borders of its own state and create a continuing relationship with the citizen of another. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985). This requires more than that the defendant caused harm which is suffered in California, but "that the defendant committed an intentional act . . . expressly aimed at the forum state." *Bancroft & Masters, Inc.*, 223 F.3d at 1087; see also *Pavlovich v. Superior Court*, 29 Cal.4th 262, 271 (2002). To hold otherwise would permit any conduct affecting California to subject a defendant to jurisdiction in California. *Pavlovich*, 29 Cal.4th at 277.

The final requirement for specific jurisdiction is reasonableness. *Int'l Shoe Co.*, 326 U.S. at 316. For jurisdiction to be reasonable, it must comport with fair play and substantial justice. Id. Courts consider a number of factors in determining reasonableness, including: (1) the extent of defendant's purposeful interjection; (2) the relative burdens on the parties; (3) the extent of conflict with the sovereignty of defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to plaintiff's interest in convenient and efficient relief; and (7) the existence of an alternate forum. See *Burger King*, 471 U.S. at 476-77.

Murrey has not and cannot present any evidence beyond the conclusory and unsupported allegations of his Complaint, which may not be considered for purposes establishing the requisite contacts. *Mansour v. Superior Court*, 38 Cal.App.4th 1750, 1759 (1995).  IRC never offered nor provided services to Murrey and never purposefully availed itself of the privilege of conducting business in California; it is not licensed to do business in California, nor has it sought to advertise in California.   IRC never formed continuing relationships

1  with any California entity.  (See Rivera Declaration).

2      The thrust of Murrey's boilerplate allegations is that there was a

3  "conspiracy" between various companies and law firms, none of which appears

4  to be based in California, to purportedly charge him for the removal of

5  third-party statements posted in a public forum by individuals known to him.

6  Perhaps to avoid an Anti-SLAPP lawsuit and in recognition that 47 U.S.C. § 230

7  bans any actions against the website cheaterreport.com for statements posted by

8  third parties, Murrey advances this "conspiracy" theory.  Because no such

9  conspiracy existed, Murrey can't articulate the same beyond boilerplate nor can

10  he identify which acts were directed to California and by whom.  In short,

11  Murrey's improperly plead allegations are inadequate to justify the Court's

12  exercise of specific personal jurisdiction.

13      Murrey's sole jurisdictional statements are that each Defendant

14  "participated in and provided material support for a scheme to deceive Plaintiff

15  within this District and throughout California" and that "each Defendant has

16  actively participated in the conspiracy with intent to injure Plaintiff…" .

17  Murrey's boilerplate Complaint is devoid of any specific facts warranting the

18  inference that IRC was a member of any "conspiracy."  Further, Murrey's

19  "complaint is unverified and thus of no evidentiary value." *Mansour v. Superior*

20  *Court*, 46 Cal.Rptr.2d 191, 38 Cal.App.4th 1750 (Cal. App. 1995) (quoting

21  *Mihlon v. Superior Court* (1985) 169 Cal.App.3d 703, 710, 215 Cal.Rptr. 442).

22      "[T]he bland allegation of conspiracy without a prima facie showing of its

23  existence is insufficient to establish personal jurisdiction." (*Taylor-Rush v.*

24  *Multitech Corp.* (1990) 217 Cal.App.3d 103, 114.) A plaintiff "must allege

25  specific facts warranting the inference that the defendants were members of the

26  conspiracy, and come forward with some definite evidentiary facts to connect

27  the defendant with transactions occurring in [the forum state]. " (*Singer v. Bell*

28

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

1   (S.D.N.Y.1984) 585 F.Supp. 300, 303 (internal quotations omitted).

2   **IV.   This Court Does Not Have Jurisdiction Over IRC Under RICO's**
3   **Nationwide Service of Process Provision**

4        While it is evident that the non-RICO counts should be dismissed on lack
5   of personal jurisdiction grounds, Plaintiff may argue that the alleged RICO
6   Conspiracy count provides for nationwide service of process.

7        The plain language of the RICO statute, however, demands that for
8   nationwide service of process to apply it must be shown that "the ends of justice
9   require" the exercise of jurisdiction over non-resident Defendants.  18 U.S.C. §
10  1965(b). In this case, the ends of justice cannot possibly require that IRC, which
11  has no contacts with California at all and has not taken acts regarding Murrey,
12  be brought into court there.  Where a plaintiff shows no contact whatsoever by a
13  particular defendant with the forum state and make nothing more than general
14  boilerplate assertions of a "conspiracy," the ends of justice do not require a
15  finding of personal jurisdiction under RICO's nationwide service of process.
16  Indeed, they require the contrary.

17       In *Youming Jin v. Ministry of State Security*, 335 F. Supp.2d 72, 84 n.8
18  (D.D.C. 2004), the Court relied on *Butcher's Union Local No. 498 v. SDC*
19  *Investment, Inc.*, 788 F. 2d 535, 538-539 (9th Cir. 1986) the Ninth Circuit's
20  seminal case on RICO's nationwide service of process provision. The Court
21  adopted the Ninth Circuit's reasoning in weighing "the ends of justice" under
22  Section 1965(b) finding that "the court must have personal jurisdiction over at
23  least one of the participants in the alleged multidistrict conspiracy and the
24  plaintiff must show that there is no other district in which a court will have
25  personal jurisdiction over all of the alleged co-conspirators." *Youming Jin*, 335
26  F. Supp.2d at 84 n.8 (quoting *Butcher's Union Local No. 498*). The court,
27  interpreting the Ninth Circuit's approach, refused to find personal jurisdiction

28

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

stating: "the only reason to contemplate RICO jurisdiction is that the plaintiffs' conspiracy theory of jurisdiction, as pled, is unconstitutional. Under the facts of this case, however, the court does not take the 'ends of justice' to mean that when due process gets in the way of the application of one jurisdictional theory, the defendant should be haled in to court on a more lenient theory. *Id*.

Murrey has provided nothing more than a vague, general assertion as to the appropriateness of jurisdiction in this Court, and has failed to establish any basis for personal jurisdiction over IRC. This is clearly insufficient to create personal jurisdiction over a defendant with no contacts at all with the forum state. And, as stated in the *Youming Jin* decision, the RICO nationwide service of process provision should not be used as a more lenient backstop when Constitutional requirements of due process prevent the exercise of personal jurisdiction.

Allowing the suit to proceed against IRC would violate the fundamental notions of fair play and substantial justice which the Ninth Circuit has maintained are essential for preserving all individuals' right to substantive due process under the Constitution. See e.g., *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F. 2d 535, 538-539 (9th Cir. 1986). There is a perfectly acceptable legal system in Virginia, where IRC is registered, should Plaintiff choose to file suit there.

## V.  The Service of Process on IRC was Insufficient and as a result IRC has not been served

IRC is an incorporated entity which, pursuant to Section 416.10 of the California Code of Civil Procedure must be served by delivering a copy of the summons and the complaint to a designated agent for service of process or appropriate corporate officer. Here, the complaint was not served on a person designated as agent for service of process or on a corporate officer. Therefore,

IRC was not personally served.

On October 29, 2020, the Court entered a show cause order related to Murrey's failure to effect service of the Complaint (Dkt # 16).  In response, Murrey filed a Proof of Service upon IRC (Dkt. # 17).  The purported proof of service alleges that service was made upon a Parcel Plus employee.  Murrey also filed a Declaration (Dkt # 21)  However, the purported service was defective.

California Code of Civil Procedure ("C.C.P.") section 415.20 provides for "substitute service," in lieu of personal service, under certain limited circumstances, set forth in three separate subdivisions.  In the present case, Murrey relies solely on subdivision (c) of section 415.20 as the basis for service. (Dkt. # 18, asserting that IRC "was served pursuant to Cal . CCP §415.20(c), wherein an individual can be served through his or her private mailbox through a commercial mail receiving agency [CMRA] and wherein the first amended summons and complaint were left in the manner described in Business and Professions Code § 17538.5(d)…")  Murrey's proof of service states that, on October 29, 2020, "pursuant to Cal. CCP § 415.20(c) in the manner of Bus&ProfC§17538.5(d)," service was effected by leaving the first amended summons and complaint with an employee of Parcel Plus, "a private mailbox co.," located in McLean, Virginia.  (Dkt # 17.)

However, the attempted service under subdivision (c) was defective and service was not effected.  First, C.C.P. section 415.20(c) applies "if the only address reasonably known to the person to be served is a private mailbox obtained through a commercial mail receiving agency."  Murrey's affidavit (Dkt # 21) does not establish that the Parcel Plus address in McLean, Virginia was the only address "reasonably known" to him.[1]

---

[1]In addition, C.C.P. section 415.20(c) only appears to apply to CMRAs in California.  California Business and Professions ("Cal. B&P") Code section

Second, Murrey has not shown, as required by Cal. B&P Code section 17538.5(d)(1), that the CMRA owner or operator, within 48 hours of receipt of process, placed the documents in IRC's mailbox and, within five days of receipt, sent all documents by first class mail to its last known personal or home address. His declaration is silent on all of those points.  (Dkt # 21.)

Murrey has the burden of establishing that all elements of C.C.P. section 415.20(c) and B&P Code section 175385.1(d) have been met and has failed to meet that burden.  In *Aussekier v. Lee*, 2020 WL 3961951 (2:19-cv-00365, E.D. Cal., July 13, 2020), the Court held that service of process pursuant to C.C.P. section 415.20(c) was deficient, where the plaintiff's affidavits failed to establish that the CMRA was the only address reasonably known to him and where the plaintiff's affidavits also failed to establish that the documents were placed in the defendant's mailbox by the CMRA owner or operator with 48 hours of receipt.  (Id. at *2.)  In the present case, Murrey has also failed to establish that the CMRA owner or operator mailed the documents to IRC's last known personal or home address.  Accordingly, service was defective.

Because Plaintiff specifically relied on C.C.P. section 415.20(c) for service of process, Plaintiff has waived any argument that service was proper under subdivision (b) of C.C.P. section 415.20.  But even if the Court were to consider that subdivision, service was still defective.

Section 415.20(a), in relevant part, states "a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or

_____

17538.5(d)(1) requires every person receiving private mailbox receiving services "from a CMRA in this state shall be required to sign an agreement… which authorizes the CMRA owner or operator to act as agent for service of process for and on behalf of any of their mail receiving service customers." (italics added.)  Here, however, service was attempted at a CMRA in Virginia, which has no such requirement that IRC authorize the CMRA owner to act as agent for service of process, thereby invalidating the validity of such service.

her office or, if no physical address is known, at his or her usual mailing address, other than a United States Postal Service post office box, with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. When service is effected by leaving a copy of the summons and complaint at a mailing address, it shall be left with a person at least 18 years of age, who shall be informed of the contents thereof. Service of a summons in this manner is deemed complete on the 10th day after the mailing." Section 415.20(a) (emphasis added). Murrey has also failed to effect substitute service.

Murrey's Declaration (Dkt. # 21) reflects a purported date of mailing by Murrey to a Virginia address on September 4, 2020, almost two months prior to the purported October 29, 2020 service. Based on these filings, Murrey incorrectly alleges that service has been completed.

Based on the plain language of the statute, Murrrey's claim fails. The statute imposes the requirement that the mailing occur after the delivery of the process of service. This requirement is essential to the substitute service requirement, to the extent that the statute prescribed that "service of a summons in this manner is deemed complete on the 10th day after the mailing order." It is unclear whether, by performing the mailing significantly in advance, Murrey's intention was to attempt to defeat the ten-day rule or to attempt to backdate service. What is clear is that under the plain language of the statute, IRC has not been served and Murrey has not shown cause for such failure, in contravention of the Court's Order to Show Cause.

Murrey has filed additional affidavits urging the Court to accept service under the rationale that IRC was aware of these proceedings. See, e.g., Docket No. 25. However, actual notice is insufficient to demonstrate proper service.

17

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

"Personal jurisdiction requires compliance with the statutory requirements for service of process, and the defendant's knowledge of a proceeding does not in itself confer jurisdiction." 199 Cal.App.4th 387.  As such, Murrey's claim of actual knowledge is irrelevant and does not cure Murrey's failure to show cause for his failure to serve the Complaint.  More importantly, IRC has not been served as required by the Court and the service of process statutes and the Court does not have personal jurisdiction over IRC.

## VI.    CONCLUSION

    For the reasons and arguments presented herein, IRC respectfully requests the Court to dismiss Murrey's Complaint for lack of personal jurisdiction and for insufficient service of process and for any further remedies as the Court may deem appropriate.

Dated: November 19, 2020                    FENTON LAW GROUP, LLP


                                            __/s/_Nicholas D. Jurkowitz____
                                            Nicholas D. Jurkowitz
                                            Attorneys for Defendant

## DECLARATION OF DOMINGO J. RIVERA

I, Domingo J. Rivera, being first duly sworn, affirm and state under penalty of perjury the following:

1.      My name is Domingo J. Rivera.  This affidavit is based upon my personal knowledge.

2.      I am over the age of eighteen and a resident of the Commonwealth of Virginia.  I do not have any property, business, professional, or personal interests in California.

3.      I am an attorney admitted to practice law in Virginia.  I am also the director of Domingo J Rivera, Attorney at Law, PLC ("Rivera PLC").  Rivera PLC is a Virginia law firm based in Richmond, Virginia.  Rivera PLC was registered as a law firm with the Virginia State Corporation Commission and with the Virginia Supreme Court and operated solely in Virginia.  Until on or about 2015, Rivera PLC employed two attorneys, both of whom were only admitted to practice law in Virginia and only practiced law in Virginia.

4.      Rivera PLC and its agents and employees served mostly Virginia clients.  In the event that a client located outside of Virginia contracted with Rivera PLC, the client was required to sign a written representation agreement indicating that all services were provided pursuant to Virginia law and designating Henrico County, Virginia as the exclusive venue for any legal disputes.  At all relevant times, I did not have any clients outside of my capacity as attorney for Rivera PLC.

5.      Rivera PLC stopped accepting new clients approximately in 2015 as a result of my accepting in-house counsel employment with a private corporation.  Since that time, Rivera PLC has finalized cases for existing clients as well as limited engagements as registered agent for legal notice, also for former clients.  During the time Rivera PLC operated, I only practiced law for

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

Rivera PLC and did not practice law for any other entities.

6.      As a law firm authorized to practice law solely in Virginia, Rivera PLC did not operate, conduct, engage in, or carry on any business within California. Rivera PLC did not have an office or agency in California. Rivera PLC has not committed a tortious act within California or that was aimed at or caused an injury in California.

7.      Rivera PLC, its agents and representatives, including Rivera, have never contacted Plaintiff nor requested or encourage anyone else to contact Plaintiff.

8.      Rivera PLC does not have any special business relationships with California.

9.      Rivera PLC does not employ anyone who works or resides in California.

10.     Rivera PLC has not knowingly had a business relationship with Plaintiff or been hired by Plaintiff.  Rivera PLC has never communicated with Plaintiff nor has asked or even suggested for anyone to communicate with Plaintiff.  Rivera PLC never consulted with Plaintiff and I have never communicated in any manner with Plaintiff.

11.     Rivera PLC never knowingly requested or accepted any money from Plaintiff and never suggested or encouraged anyone else to do so.

12.     Rivera PLC's operations were exclusive to the practice of law from its Virginia office, including preparing demand letters, legal negotiations, consulting with other firms, and litigation.

13.     Rivera PLC did not direct, participate, or create any posts regarding Plaintiff.

14.     I am solely authorized to practice law in Virginia.  I do not conduct, engage in, or carry on any business within California.  I do not have an office or

agency in California.

15.    In my personal capacity, I have never contacted Plaintiff nor have I asked anyone else to do so.

16.    I do not own or operate nor represent any businesses in California.

17.    As registered agent for Domingo J Rivera, Attorney at Law, I followed all corporate formation and registration formalities.  The law firm did not conduct any of its business in California.

18.    I am a member of Internet Reputation Control, Inc ("IRC"), a Virginia-based S-Corporation registered with the Virginia State Corporation Commission and only operating in Virginia.

19.    As a result of my prior experience as an attorney handling Internet defamation matters, at times I was employed under IRC to assist attorneys and public relations firms in consulting related to issues for clients who had negative online posts, including investigation, negotiations, and litigations.

20.    IRC did not operate, conduct, engage in, or carry on any business within California. IRC did not have an office or agency in California. IRC has not committed a tortious act within California or that was aimed at or caused an injury in California.  IRC was structured to primarily work as a consultant for law firms and companies and did not target California customers.  IRC never created any advertisements in third-party websites, much less any advertisements targeted to California customers.

21.    IRC never contacted Plaintiff, never asked Plaintiff for money, and never requested or caused anyone to contact Plaintiff.   IRC never entered into any transactions with Plaintiff.

22.    IRC does not own or operate any offices in California.

23.    IRC does not have any special business relationships with California.

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION
AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA

24.     IRC does not employ anyone who works or resides in California.

25.     IRC has not had a business relationship with Plaintiff or been hired by Plaintiff.  IRC has never communicated with Plaintiff nor has asked or suggested for anyone to communicate with Plaintiff.

26.     IRC did not direct, participate, or create any posts regarding Plaintiff.  IRC nor any of its agents knew Plaintiff or Shannyn Poer or any other individuals which Plaintiff has identified as the creators of the posts about him on cheaterreport.com during prior legal proceedings initiated by Plaintiff.

27.     As registered agent for IRC, I have personal knowledge that all formation and registration formalities were followed.  IRC did not conduct its business in California, did not target or solicit any California customers and never had any business dealings with Plaintiff.

28.     Rivera PLC, as a law firm, was a registered agent and corporate contact for PRVT, LLC.  All formalities were followed in forming this entity.

29.     PRVT LLC does not operate nor does it conduct any business in California.  Additionally, PRVT LLC operated as a private/proxy domain registration company to protect the privacy and identity of domain name owners.  Based on my knowledge and experience, Exhibit A generally describes the basics of private domain registration.  PRVT LLC, as a proxy registration entity, does not own the website cheaterreport.com or any of the other websites that were registered through its service and does not control the contents of the website, a public forum.

30.     PRVT was formed on December 17, 2017.  The posts on cheaterreport.com about Plaintiff were allegedly made between December 2016 and October 2017.  At that time PRVT LLC did not manage the cheaterreport.com proxy registration since PRVT LLC did not even exist at the time.

31.    Upon information and belief, based on Plaintiff's own sworn admissions, Plaintiff has claimed that the posts in question were authored by a Shannyn Poer. See Exhibit B.  Plaintiff has filed affidavits regarding the authorship of the subject posts on cheaterreport.com.  See Exhibit C.

32.    Based on the personal nature of the content, it is evident that the posts about Plaintiff were made by someone with personal knowledge of Plaintiff.  Rivera PLC, IRC, PRVT, any of its agents or employees did not know Plaintiff nor knew anything about Plaintiff's personal life.

33.    Rivera PLC, IRC, PRVT, any of its agents or employees and myself have never communicated with Shannyn Poer and never conspired with anyone to take any actions related to Plaintiff.

I, Domingo J. Rivera declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.  Executed on November 19, 2020.


___/s/_Domingo J. Rivera___

Domingo J. Rivera

DEFENDANT INTERNET REPUTATION CONTROL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS (FRCP 12(b)(2)); DECLARATION OF DOMINGO J. RIVERA