FENTON LAW GROUP, LLP
Nicholas D. Jurkowitz (SBN 261283)
njurkowitz@fentonlawgroup.com
1990 S. Bundy Drive # 777
Los Angeles, CA 90025
Phone 310-444-5244
Fax 310-444-5280

Attorneys for Specially Appearing Defendants Domingo J. Rivera;
Domingo J. Rivera, Attorney at Law, PLC; Internet Reputation Control, Inc.;
and PRVT LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

STEWART LUCAS MURREY,

   Plaintiff,

  v.

AARON MINC, et al.,

   Defendants.
_____

CASE NO. 2:20-cv-06217-PA

Hon. Percy Anderson

SPECIALLY APPEARING
DEFENDANTS DOMINGO J RIVERA,
DOMINGO J RIVERA, ATTORNEY AT
LAW PLC, INTERNET REPUTATION
CONTROL, INC., AND PRVT LLC'S
REPLY IN RESPONSE TO
OPPOSITION TO MOTION TO
DISMISS; SECOND DECLARATION
OF DOMINGO J. RIVERA

Hearing Date: December 21, 2020
Hearing Time: 1:30 p.m.
Courtroom:  10A

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET
REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION
TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

**Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Memorandum of Points and Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.    Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    A.    Murrey Has Not Met His Burden of Proof Regarding Personal
Jurisdiction Over Any Of The Defendants . . . . . . . . . . . . . . . . . . 4

    B.    Murrey Has Not Met His Burden To Show That the Court has
Jurisdiction over Rivera . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    C.    Murrey Has Not Met His Burden To Show That the Court has
Jurisdiction over Rivera PLC . . . . . . . . . . . . . . . . . . . . . . . . . . 10

    D.    Murrey Has Not Met His Burden To Show That the Court has
Jurisdiction over IRC . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    E.    Murrey Has Not Met His Burden To Show That the Court has
Jurisdiction over PRVT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

    F.    The Service of Process Was Insufficient . . . . . . . . . . . . . . . . . . . 11

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Second Declaration of Domingo J. Rivera . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET
REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION
TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

# Table of Authorities

## Cases

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*
    551 F.2d 784, 787 (9th Cir.1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Cybersell, Inc. v. Cybersell, Inc.*
    130 F.3d 414 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Daimler AG v. Bauman*
    571 U.S. 117, 134 S. Ct. 746, 187 L.Ed.2d 624 (2014) . . . . . . . . . . . . . 6

*Giles v. Custom Creative Plastics*
    2d Civil No. B196756 (Cal. App. 12/19/2007) . . . . . . . . . . . . . . . . . . . . 8

*J. McIntyre Mach., Ltd. v. Nicastro*
    564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011) . . . . . . . . . . . 6

*Johnson v. Arden*
    614 F.3d 785 (8th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Learjet, Inc. v. Oneok, Inc.*
    715 F.3d 716 (9th Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mavrix Photo Inc. v. Brand Technologies Inc.*
    647 F.3d 1218, 99 U.S.P.Q.2d 1562 (9th Cir. 2011) . . . . . . . . . . . . . . . 6

*Pebble Beach Co. v. Caddy*
    453 F.3d 1151 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

*Schwarzenegger v. Fred Martin Motor Co.*
    374 F.3d 797 (9th Cir.2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Shane v. Greyhound Lines, Inc.*
    868 F.2d 1057 (9th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Shisler v. Sanfer Sports Cars, Inc.*
    146 Cal.App.4th 1254, 53 Cal.Rptr.3d 335 (Cal. App. 2006) . . . . . . . . 7

*Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*
    594 F.2d 730 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## Argument

**A.    Murrey Has Not Met His Burden of Proof Regarding Personal Jurisdiction Over Any Of The Defendants**

This action arises from posts made on the public forum cheaterreport.com in 2016 and 2017 about Murrey by individuals who are not party to this case and with whom Murrey had obviously contentious relationships. (Dkt #30, Exhibits). Murrey initiated litigation against the individuals whom he claimed made the posts but all indications are that Murrey did not obtain a Court order to effect the judicial removal of the cheaterreport.com posts[1].  Instead, Murrey contracted with various parties to obtain extra-judicial removal of said posts. Rivera, Rivera PLC, IRC, and PRVT were not parties to these agreements and did not solicit, direct, conspire with, or encourage anyone to contract with Murrey or any other California residents.  (Dkt #30). The issue before the court is whether the exercise of jurisdiction in California over Rivera, Rivera PLC, IRC, or PRVT, parties with no ties whatsoever with California, is reasonable under these circumstances.  As argued in Dkt #s26-30, it is not..

The allegations of Murrey's Complaint cannot be assumed to be true when contradicted by an affidavit.  *Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*, 551 F.2d 784, 787 (9th Cir.1977) ("[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit").  Here, the uncontroverted affidavits (Dkt #30) have established that Rivera, Rivera PLC, IRC, and PRVT did not: operate, conduct, engage in, or carry on any business within California; committed a tortious act within California or that was aimed at or caused an

---

[1]Although Murrey claims that these individuals signed affidavits stating that they did not make any posts about Murrey, the 2019 affidavits (Dkt # 40, Exhibit 8) state that they are not responsible for any "current postings" and were executed after the posts about Murrey had apparently been removed.

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

injury in California; created any advertisements in third-party websites or any advertisements targeted to California customers; entered into any transactions with Murrey; own or operate any offices in California; have any special business relationships with California; employ anyone who worked or resided in California; had a business relationship with Murrey; directed, participated, or created any posts regarding Murrey. Murrey has provided no evidence to contradict these facts.

Murrey's opposition and its supporting affidavit contains inadmissible hearsay and conclusory and speculative statements of fact. See *Shane v. Greyhound Lines, Inc.*, 868 F.2d 1057, 1061 (9th Cir. 1989) (conclusory allegations in affidavit not based on fact); *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 738 (9th Cir. 1979) (conclusory and speculative statements in affidavit not based on personal knowledge). Murrey accuses all the other parties of perjury and criminal acts merely because he says so, without providing any evidence to support these specious accusations. These incredible accusations are not personal knowledge; they are merely Murrey's opinions. Murrey's name calling, alleged actions by non-parties and the police, his own past litigation history, the CIA, Jeffrey Eipstein, and other similar irrelevant topics are outrageous and immaterial to the Court's inquiry into personal jurisdiction[2].

The Ninth Circuit employs the following three-part test to analyze whether a party's "minimum contacts" meet the Supreme Court's directive. This

---

[2]Additionally, Murrey's exhibits are littered with irrelevant information aimed at causing confusion and as such are objected to. See, e.g., Dkt#40-2, p 18 depicting a post about a "Danielle Woburn" on the website "reportcheatingonline.com"; See also, Dkt# 40-4 depicting content from a website titled deadbeatsexposed.com.

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

"minimum contacts" test is satisfied when, (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006).

The legal authorities cited by Murrey do not support and actually contradict Murrey's personal jurisdiction claims. For example, Murrey cites *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 131 S. Ct. 2780, 180 L. Ed. 2d 765 (2011), a personal injury and product liability case where the United States Supreme Court, rejecting the "stream of commerce" theory, reversed the New Jersey Supreme Court's finding of personal jurisdiction over the defendant.

Murrey further cites *Daimler AG v. Bauman*, 571 U.S. 117, 134 S. Ct. 746, 187 L.Ed.2d 624 (2014), a case filed under the Alien Tort Statute and the Torture Victim Protection Act of 1991. In *Daimler*, the United States Supreme Court reversed the Ninth Circuit, affirming the District Court's finding of lack of personal jurisdiction.

Murrey also cites the Ninth Circuit case of *Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716 (9th Cir. 2013), in which the evidence showed that traders specifically targeted Wisconsin to artificially inflate the price of natural gas paid by commercial entities in Wisconsin. No such facts are present in this case. Murrey has not presented any evidence to support his allegation that he was targeted in California. In fact, the affidavits show that Rivera, Rivera PLC, IRC, and PRVT and their agents did not know Murrey, never had contact with Murrey, never contracted with Murrey, and did not make any Internet posts about Murrey. (Dkt #30). Murrey has not produced a single item of evidence to support his allegations that a conspiracy targeting him in California has ever

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

existed. Perhaps, Murrey could be successful in obtaining personal jurisdiction over the individuals who made the posts about him on cheaterreport.com under certain circumstances, but that is not what Murrey is seeking here.

Similarly, *Mavrix Photo Inc. v. Brand Technologies Inc*., 647 F.3d 1218, 99 U.S.P.Q.2d 1562 (9th Cir. 2011) does not help Murrey's claims. In *Mavrix*, the Court found "salient the fact that Brand used Mavrix's copyrighted photos as part of its exploitation of the California celebrity market," in other words, the very purpose of the defendants actions was to specifically exploit the California market. The Court also explained that business relationships with California companies is not the relevant inquiry, "doing business with California," does not necessarily mean "doing business in California." Id. at 1226 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir.2004)). In the instant case, Rivera, Rivera PLC, IRC, and PRVT had no involvement in the publication of posts about Murrey, were not parties to the extra-judicial agreements with Murrey, did not advertise nor offer services to Murrey in California, and do not do business in California.

In *Pebble Beach*, the Ninth Circuit, in rejecting the exercise of personal jurisdiction over a defendant who registered a domain name containing California corporation Pebble Beach's trade name, emphasized that a defendants actions must be "*expressly aimed*" at California "*regardless of foreseeable effect*", to support the exercise of personal jurisdiction. Courts have consistently interpreted the expressly aimed test as "acts [that] are performed for the very purpose of having their consequences felt in the forum state." *See, e.g. Johnson v. Arden*, 614 F.3d 785 (8th Cir. 2010).

In *Shisler v. Sanfer Sports Cars, Inc*., 146 Cal.App.4th 1254, 53 Cal.Rptr.3d 335 (Cal. App. 2006), a California resident contracted to purchase a vehicle advertised on a Florida corporation's Internet website. The Court found

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

that personal jurisdiction over the Florida corporation was inappropriate even
when the Florida corporation knew that the plaintiff was located in California,
communicated with the plaintiff in California for purposes of completing the
sale, the vehicle was shipped to California, and the lawsuit arose from the
specific transaction with the California resident.  Here, Murrey's actions of
reaching out to various parties and contracting with them for extra-judicial
removal of posts about him can't support personal jurisdiction over Rivera,
Rivera PLC, IRC, or PRVT.  See also  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d
414 (9th Cir. 1997) (where a defendant, other than maintaining a website, did
nothing to encourage people in Arizona to access its site, and there is no
evidence that a continuous part of its business was sought or achieved in
Arizona, the exercise of personal jurisdiction was not appropriate); *Giles v.
Custom Creative Plastics*, 2d Civil No. B196756 (Cal. App. 12/19/2007) (Cal.
App. 2007) ("defendant did not directly solicit California residents or target
appellant as a customer.  Instead, appellant searched out defendant on the
Internet to negotiate the contract, therefore California had no personal
jurisdiction over defendant"). Here, Rivera, Rivera PLC, IRC, and PRVT knew
nothing about Murrey and could not have possibly anticipated being haled into a
California court as a result of Murrey's contracts with other defendants. (Dkt#
31-1, 31-2). It is highly relevant that, based on Dkt #31-1 and 31-2, the contracts
that Murrey entered into designated other forums outside of California for
resolving legal disputes.  Therefore, any expectation by Murrey that California
courts would exercise jurisdiction appears to be as unreasonable as haling parties
that did not know that these contracts even existed into litigation in California.

Murrey's sole support for his claim that Rivera, Rivera PLC, IRC, or
PRVT have business contacts with California is an allegation that only PRVT
LLC received services in California from Cloudflare, Inc.  However, Murrey

provides no evidence whatsoever that PRVT received any services in California[3].

First, Cloudflare is a Delaware Corporation, which is registered in California as a foreign corporation.  (*See Rivera Second Declaration, Exhibit A*). Second, although Cloudflare's executive offices are located in California, it publicly advertises that it delivers its services from over 200 locations. (*See Rivera Second Declaration, Exhibit A*). Murrey has not provided any evidence showing that PRVT specifically intended for any services to be rendered from California and not from any of the other almost 200 locations within the Cloudflare network.  Third, PRVT did not make payments to Cloudflare. *(See Rivera Second Declaration)*.  Fourth, even assuming, *arguendo*, that the Cloudflare documents are authentic, Cloudflare is not a web hosting company and therefore could not have hosted the actual contents of cheaterreport.com from any of its 200 locations, much less from California.  Cloudflare serves the sole purpose of providing free DNS services, namely mapping a domain name to an Internet Protocol (IP address).  As such, Murrey has not and can not provide any evidence that the contents of cheaterreport.com were hosted anywhere in California at any time, much less that California was specifically selected for any purpose.  Murrey has not provided any evidence to meet his burden of showing that PRVT purposefully availed itself of the privileges of conducting activities in California.

**B.    Murrey Has Not Met His Burden To Show That the Court has Jurisdiction over Rivera**

[3]Of note is that the document cited by Murrey appears to be portions of a response to a purported subpoena in 2019, roughly a year prior to the initial filing of this matter.  Murrey does not provide the background necessary to establish the completeness or authenticity of this document or how Murrey came into possession of the same, as the instant case had not even been filed.  As such, this document is objected to.

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

1        According to Murrey, Rivera set up Rivera PLC, which was set up in

2    2007, in order to "open up" an "anonymous" entity (although its incorporation

3    records are available on the public Internet) more than 10 years later. (Dkt#40, p.

4    4). This theory is absurd. During those ten years, Rivera developed a successful

5    law practice that handled a significant volume of litigation, obtained 3 Master's

6    Degrees, pursued a PhD in Engineering, appeared as an expert witness in many

7    Court cases, obtained employment with the Department of Defense, one of the

8    largest banks in the United States, and become the Senior Cybersecurity counsel

9    of a large publicly traded corporation. *(See Rivera Second Declaration)*. Murrey

10   attempts to minimize these achievements to advance his far fetched theory of the

11   case. According to Murrey's theory, all of Rivera's achievements were to set up

12   a scenario where someone would make website posts about Murrey, a California

13   resident that Rivera had never heard of, and that Murrey would pursue extra

14   judicial removal of these posts through a "conspiracy". This claim is as

15   unprovable as it is absurd. Further, Rivera was not a party to nor was privy to

16   the terms of Murrey's agreements with Reputation Resolutions or Minc. Murrey

17   has not provided evidence to support his claims, much less that any actions were

18   specifically taken to target California.

19        **C.    Murrey Has Not Met His Burden To Show That the Court has**

20             **Jurisdiction over Rivera PLC**

21        Murrey's sole evidence to support that Rivera PLC participated in his

22   claimed conspiracy targeting California is that Rivera PLC was designated as the

23   authorized entity to take corporate registration efforts on behalf of PRVT.

24   Rivera PLC did not participate in any removals from cheaterreport.com. *(See*

25   *Rivera Second Declaration)*. Murrey's claim that being an authorized agent for

26   registering a company outside of California demonstrates that Rivera PLC

27   availed itself of the privileges of conducting activities in California is obviously

28

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET
REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION
TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

without merit.

**D.    Murrey Has Not Met His Burden To Show That the Court has Jurisdiction over Internet Reputation Control**

Murrey's sole evidence to support his claim that IRC is part of a conspiracy to harm him in California is an email where defendant Aaron Minc told him that his law firm selected IRC as a subcontractor to partially fulfill his contractual obligations with Murrey.  Murrey's claim that this act demonstrates that IRC availed itself of the privileges of conducting activities in California is also without merit.

**E.    Murrey Has Not Met His Burden To Show That the Court has Jurisdiction over PRVT LLC**

As discussed above, Murrey's sole evidence to support his claim that PRVT is subject to personal jurisdiction in California is that PRVT facilitated the registration of a domain name through the use of a free DNS service from a Delaware corporation with servers in over 200 locations, the large majority of which are outside of California.  As previously presented, PRVT was not registered until 2017 and did not even exist at the time the posts about Murrey and the alleged conspiracy resulting in their removal arose. (Dkt #30). Murrey's claim that PRVT availed itself of the privileges of conducting activities in California is also mertiless.

**F.    The Service of Process was Insufficient**

In order to excuse his failure to effect proper service, Murrey implies that the defendants were notified of the lawsuit via email.  As discussed in Dkt#s 26-30, this is not proper service.  Although Murrey offers his conclusory opinion that a CMRA placed his purported service documents in Rivera's mailbox, he offers no evidence to back up his claim, as California law is inapplicable to a mail provider in Virginia.

11

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

Murrey also attempts to cure this deficiency by claiming that some unidentified process servers were somehow afraid of Rivera's "shady ties to intelligence" (Dkt. #40, p. 20) but offers no evidence of this sensationally absurd claim.   Further, Murrey claims that he offered dates to meet and confer regarding the motions, including the issue of service.  Not surprisingly, Murrey has not disclosed to the Court that he responded to the request to meet and confer with available dates that fell during the Thanksgiving holiday weekend and that he failed to reply to Rivera's response email.  (*See Second Rivera Declaration*). It appears that Murrey ignored the request to confer, perhaps with intention to file a request for a default judgment.  Regardless of Murrey's intent, service was insufficient and the alleged correspondence purporting service via email by Murrey and Mr. Peatale does not cure Murrey's failure to effect proper service in contravention of the Court's Order to Show Cause.

## CONCLUSION

For the reasons and arguments presented herein, Domingo J. Rivera, Domingo J Rivera, Attorney At Law, PLC, Internet Reputation Control, Inc., and PRVT LLC respectfully request the Court to dismiss Murrey's Complaint for lack of personal jurisdiction and for insufficient service of process and for any further remedies as the Court may deem appropriate.

Dated: December 9, 2020                               FENTON LAW GROUP, LLP


__/s/_Nicholas D. Jurkowitz____
Nicholas D. Jurkowitz
Attorneys for Defendant

## SECOND DECLARATION OF DOMINGO J. RIVERA

I, Domingo J. Rivera, being first duly sworn, affirm and state under penalty of perjury the following:

1.     My name is Domingo J. Rivera.  This affidavit is based upon my personal knowledge.

2.     I started the law firm Domingo J. Rivera, Attorney At Law, PLC in September of 2007 as a duly registered Virginia law firm.  Until on or about 2015, Rivera PLC handled a large volume of retained and court-appointed State and Federal civil and criminal litigation. Rivera PLC appeared in various forums, including the Virginia Circuit Courts, the Virginia Supreme Court, the United States District Court for the Eastern and Western Districts of Virginia, as well as Federal District Courts in other States, such as Arkansas, Texas, and Florida.  I am also admitted to practice law before the United States Patent and Trademark Office (PTO). I am currently employed as Senior Cyber Security Counsel for a large U.K.-based publicly traded technology company registered as a Delaware LLC.

3.     Rivera PLC was not set up to facilitate paid removals from any website, rarely negotiated paid removals from any websites, and was never retained to effect any paid removals from cheaterreport.com.

4.     In addition to the practice of law, I have been qualified and admitted by various Courts as an expert witness in the fields of computer forensics and cyber security in over 26 civil and criminal cases and a large number of consulting engagements.  In addition to my Juris Doctor degree, I have a Bachelor's Degree in Computer Engineering, a Master of Science in Information Technology, a Master of Business Administration, a Master of Law (Ll.M.) in Business Transactions, and am currently pursuing a PhD in Engineering.  I spent

approximately 7 years as an Active Duty Officer in the United States Navy and also formerly was a Federal civilian employee working as a Information Security Specialist for the United States Marine Corps Network Operations and Security Center, and for many years held a Top Secret/SCI Security Clearance. I was also formerly employed as an Information Security Consultant at one of the largest banks in the United States.

5.    I have received extensive cyber security training from various institutions, including the DOD's Defense Cyber Investigations Training Academy and the SANS Institute, where I am qualified as an instructor. I hold several industry cyber security certifications, such as Certified Information Systems Security Professional (CISSP), Certified Ethical Hacker (CEH), Certified Network Penetration Tester (GPEN), Certified Incident Handler (GCIH), and Certified Forensic Examiner (GCFE).

6.    As a result of my experience and qualifications, I have been interviewed by various news organizations, including the Richmond, Virginia local station NBC 12. One of these interviews was intended to educate the Richmond, Virginia local audience about the dangers of ransomware. Contrary to Murrey's assertions (Dkt. #40), I did not advocate in favor of ransomware or any other scams. The NBC 12 On Your Side interview speaks for itself and could be accessed at:https://www.youtube.com/watch?v=RtcyOigKQYg.

7.    Cloudflare, Inc is a Delaware Corporation, as such it registered in California as a foreign corporation. See Exhibit A, containing a true and accurate copy of documents retrieved from the California Secretary of State's official website. Although Cloudflare has its principal executive office in California, according to Cloudflare's own publicly available information, the Cloudflare network operates through data centers located in over 200 different cities. See Exhibit B, a true and accurate copy of Cloudflare's network map,

14

1   obtained from and publicly available at https://www.cloudflare.com/network/.

2       8.      I do not have sufficient information or knowledge to evaluate the

3   authenticity and/or completeness of a purported subpoena response from

4   Cloudflare (Dkt #40, Exhibit 3) as the provided documents appear incomplete.

5   Additionally, the document does not contain any background data to ascertain

6   how it was obtained, for what purpose it was prepared, or whether it has been

7   altered.  However, after reasonable inquiry, PRVT LLC does not have records of

8   making any payments to Cloudflare, which is consistent with the notation "BF"

9   (Dkt #40-1), which appears to mean "Basic Free".

10      9.      Cloudflare provides free DNS (domain to IP address resolution)

11  services but the actual content of the underlying website is not hosted by

12  Cloudflare), see e.g.

13  https://support.cloudflare.com/hc/en-us/articles/360017421192-Cloudflare-DNS-

14  FAQ#CloudflareDNSFAQ-IsCloudflareafreeDNSdomainnameserverprovider.

15  Neither Cloudflare nor PRVT control the contents of registered websites, such as

16  cheaterreport.com.

17      10.     Prior to this litigation, Rivera PLC, IRC, PRVT, and myself were

18  not privy to the details of the agreements between Reputation Resolutions or

19  Aaron Minc with Murrey.  (Dkt #31-1 and 31-2)  Prior to this litigation, I had

20  not seen these agreements nor had I nor any agents of Rivera PLC, IRC, or

21  PRVT obtained any knowledge of their terms.   Rivera PLC, PRVT, nor myself

22  in my personal capacity never performed any work related to the Murrey

23  agreements.

24      11.     After reviewing Murrey's communications with other parties (See,

25  e.g., Dkt #25, p.7), it became apparent that Murrey intended to seek default

26  judgments.  Following discussions with my legal counsel regarding the

27  deficiencies of Murrey's purported process of service, we made the decision to

28

---

15

DEFENDANTS DOMINGO J RIVERA, DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, INTERNET
REPUTATION CONTROL, INC, AND PRVT LLC'S REPLY IN RESPONSE TO OPPOSITION TO MOTION
TO DISMISS; SECOND DECLARATION OF DOMINGO J. RIVERA

file Motions to Dismiss in abundance of caution.  I promptly emailed Murrey to meet and confer regarding these motions and requesting to have a call with Murrey.  On the same day, I received an email from Murrey proposing meet and confer dates that were over a week away and fell during the Thanksgiving Holiday weekend.  See Exhibit C.  I responded to Murrey's email but never, to this date, received a reply from Murrey. See Exhibit D.  Given that Murrey was requesting dates over a week away, during a Holiday weekend, and far after the time when Murrey alleged the Motions were due and in consideration of Murrey's intimation of filing requests for defaults, we made the decision to file the Motions to Dismiss (Dkt #s 26-30).

I, Domingo J. Rivera declare under penalty of perjury under the Laws of the United States that the foregoing is true and correct.  Executed on December 9, 2020.

___/s/_Domingo J. Rivera___

Domingo J. Rivera

RIVERA SECOND DECLARATION

EXHIBIT A

# STATEMENT AND DESIGNATION
# BY FOREIGN CORPORATION

**✓ FILED** DR
In the office of the Secretary of State
of the State of California

**FEB 1 2 2010**

CloudFlare, Inc.
_____
(Name of Corporation)

_____ , a corporation organized and existing under the

laws of _____ Delaware _____ ,makes the following statements and designation:
(State or Place of Incorporation)

1.  The address of its principal executive office is  542 Emerson Street, Palo Alto, CA 94301
_____.

2.  The address of its principal office in the State of California is  542 Emerson Street

Palo Alto, CA 94301 _____.

## DESIGNATION OF AGENT FOR SERVICE OF PROCESS IN THE STATE OF CALIFORNIA
(Complete either Item 3 or Item 4.)

3.  (Use this paragraph if the process **agent is a natural person.**)

Samuel Coates _____ ,a natural person residing in the State of

California, whose complete address is  Five Palo Square, 3000 El Camino Real

Palo Alto, CA 94306 _____ , is designated as agent upon whom process directed to
this corporation may be served within the State of California, in the manner provided by law.

4.  (Use this paragraph if the process **agent is a corporation.**)

_____ , a corporation organized and existing

under the laws of _____ , is designated as agent upon whom process directed
to this corporation may be served within the State  of California, in the manner provided by law.

**NOTE:  Corporate agents must have complied with California Corporations Code Section 1505 prior to designation.**

5.  It irrevocably consents to service of process directed to it upon the agent designated above, and to service of process on the Secretary of State of the State of California if the agent so designated or the agent's successor is no longer authorized to act or cannot be found at the address given.

_____
(Signature of Corporate Officer)

Matthew Prince, CEO
_____
(Typed Name and Title of Officer Signing)

Secretary of State Form
S&DC-STOCK/NONPROFIT (REV 03/2005)

# *Delaware*

*PAGE  1*

## *The First State*

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF
DELAWARE, DO HEREBY CERTIFY "CLOUDFLARE, INC." IS DULY
INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN
GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE
RECORDS OF THIS OFFICE SHOW, AS OF THE ELEVENTH DAY OF FEBRUARY,
A.D. 2010.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "CLOUDFLARE,
INC." WAS INCORPORATED ON THE SEVENTEENTH DAY OF JULY, A.D.
2009.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES
HAVE NOT BEEN ASSESSED TO DATE.

Jeffrey W. Bullock, Secretary of State

*4710875   8300*

*100130901*

*You may verify this certificate online
at corp.delaware.gov/authver.shtml*

*AUTHENTICATION:  7806818*

*DATE:  02-11-10*

# RIVERA SECOND DECLARATION EXHIBIT B



# The Cloudflare Global Anycast Network

The Cloudflare network spans over 200 cities in more than 100 countries. View system status ›



The larger the network, the better performance and security we can deliver to our customers.

Each location improves the performance, security and reliability of millions of Internet properties, as we expand our surface area to fight growing attacks and serve web requests even closer to the Internet user.

Read about the latest network news >



Atlanta, US

Boston, US

Buffalo, US

Calgary, CA

Charlotte, US

Chicago, US

Columbus, US

Dallas, US

Denver, US

Detroit, US

Honolulu, US

Houston, US

Indianapolis, US

Jacksonville, US

Kansas City, US

Las Vegas, US

Los Angeles, US

Mcallen, US

Memphis, US

Miami, US

Minneapolis, US

Montgomery, US

Montréal, CA

Nashville, US

Newark, US

Norfolk, US

Omaha, US

Ottawa, CA

Philadelphia, US

Phoenix, US

Pittsburgh, US

Portland, US

Richmond, US

Data Center Map | CDN PoP Locations | Cloudflare



San Diego, US

San Jose, US

Saskatoon, CA

Seattle, US

St. Louis, US

Tallahassee, US

Tampa, US

Toronto, CA

Vancouver, CA

Winnipeg, CA

## Latin America & the Caribbean

Arica, CL

Asuncion, PY

Bogota, CO

Buenos Aires, AR

Cordoba, AR

Curitiba, BR

Fortaleza, BR

Guatemala City, GT

Lima, PE

Medellín, CO

Mexico City, MX

Neuquen, AR

Panama City, PA

Paramaribo, SR

Port-Au-Prince, HT

Porto Alegre, BR

Queretaro, MX

Quito, EC



Valparaíso, CL

Willemstad, CW

## Oceania

Adelaide, AU

Auckland, NZ

Brisbane, AU

Melbourne, AU

Noumea, NC

Perth, AU

Sydney, AU

## Middle East

Amman, JO

Baghdad, IQ

Baku, AZ

Beirut, LB

Doha, QA

Dubai, AE

Kuwait City, KW

Manama, BH

Muscat, OM

Ramallah

Riyadh, SA

Tel Aviv, IL

## Europe



| | |
|---|---|
| Belgrade, RS | Milan, IT |
| Berlin, DE | Moscow, RU |
| Brussels, BE | Munich, DE |
| Bucharest, RO | Nicosia, CY |
| Budapest, HU | Oslo, NO |
| Chișinău, MD | Paris, FR |
| Copenhagen, DK | Prague, CZ |
| Cork, IE | Reykjavík, IS |
| Dublin, IE | Riga, LV |
| Düsseldorf, DE | Rome, IT |
| Edinburgh, GB | Sofia, BG |
| Frankfurt, DE | St. Petersburg, RU |
| Geneva, CH | Stockholm, SE |
| Gothenburg, SE | Tallinn, EE |
| Hamburg, DE | Thessaloniki, GR |
| Helsinki, FI | Vienna, AT |
| Istanbul, TR | Vilnius, LT |
| Kyiv, UA | Warsaw, PL |
| Lisbon, PT | Zagreb, HR |
| London, GB | Zürich, CH |
| Luxembourg City, LU | |

## Africa

Antananarivo, MG

Cape Town, ZA

Casablanca, MA

Dakar, SN

Dar Es Salaam, TZ

Djibouti, DJ

Durban, ZA

Johannesburg, ZA



Maputo, MZ

Mombasa, KE

Monrovia, LR

Port Louis, MU

Reunion, FR

## Asia

| | |
|---|---|
| Bandar Seri Begawan, BN | Kuala Lumpur, MY |
| Bangkok, TH | Lahore, PK |
| Bengaluru, IN | Macau |
| Cebu City, PH | Male, MV |
| Chennai, IN | Manila, PH |
| Chittagong, BD | Mumbai, IN |
| Colombo, LK | Nagpur, IN |
| Dhaka, BD | New Delhi, IN |
| Hanoi, VN | Osaka, JP |
| Ho Chi Minh City, VN | Phnom Penh, KH |
| Hong Kong | Seoul, KR |
| Hyderabad, IN | Singapore, SG |
| Islamabad, PK | Taipei |
| Jakarta, ID | Thimphu, BT |
| Johor Bahru, MY | Tokyo, JP |
| Karachi, PK | Ulaanbaatar, MN |
| Kathmandu, NP | Vientiane, LA |
| Kolkata, IN | Yerevan, AM |

## Mainland China

| | |
|---|---|
| Chongqing, CN | Suzhou, CN |
| Dongguan, CN | Tianjin, CN |



| | |
|---|---|
| Ningbo, CN | Xian, CN |
| Shanghai, CN | Zhengzhou, CN |
| Shenyang, CN | Zhuzhou, CN |
| Shijiazhuang, CN | |

Sales

Contact Sales:

+1 (888) 99 FLARE

Getting Started

Community

Developers

Support

Company

    

© 2020 Cloudflare, Inc.

Privacy Policy | Terms of Use | Disclosure | Trust & Safety | Cookie Preferences | Trademark

# RIVERA SECOND DECLARATION

# EXHIBIT C

 Gmail                                                    **Domingo Rivera <djr@icyberlaw.com>**

---

# Motion to Dismiss - Meet and Confer

**Lucas Murrey** <drlucasmurrey@gmail.com>                        Thu, Nov 19, 2020 at 4:30 PM
To: Domingo Rivera <djr@icyberlaw.com>
Cc: Lucas <2@lucasmurrey.io>, Dennis Lee <dlee@fentonlawgroup.com>

Mr. Domingo,
thank you for your email. I understand your intentions and I am available for a telephonic conference on the 27th, 28th
and 29th of this month (mostly next week). Because a few of those dates fall on a weekend, if you would like to schedule
said conference after the 29th, please let me know. As of now, I am unaware of any reason why a motion to dismiss my
action would be reasonable.
[Quoted text hidden]
--
Dr. Lucas Murrey
Ph.D Yale University
Author of Hölderlin's Dionysiac Poetry and Nietzsche: The Meaning of Earth
https://lucasmurrey.io
(310) 994-1711
2@lucasmurrey.io

# RIVERA SECOND DECLARATION EXHIBIT D

# Gmail

Domingo Rivera <djr@icyberlaw.com>

---

## Motion to Dismiss - Meet and Confer

**Domingo Rivera** <djr@icyberlaw.com>                              Fri, Nov 20, 2020 at 2:01 PM
To: Lucas Murrey <drlucasmurrey@gmail.com>
Cc: Lucas <2@lucasmurrey.io>, Dennis Lee <dlee@fentonlawgroup.com>

Thank you for your email.  Since these dates fall on a weekend, please let me know your availability on Monday the 30th.
Thank you.

[Quoted text hidden]

[Quoted text hidden]

1390 Chain Bridge Road #10042
McLean, VA 22101
Direct: (804) 332-6585
Fax: (866) 651-2004
www.cyberinternetlawyer.com
www.cyberlawyerblog.com

[Quoted text hidden]