# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 20-6217 PA (SKx) | Date | December 16, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS — COURT ORDER

Plaintiff Stewart Murrey, PhD ("Plaintiff") has filed an Ex Parte Application for Expedited Discovery and to Extend Time for Service (Docket No. 53). Plaintiff, who is appearing pro se, seeks an extension of time to serve defendant Elizabeth Jordan with the Summons and First Amended Complaint ("1st AC") and for leave to conduct expedited discovery so that he may propound subpoenas on various entities he believes have information to support the RICO claims alleged in his 1st AC and to identify additional defendants.

Plaintiff commenced this action on July 13, 2020, when he filed his Complaint against www.cheaterreport.com for defamation and violations of his statutory and common law publicity rights under California law. Because the original Complaint did not allege a statutory or other basis for the Court's exercise of subject matter jurisdiction in violation of the requirements of Federal Rule of Civil Procedure 8(a) and Local Rule 8-1, the Court dismissed the original Complaint with leave to amend. Plaintiff then filed the 1st AC on August 3, 2020, which dropped www.cheaterreport.com as a defendant, added 13 new defendants, and asserted a RICO claim, plus claims for fraud, civil conspiracy, unfair business practices pursuant to California Business and Professions Code section 17200, and claims violations of his publicity rights under California statutory and common law.

Plaintiff alleges that individuals who are not named as defendants in the 1st AC posted defamatory comments about him in 2016 and 2017 on www.cheaterreport.com. Plaintiff alleges that he contracted with individuals and entities, including defendants Anthony Will, Digital Revolution LLC, Tom Vitolo, Christian Tryon, Brandyourself.com, Inc., Aaron Minc, and Minc Law, to provide reputation defense services, remove the defamatory information, and generate positive internet search results for Plaintiff to reduce the prevalence of the derogatory information. The 1st AC also names as defendants Domingo Rivera, and entities associated with Mr. Rivera, including Rivera Law Group PLC, PRVT LLC, and Internet Reputation Control, and Elizabeth Jordan, who is alleged to be a "resident of New York" and "conspiring with the extortion ring of WWW.CHEATERREPORT.COM and said 'removal business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 16, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

enterprises' . . . ." (1st AC at ¶¶ 8 & 29.)  The only other reference to Ms. Jordan in the 1st AC is contained in paragraph 43, where she is grouped with the other defendants, but her role in the alleged conspiracy is not explained.

The Court issued a Self-Representation Order on July 16, 2020.  Included in the Self-Representation Order was information concerning the requirements of Federal Rule of Civil Procedure 4(m), which generally requires a plaintiff to properly serve a defendant with the Summons and Complaint within 90 days.  On October 29, 2020, Plaintiff sent an email to the Court attaching a Declaration in which he sought an additional 90 days to serve defendants.  In an October 29, 2020 Order, the Court explained the filing requirements for documents and that it would not consider documents that were emailed to the Court.  The Court additionally found that even if it were to consider Plaintiff's emailed Declaration, that it did not establish good cause for the extension he sought, but the Court nevertheless sua sponte extended the Rule 4(m) deadline to November 13, 2020, and ordered Plaintiff to show cause in writing by that date why the action should not be dismissed pursuant to Rule 4(m) for lack of prosecution.

On November 13, 2020, the deadline to respond to the Court's October 29, 2020 Order to Show Cause, Plaintiff filed Proofs of Service purporting to establish that he served defendants Brandyourself.com Inc., Christian Tryon, and Tom Vitolo with the Summons and 1st AC on November 2, 2020.  Plaintiff also filed a Declaration on November 13, 2020, explaining that defendants Aaron Minc, Minc Law, Digital Revolution LLC, and Anthony Will, had waived service and intended to file a Motion to Dismiss.  Those defendants filed their Motion to Dismiss on November 20, 2020.[1/]  Plaintiff's Declaration also stated that he had begun the process of issuing a subpoena to locate and serve defendant Elizabeth Jordan with the Summons and First Amended Complaint, and asked for additional time to complete those efforts.  On November 20, 2020, the Court granted Plaintiff a second extension of the Rule 4(m) deadline to serve Elizabeth Jordan, and ordered that Plaintiff had until December 14, 2020, to file Proofs of Service establishing service of the Summons and 1st AC in accordance with the applicable requirements for service.  The Court warned Plaintiff that, after that date, "if Plaintiff has not established service," the Court would "issue a further Order to Show Cause why any defendant who has not appeared and has not been properly served should not be dismissed for lack of prosecution pursuant to Rule 4(m)."

---

[1/]   Defendants Domingo Rivera, Rivera Law Group PLC, PRVT LLC, and Internet Reputation Control filed Motions to Dismiss on November 13, 2020.  Defendants Brandyourself.com Inc., Christian Tryon, and Tom Vitolo filed a Motion to Transfer on December 14, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 16, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

    On December 14, 2020, the deadline to file a Proof of Service for Ms. Jordan, Plaintiff filed the pending Ex Parte Application, in which he again seeks additional time to serve Ms. Jordan, and seeks an order allowing him to commence discovery, so that he can subpoena Protonmail, Inc. So that Plaintiff "will be able to locate and service [sic] Ms. Jordan more efficiently as her email is registered with Protonmail, Inc." Plaintiff also claims, without any supporting evidence, that "detectives have been overburdened with the pandemic and election-aftermath" as a reason he requires more time to locate and serve Ms. Jordan.

    Plaintiff has not satisfied the requirements to justify ex parte relief. The party filing an ex parte application, as opposed to a regularly-noticed motion, must support the ex parte application with evidence that "must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." Id. In other words, "[an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Id.

    Here, the "emergency" is all of Plaintiff's making. The Court has twice extended the time for Plaintiff to serve Ms. Jordan. In so doing, Plaintiff had multiple opportunities to either serve her or to file a regularly-noticed motion with sufficient supporting evidence to establish good cause for an extension. Like his previous efforts to obtain extensions, Plaintiff has not established the diligence necessary to justify a further extension of time to serve Ms. Jordan. Nor do Plaintiff's implausible, conclusory, factually devoid, and otherwise inadequate allegations concerning Ms. Jordan's role in an ever-expanding alleged conspiracy warrant a further extension of time for service or the expedited discovery Plaintiff seeks to engage in a burdensome fishing expedition involving third parties.

    For all of the foregoing reasons, the Court denies Plaintiff's Ex Parte Application. Consistent with the Court's warning in its November 20, 2020 Order, because Plaintiff has failed to serve Ms. Jordan by December 14, 2020, the Court orders Plaintiff to show cause in writing why his claims against Ms. Jordan should not be dismissed for lack of prosecution for failure to serve her within the deadline established by Rule 4(m). Plaintiff's response to this Order to Show Cause shall be filed by no later than December 22, 2020. Failure to timely or adequately respond to this Order to Show Cause will result in the dismissal of Ms. Jordan from this action without further warning.

    IT IS SO ORDERED.