**Dr. Stewart Lucas Murrey**
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: **2@lucasmurrey.io**

**Plaintiff & Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**DR. LUCAS MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO ADD DEFENDANTS AMAZON A.K.A. AMAZON WEB SERVICES ("AWS"), CLOUDFLARE, INC., WWW.CHEATERREPORT.COM, DOE-52.90.63.226 AND OR DEFENDANTS IDENTIFIED VIA PLAINTIFF'S EXPEDITED DISCOVERY AFTER SAID DISCOVERY IS COMPLETE** |

## DECLARATION OF DR. LUCAS MURREY

I, Dr. Lucas Murrey, declare:

1. That I am the plaintiff in this action; that I am over the age of 18 years and that I have personal knowledge of the facts contained in this declaration. If called upon to testify I could and would testify competently as to the truth of the facts stated herein.

2. I received my Doctorate of Philosophy (Ph.D) from Yale University in 2011. My academic career has involved teaching in Germany and Switzerland at several universities and colleges. I am the author of two monographs available online as well as at libraries at institutions of higher learning and I am presently writing a new series of books. Based upon these achievements I use the title Doctor in front of my name.

3. This declaration is submitted in support of plaintiff's motion for leave to amend to add defendants to his complaint.

4. A true and correct copy of my attempts to contact Amazon and service of subpoenas and meet & confer letters in good faith is hereto attached as Exhibit A.

5. A true and correct copy of my attempts to contact Cloudflare, Inc. in good faith is hereto attached as Exhibit B.

PLAINTIFF DR. MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND TO ADD DEFENDANTS

6. A true and correct copy of the list of websites including, but not limited to
WWW.CHEATERREPORT.COM, Minc's secret email to an anonymous
"admin" revealing the infrastructure of this extortion ring, Minc's email
admitting that he works with Rivera who then pays for services for the
website WWW.CHEATERREPORT.COM via his secret offshore account
PRVT LLC to the California based company Cloudflare, Inc., and the
targeted ads of these con-artists is hereto attached as Exhibit C.

I declare that under penalty of perjury under the laws of the United States
that the foregoing is true and correct; executed on 17 December 2020 in
Los Angeles, CA.

_____
DR. LUCAS MURREY

PLAINTIFF DR. MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND TO ADD DEFENDANTS

# EXHIBIT A

**From:** **Amazon.com Customer Service** community-help@amazon.com 
**Subject:** A message from Communities
**Date:** July 27, 2020 at 8:21 AM
**To:** 2@lucasmurrey.io



Your Account | Amazon.c

## Message From Customer Servi

Hello,

We'd be happy to research the situation with the review you are reporting, but unfortunately I couldn't find the review based on the information in your message.

At your convenience, please report possible violations of Customer Review Guidelines by clicking the "Report abuse" link near the content.

If no "Report abuse" link is available, please write back to us with the ASIN or ISBN of the item reviewed, the title of the review, and date of the review as it appears on our website. This should help us find the review so we can take the appropriate action. You can also send us a direct link to the review by clicking t "Comments" link after the review, and copy/pasting the URL that displays in your web browser.

https://www.amazon.com/gp/help/contact-us?ie=UTF8&mode=email&#b

We appreciate your understanding. We hope to see you again soon.

Best regards,
Maricar R.
**Amazon.com**

From: **Dr. Lucas Murrey** 2@lucasmurrey.io 🏳
Subject: Re: A message from Communities
Date: July 27, 2020 at 9:12 AM
To: community-help+A1CI0MUL7VBPUV@amazon.com



Although I have sent you these links a thousand times over the years since they appeared in 2017 and in different ways, here are the links again:

https://www.amazon.com/gp/profile/amzn1.account.AEFSBWBQKQ2SL2UG223NXVWDN2JQ/ref=cm_cr_srp_d_gw_btm?ie=UTF8

These two anonymous malicious reviews can be found at the bottom of reviews for my two scholarly monographs which are at every library across the planet

https://www.amazon.com/Hölderlins-Dionysiac-Poetry-Terrifying-Exciting-Mysteries/dp/3319364537?ref=pf_vv_at_pdctrvw_dp

https://www.amazon.com/Nietzsche-Meaning-Earth-Lucas-Murrey/dp/1611461545?ref=pf_vv_at_pdctrvw_dp

Dr. Lucas Murrey
Ph.D Yale University
Author of Hölderlin's Dionysiac Poetry and Nietzsche: The Meaning of Earth
https://lucasmurrey.io
(310) 994-1711
2@lucasmurrey.io

On Jul 27, 2020, at 8:21 AM, Amazon.com Customer Service <community-help@amazon.com> wrote:

## amazon

Your Account | Amazon.com

## Message From Customer Service

Hello,

We'd be happy to research the situation with the review you are reporting, but unfortunately I couldn't find the review based on the information in your message.

At your convenience, please report possible violations of Customer Review Guidelines by clicking the "Report abuse" link near the content.

If no "Report abuse" link is available, please write back to us with the ASIN or ISBN of the item reviewed, the title of the review, and date of the review as it appears on our website. This should help us find the review so we can take the appropriate action. You can also send us a direct link to the review by clicking the "Comments" link after the review, and copy/pasting the URL that displays in your web browser.

https://www.amazon.com/gp/help/contact-us?ie=UTF8&mode=email&#b

We appreciate your understanding. We hope to see you again soon.

Best regards,
Maricar R.
## Amazon.com

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

**DR. STEWART LUCAS MURREY**

              Plaintiff(s).

VS.

**WWW.CHEATERREPORT.COM; and DOES 1 through 10,
inclusive**

              Defendant(s).

Case No.:cv20-6217-pa(skx)

DECLARATION OF SERVICE OF:
SUBPOENA TO PRODUCE DOCUMENTS,
INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION.

Declaration:

The undersigned hereby declares: that s(he) is now and at all times herein mentioned, a citizen of the United States and a resident of the state of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of 9/21/2020 at 12:44 PM at the address of 300 DESCHUTES WAY S.W., STE. 208, TUMWATER, within THURSTON County, State of WA, the declarant duly served the above described documents upon AMAZON.COM, INC. by then and there personally delivering 1 true and correct copy thereof, by then presenting to and leaving the same with CYNTHIA JONES, AN AUTHORIZED AGENT FOR CSC, the Registered Agent for AMAZON.COM, INC., A WHITE Female, approx. 45 years old, 5'3" in height, weighing approx. 125 with BLACK hair. A person of suitable age and discretion.

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated: 9/18/2020 at Elma, WA

By _____
    C. HEATER             12-0621-21

Service Fee Total: $ 49.95

ECP
P.O. Box 812
Elma, WA 98541
(360) 239-1770
85626

Dr. Lucas Murrey
(310) 994-1711

ORIGINAL
PROOF OF SERVICE

# ECPENTERPRISES
## Serving for you!

PROCESS INVOICE

P.O. Box 812 Elma, WA 98541
Phone: (360) 239-1770
www.ecpservesfast.com

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 005361 | 9/18/2020 | 85626 |

Bill To:

**Dr. Lucas Murrey**

File No:
Case No: **cv20-6217-pa(skx)**
Plaintiff: **DR. STEWART LUCAS MURREY**
Defendant: **WWW.CHEATERREPORT.COM; and DOES 1 through 10,**

| DESCRIPTION OF SERVICES RENDERED | QUANTITY | UNIT PRICE | AMOUNT |
|---|---|---|---|
| **Registered Agent** | | | 49.95 |
| **SUMMARY** **Court: UNITED STATES DISTRICTS COURT FOR THE WESTERN** Servee: AMAZON.COM, INC. **Address: CORPORATION SERVICE COMPANY, 300 DESCHUTES WAY S.W., STE. 208, # TUMWATER, WA 98501** **Documents: SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION;** | | | |
| **Completed on 9/21/2020 at 12:44 PM** | | TOTAL DUE | **$ 49.95** |

Thank you for choosing ECP!

| ACCOUNT NO: | INVOICE DATE: | INVOICE NO: |
|---|---|---|
| 005361 | 9/18/2020 | 85626 |

Remit To:

ECP
P.O. Box 812
Elma, WA 98541

**TOTAL DUE:**   $  49.95

1. PLEASE INCLUDE INVOICE NUMBER ON PAYMENT.
2. MAKE CHECKS PAYABLE TO **ECP**

Order#:85626/INVOICEP

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### California Central District Court

| | |
|---|---|
| Dr. Stewart Lucas Murrey<br><br>_Plaintiff_<br><br>WWW.CHEATERREPORT.COM; and DOES 1 through 10, inclusive.<br><br>_Defendant_ | )<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **CV20-6217-PA(SKx)**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Amazon.com, Inc., c/o Corporation Service Company, 300 Deschutes Way SW, Suite 304 Tumwater, WA 98501, Attn: Legal Department – Legal Process

_(Name of person to whom this subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See Exhibit A

| Place: Dr. Stewart Lucas Murrey<br>1217 Wilshire Blvd. # 3655<br>Santa Monica, CA 90403 | Date and Time:<br>16 October 2020 9:00 A.M. |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  7-13-20

CLERK OF COURT

_____            OR            _____
_Signature of Clerk or Deputy Clerk_                              _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_ _____
Dr. Stewart Lucas Murrey                                                              , who issues or requests this subpoena, are:
1217 Wilshire Blvd. # 3655, Santa Monica, CA 90403, Email: 2@lucasmurrey.io, Tel.: (310) 994-1711

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT A**

**DEFINITIONS**

The following definitions and instructions apply to the requests below and should be considered as part of each such request.

1.  "You/your" shall be the subpoenaed party.

2.  "Document" shall have the same meaning and scope as the term "documents or electronically stored information" in Rule 34 of the Federal Rules of Civil Procedure, and shall include any handwritten, printed, recorded, or graphic matter, data or data compilations, or information stored in electronic forms (including emails) that is or has been in your actual or constructive possession or control, regardless of the medium on which it was produced, reproduced, or stored, including, without limitation, anything that can be classified as a "writing", "original," or "duplicate." Any document bearing marks, including, without limitation, initials, stamps indicia, comments or notations not part of the original text or photographic reproduction thereof, is a separate document.

3.  "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the document request inclusive rather than exclusive.

4.  "Any" and "each" shall be construed to included and encompass "all."

5.  "Including" shall not be construed as limiting any request, and shall mean the same as "including, but not limited to."

6.  "Person" shall include, without limitation, natural persons, corporations, partnerships, business trusts, associations, and business or other entities, and any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney or principal thereof.

7.  "Communication" shall include, without limitation, any written or oral communication,

including any conversation in person, by telephone, or by any other means. A document or thing transferred, whether temporarily or permanently, from one person and or entity to another shall be deemed to be a communication between such persons and or entities whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

8.  References to any natural person shall include, in addition to the natural person, any agent, employee, representative, attorney, superior, or principal thereof.

9.  References to any entity shall include, in addition to the entity, any officer, director, employee, partner, corporate parent, subsidiary, affiliate, agent, representative, attorney, or principal thereof.

10. "The" shall not be construed as limiting the scope of any document request.

11. The use of the singular shall also include the plural, and vice-versa.

## INSTRUCTIONS

1.  In responding to these document requests, please furnish all information that is available to you or subject to your control, including information in the possession, custody, or control of your officers, directors, employees, representatives, consultants, agents, servants, attorneys, accountants, or any person who has served in any such role at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, any joint venture to which you are a party, and other persons acting on your behalf.

2.  Pursuant to the Federal Rule of Civil Procedure 34(b), please produce the requested documents as they are kept in the usual course of business or organize and label them to correspond to the categories in each request.

3.  If you withhold any document responsive to any of these requests based on a claim of any

privilege or immunity from disclosure, please identify the following information each document

so withheld:

   a.  The type of document (e.g. letter, memorandum, email, email chain, etc.);

   b.  The date the document was prepared, and the date of any meeting or conversation

   reflected or referred to in the document;

   c.  The name of each author, co-author, or preparer of the document and the name of

   each recipient or addressee, including each recipient of a copy of the document;

   d.  If the document reflects or refers to a meeting or conversation, the names of each

   person who was present at or was a party to the meeting or conversation;

   e.  The general subject matter of the document;

   f.  The length of the document;

   g.  The nature of the privilege or immunity asserted; and

   h.  A brief explanation of why the document is believed to be privileged or immune from

   production.

4.  If you cannot fully comply with any document request, comply to the maximum extent

possible and explain: (a) what information you refuse to produce and (b) why full compliance is

not possible. If you object to any request or subpart of a request, state with specificity the

grounds for each such objection.

5.  Each document produced by you in response to these requests should indicate a unique

production number.

6.  To the extent that any document is responsive to more than one request, you are only

required to produce one copy of such document.

7.  If, in responding to these requests, you encounter any ambiguities when construing a

request, instruction, or definition, in your response set forth the matter deemed ambiguous and the construction used in answering.

8.  If any document requested herein has been destroyed or discarded, the document should be identified to the extent possible by describing: (a) all authors and addressees; (b) all recipients; (c) the document's date, subject matter, number of pages and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) the date the document was destroyed or discarded and the reasons for such destruction or discard; and (f) the persons authorizing and carrying out such destruction and discard.

## REQUESTS FOR PRODUCTION

**REQUEST NO 1:**

A true and correct copy of the identity, contact information and any and all details of the individual(s) and or entity(ies) responsible for the website WWW.CHEATERREPORT.COM.

**REQUEST NO 2:**

A true and correct copy of the identity, contact information and any and all details of the individual(s) and or entity(ies) responsible for the website WWW.CHEATERREPORT.COM for to whom you are an internet service provider (ISP).

**REQUEST NO 3:**

A true and correct copy of the identity, contact information and any and all details of the individual(s) and or entity(ies) responsible for the website that you host with the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 4:**

A true and correct copy of any and all documents created on or about the time that you

entered into business with the individual(s) and entity(ies) responsible for

WWW.CHEATERREPORT.COM.

**REQUEST NO 5:**

A true and correct copy of any and all documents created on or about the time that you

entered into business with the individual(s) and entity(ies) responsible the website that you host

with the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 6:**

A true and correct copy of any and all records of payments, receipts, income and or

monies you received from with the individual(s) and entity(ies) responsible for

WWW.CHEATERREPORT.COM.

**REQUEST NO 7:**

A true and correct copy of any and all records of payments, receipts, income and or

monies you received from with the individual(s) and entity(ies) responsible for

WWW.CHEATERREPORT.COM for acting as his, her, its, their internet service provider (ISP).

**REQUEST NO 8:**

A true and correct copy of any and all records of payments, receipts, income and or

monies you received from the individual(s) and entity(ies) responsible the website that you host

and with the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 9:**

A true and correct copy of any and all internet protocol (IP) addresses that you provide to

the individual(s) and or entity(ies) responsible for the website that you host with the internet

protocol (IP) address: **52.90.63.226**.

5

**REQUEST NO 10:**

A true and correct copy of any and all internet service providing (ISPs) that you provide

to the individual(s) and or entity(ies) responsible for the website that you host with the internet

protocol (IP) address: **52.90.63.226**.

**REQUEST NO 11:**

A true and correct copy of the physical address of the server(s) that host the website with

the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 12:**

A true and correct copy of any and all documents which state the physical address of the

server(s) that host the website with the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 13:**

A true and correct and complete copy of any and all United States government

intelligence agencies with whom you work, including but not limited to the seventeen (17) secret

governmental intelligence agencies such as the national surveillance agency (NSA), CIA, FBI,

Pentagon, etc.

**REQUEST NO 14:**

A true and correct copy of the sum total number of internet protocol (IP) addresses which

you host i.e. just asking for a single number, not requesting that you name each one.

**REQUEST NO 15:**

A true and correct copy of the sum of total number of internet service providers (ISPs)

that you offer i.e. just asking for a single number, not requesting that you name each one.

**REQUEST NO 16:**

6

A true and correct copy of any and all documents regarding your contractual relationship with WWW.CHEATERREPORT.COM.

**REQUEST NO 17:**

A true and correct copy of any and all documents regarding your contractual relationship with WWW.CHEATERREPORT.COM.

**REQUEST NO 18:**

A true and correct copy of any and all documents regarding your contractual relationship with the individual(s) and or entity(ies) responsible for the website that you host with the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 19:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with WWW.LIARSCHEATERSRUS.COM.

**REQUEST NO 20:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with WWW.CHEATERLAND.COM.

**REQUEST NO 21:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with Doimingo J. Rivera a.k.a. "DJ Rivera".

**REQUEST NO 22:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with The Rivera Law Group.

**REQUEST NO 23:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with PRVT LLC.

**REQUEST NO 24:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with Elizabeth Jordan.

**REQUEST NO 25:**

A true and correct copy of any and all documents and or records of contracts and or agreements regarding your relationship and or contractual relationship with Cloudflare, Inc.

**REQUEST NO 26:**

A true and correct copy of any and all documents regarding your relationship and or contractual relationship with WWW.TRELLIS.LAW.

**REQUEST NO 27:**

A true and correct copy of any and all the total number of fraudulent websites that you host i.e. websites that are either fake and or intentionally masking their internet protocol (IP) address(es) e.g. via "IP spoofing" and or websites that are suspected of acting illegal by committing criminal acts such as money laundering, child-porn, sex- and human-trafficking etc.

**REQUEST NO 28:**

A true and correct list of any and all fraudulent websites that you host i.e. websites that are either fake and or intentionally masking their internet protocol (IP) address(es) e.g. via "IP spoofing" and or websites that are suspected of acting illegal by committing criminal acts such as money laundering, child-porn, sex- and human-trafficking etc.

**REQUEST NO 29:**

A true and correct copy of any and all documents describing your surveillance of your customers within the last five (5) years.

**REQUEST NO 30:**

A true and correct copy of any and all documents describing your authorization to conduct surveillance of your customers within the last five (5) years.

**REQUEST NO 31:**

A true and correct copy of any and all documents describing your collection of the data of your customers within the last five (5) years.

**REQUEST NO 32:**

A true and correct copy of any and all documents describing your authorization to collect the data of your customers within the last five (5) years.

**REQUEST NO 33:**

A true and correct copy of any and all documents describing your surveillance of the American citizenry within the last five (5) years.

**REQUEST NO 34:**

A true and correct copy of any and all documents describing your authorization to conduct surveillance of the American citizenry within the last five (5) years.

**REQUEST NO 35:**

A true and correct copy of any and all documents describing your collection of the data of the American citizenry within the last five (5) years.

**REQUEST NO 36:**

A true and correct copy of any and all documents describing your authorization to collect the data of the American citizenry within the last five (5) years.

**REQUEST NO 37:**

A true and correct copy of any and all documents describing your surveillance of your

employees within the last five (5) years.

**REQUEST NO 38:**

A true and correct copy of any and all documents describing your authorization to

conduct surveillance of your employees within the last five (5) years.

**REQUEST NO 39:**

A true and correct copy of any and all documents describing your collection of the data of

your employees within the last five (5) years.

**REQUEST NO 40:**

A true and correct copy of any and all documents describing your authorization to collect

the data of your employees within the last five (5) years.

**REQUEST NO 41:**

A true and correct description of all software that you use to monitor, copy, surveille and

or collect the data of your customers and or your employees and or the American people within

the last five (5) years.

**REQUEST NO 42:**

A true and correct copy of any and all documents describing your surveillance of plaintiff

Dr. Stewart Lucas Murrey.

**REQUEST NO 43:**

A true and correct copy of any and all documents describing your authorization to

conduct surveillance of plaintiff Dr. Stewart Lucas Murrey.

**REQUEST NO 44:**

A true and correct copy of any and all documents describing your collection of the data of plaintiff Dr. Stewart Lucas Murrey.

**REQUEST NO 45:**

A true and correct copy of any and all documents describing your authorization to collect the data of plaintiff Dr. Stewart Lucas Murrey.

**REQUEST NO 46:**

A true and correct description of all software that you use to monitor, copy, surveille and or collect the data of your customers within the last five (5) years.

**REQUEST NO 47:**

A true and correct description of all software that you use to monitor, copy, surveille and or collect the data of your employees within the last five (5) years.

**REQUEST NO 48:**

A true and correct description of all software that you use to monitor, copy, surveille and or collect the data of the American people within the last five (5) years.

**REQUEST NO 49:**

A true and correct description of all software that you use to monitor, copy, surveille and or collect the data of plaintiff Dr. Stewart Lucas Murrey.

**REQUEST NO 50:**

A true and correct copy of any and all documents describing your surveillance of people within the last five (5) years.

**REQUEST NO 51:**

A true and correct copy of any and all documents describing your authorization to conduct surveillance of people within the last five (5) years.

11

**REQUEST NO 52:**

A true and correct copy of any and all documents describing your collection of the data of
people within the last five (5) years.

**REQUEST NO 53:**

A true and correct copy of any and all documents describing your authorization to collect
the data of people within the last five (5) years.

**REQUEST NO 54:**

A true and correct copy of any and all records and or documents of payments, receipts,
income and or monies you received as a result of your selling, "sharing" and or "using" any and
all of the data that you have collected from your customers within the last five (5) years.

**REQUEST NO 55:**

A true and correct copy of any and all records and or documents of payments, receipts,
income and or monies you received as a result of your selling, "sharing" and or "using" any and
all of the data that you have collected from your employees within the last five (5) years.

**REQUEST NO 56:**

A true and correct copy of any and all records and or documents of payments, receipts,
income and or monies you received as a result of your selling, "sharing" and or "using" any and
all of the data that you have collected from the American citizenry within the last five (5) years.

**REQUEST NO 57:**

A true and correct copy of any and all records and or documents of payments, receipts,
income and or monies you received as a result of your selling, "sharing" and or "using" any and
all of the data that you have collected from people within the last five (5) years.

**REQUEST NO 58:**

A true and correct copy of any and all records and or documents reflecting payments, receipts, income and or monies you received as a result of your selling, "sharing" and or "using" any and all of the data that you have collected from plaintiff Dr. Stewart Lucas Murrey.

**REQUEST NO 59:**

A true and correct copy of any and all contracts into which you have entered with any and all agencies of the United States government within the last five (5) years.

**REQUEST NO 60:**

A true and correct copy of any and all contracts into which you have entered with any and all agencies of any government state within the last five (5) years.

**REQUEST NO 61:**

A true and correct copy of any and all past United States government employees who you have hired within the last five (5) years.

**REQUEST NO 62:**

A true and correct copy of any and all records, memorandum and or documents showing monies and or payments that you have paid to lobbyists to lobby states governments within the United States within the last five (5) years.

**REQUEST NO 63:**

A true and correct copy of any and all records, memorandum and or documents showing monies and or payments that you have paid to lobbyists to lobby the federal government of the United States within the last five (5) years.

**REQUEST NO 63:**

A true and correct copy of any and all records, memorandum and or documents showing

monies and or payments that you have paid to lobbyists to lobby foreign governments within the

last five (5) years.

**REQUEST NO 64:**

A true and correct copy of any and all complaints of and or documents reflecting

complaints by members of the United States congress who disputed the right of private

companies to spy on members of congress.

**REQUEST NO 65:**

A true and correct copy of any and all complaints of and or documents reflecting

complaints by members of the United States congress who disputed the right of government

agencies to spy on members of congress.

**REQUEST NO 67:**

A true and correct copy of any and all documents and or records of your involvement in

the "data center valley" and or the Dulles Technology Center located in and around Ashburn,

Virginia.

**REQUEST NO 68:**

A true and correct copy of the description of the location of the server wherein for the

you host the internet protocol (IP) address: **52.90.63.226**.

**REQUEST NO 69:**

A true and correct copy of any and all documents and or records that show the volume of

internet traffic running through your servers.

**REQUEST NO 70:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding your relationship with Amazon Web Services (AWS), Amazon Technologies, LLC. and Amazon Technologies, Inc., including, but not limited to whether you are the majority stock- and or shareholder, if you have a controlling interest, etc.

**REQUEST NO 71:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website WWW.CHEATERREPORT.COM.

**REQUEST NO 72:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website with the internet protocol (IP) address **52.90.63.226**.

**REQUEST NO 73:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website WWW.LIARSCHEATERSRUS.COM.

**REQUEST NO 74:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website WWW.CHEATERLAND.COM.

**REQUEST NO 75:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website WWW.LIARSCHEATERSRUS.COM.

**REQUEST NO 74:**

A true and correct copy of any and all documents, contracts and or letters of your agreement regarding which business entity is directly responsible for hosting the website WWW.CHEATERLAND.COM.

**REQUEST NO 75:**

A true and correct copy of the identity, contact information and any and all details of the individual(s) and or entity(ies) responsible for the website WWW.LIARSCHEATERSRUS.COM.

**REQUEST NO 76:**

A true and correct copy of the identity, contact information and any and all details of the individual(s) and or entity(ies) responsible for the website WWW.CHEATERLAND.COM.

**REQUEST NO 77:**

A true and correct copy of any and all documents, contracts and or letters of agreement with non-governmental organization (NGOs) into which you have entered within the last five (5) years.

**REQUEST NO 78:**

A true and correct copy of any and all documents, contracts and or letters of agreement with individuals and or entities who have been contracted by agencies of the United States government into which you have entered within the last five (5) years.

**REQUEST NO 79:**

A true and correct copy of any and all documents, contracts and or letters of agreement with individuals and or entities who have been contracted by non-governmental organizations (NGOs) into which you have entered within the last five (5) years.

**REQUEST NO 80:**

A true and correct copy of the sum total number of internet protocol (IP) addresses which you host, but which are also clients of Cloudflare, Inc. i.e. just asking for a single number, not requesting that you name each one.

**REQUEST NO 81:**

A true and correct copy of internet protocol (IP) addresses which you host, but which are also clients of Cloudflare, Inc.

**REQUEST NO 82:**

A true and correct copy of any and all documents regarding your contractual relationship with Cloudflare, Inc.

**REQUEST NO 83:**

A true and correct copy of the identity(ies) of any and all employee(s) and the contact information of said employee(s) responsible for moderating reviews of plaintiff Dr. Stewart Lucas Murrey's books sold on WWW.AMAZON.COM.

**REQUEST NO 84:**

A true and correct copy of the identity(ies) of any and all employee(s) and the contact information of said employee(s) responsible for moderating "Author Central" for authors of books sold on WWW.AMAZON.COM.

**REQUEST NO 85:**

A true and correct copy of the identity, contact information, including, but not limited to subscriber registration information e.g. name, account creation information, associated email address(es), phone number(s), sign-in IP address(es) and associated time-stamp(s) of the anonymous reviewer of plaintiff Dr. Stewart Lucas Murrey's books on WWW.AMAZON.COM at the following uniform resource locators (URLs, see also images below):

https://www.amazon.com/gp/product/B00S16JWAE/ref=dbs_a_def_rwt_hsch_vapi_tkin_p1_i1

https://www.amazon.com/gp/product/B00VCRJAI8/ref=dbs_a_def_rwt_hsch_vapi_tkin_p1_i0



18



1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON

9

| | |
|---|---|
| STEWART LUCAS MURREY,<br><br>                    Plaintiff,<br><br>     v.<br><br>WWW.CHEATERREPORT.COM, et al.,<br><br>                    Defendants. | Proceedings in the United States District Court for the Central District of California<br><br>Civil Action No.: CV20-6217-PA (SKx)<br><br>**AMAZON'S OBJECTIONS TO SUBPOENA**<br><br>**REF NO.: SUB1005654** |

15          Pursuant to the Federal Rules of Civil Procedure, Amazon.com, Inc. ("Amazon") objects

16   to the subpoena from Plaintiff Stewart Lucas Murrey ("Plaintiff") in the above-referenced

17   matter.  Please contact the undersigned counsel to the extent that a meet and confer is necessary

18   regarding any of these objections.

19          1.      **Incorrect Entity.**  Amazon objects to the subpoena because it was issued to

20   Amazon.com, Inc. but also appears to seek information from a separate entity—Amazon Web

21   Services, Inc. ("AWS").  This renders the subpoena invalid.

22          2.      **Improper Subpoena.**  Amazon objects to the subpoena because it fails to state

23   the court form which it is issued.  *See* Fed. R. Civ. P. 45(a)(1)(A)(i).  Amazon further objects to

24   the subpoena because it was issued before the parties have conferred as required by Rule 26(f).

25   *See* Fed. R. Civ. P. 26(d)(1).  Failure to comply with these requirements renders the subpoena

26   invalid.

27

AMAZON'S OBJECTIONS TO SUBPOENA - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1     3.    **Improper Place of Compliance.**  Amazon objects to the subpoena as improper

2 because the demanded place of production (Santa Monica, California) is not within 100 miles of

3 where Amazon resides or regularly transacts business in person as required by federal law. *See*

4 Fed. R. Civ. P. 45(c)(2)(A); *see, e.g., Europlay Capital Advisors, LLC, et al. v. Does,* 323 F.R.D.

5 628, 629-30 (C.D. Cal. 2018); *Music Grp. Macao Commercial Offshore Ltd. v. Does,* 82 F.

6 Supp. 3d 979, 982, 984 (N.D. Cal. 2015); *see also Adv. Comm. Notes to 2013 Amend. to Rule 45*

7 ("To protect local nonparties, local resolution of disputes about subpoenas is assured by the

8 limitations of Rule 45(c) and the requirements in Rules 45(d) and (e) that motions be made in the

9 court in which compliance is required under Rule 45(c)").

10     4.    **Failure to Provide Text of Federal Rules.**  Amazon objects to the subpoena for

11 failing to "set out the text of Rule 45(d) and (e)," as required by Fed. R. Civ. P. 45(a)(1)(A)(iv).

12 Although the subpoena states that these provisions "are attached," no such attachments were

13 included with the subpoena.  Failure to comply with this requirement renders the subpoena void.

14     5.    **Failure to Reduce Burden on Nonparty.**  Amazon objects to Plaintiff's failure

15 to take reasonable efforts to reduce the burden and expense on nonparty Amazon.  Nonparty

16 status is a significant factor a court must consider when assessing undue burden.  *United States v.*

17 *Amerigroup Illinois, Inc.,* 2005 WL 3111972, at *4 (N.D.Ill. Oct. 21, 2005).  In particular,

18 Amazon objects to the subpoena to the extent the information sought is in the possession,

19 custody, or control of the parties to the litigation.  *See* Fed. R. Civ. P. 45(d)(1); *see e.g.,*

20 *Rembrandt Patent Innovations v. Apple, Inc.,* 2015 WL 4393581, at *2 (W.D. Tex. July 15,

21 2015) (holding subpoena issued to non-party is unduly burdensome "until and unless Plaintiffs

22 can establish they are unable to obtain the requested information from the Defendant"); *In re*

23 *Allergan,* 2016 WL 5922717, at *9 (C.D. Cal. Sept. 23, 2016) ("'Courts are particularly reluctant

24 to require a non-party to provide discovery that can be produced by a party'" (citation omitted));

25 *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no

26 reason to burden nonparties when the documents sought are in possession of the party

27 defendant."); *Moon v. SCP Pool Corp.,* 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("[T]hese requests

AMAZON'S OBJECTIONS TO SUBPOENA - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively

obtain the documents from defendant, rather than from [the] nonparty") (citing *Dart Indus. Co. v.*

*Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir. 1980))); *Haworth, Inc. v. Herman Miller, Inc.,*

998 F.2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel production from

nonparty, holding "the district court could properly require [defendant] to seek discovery from its

party opponent before burdening the nonparty [] with [an] ancillary proceeding").

6.    **Failure to Provide Notice.**  Amazon objects to the subpoena as failing to show

that prior notice has been provided to other parties to the litigation, as required by Fed. R. Civ. P.

45(a)(4).  Failure to comply with this requirement renders the subpoena void.

7.    **Privacy.**  Amazon objects to the subpoena on the grounds of privacy to the extent

it seeks identifying and other confidential information without making any showing that

appropriate notice or authorization has been obtained to seek such information, or that there is a

need for such information that would override state or federal privacy rights.

8.    **Overbroad and Unduly Burdensome.**  Amazon objects to the subpoena as

incredibly overbroad and unduly burdensome.  *See* Fed. R. Civ. P. 26(b)(1).  The subpoena

contains **85** requests for documents, including, among other things, numerous requests

concerning a terminated party, WWW.CHEATERREPORT.COM, identifying information

associated with certain IP addresses, "the sum total number of internet protocol (IP) addresses

which you host," "any and all Unites States government intelligence agencies with whom you

work," "any and all documents describing your surveillance of the American citizenry, [of your

employees, or of Plaintiff]," "any and all records, memorandum and or documents showing

monies and or payments that you have paid to lobbyists to lobby the [state or federal

governments]," and identifying information "of anonymous reviewer of [Plaintiff's] books on

WWW.AMAZON.COM at [certain URLs]," without making any showing that such broad and

burdensome demands cannot be reasonably narrowed to the issues in the litigation.

9.    **Vague and Ambiguous.**  Amazon objects to the use of vague and ambiguous

terms, phrases, and definitions in the subpoena, including, but not limited to, "all details of the

AMAZON'S OBJECTIONS TO SUBPOENA - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

individual(s) and or entity(ies)," "responsible for," "records of payments, receipts, income and or monies you received," "internet service providers (ISPs) that you offer," "describing," "surveillance," "American citizenry," "'data center valley' and or the Dulles Technology Center," "location of the server," "directly responsible," and "moderating reviews," without providing clarifying definitions or additional information to identify exactly what is sought.

10.    **Failure to Limit Time Period**.  Amazon objects to Plaintiff's failure to reasonably limit the time period covered by the requests as unduly burdensome and overbroad, and seeking information not kept or maintained in the ordinary course of business.

11.    **Confidential, Proprietary, or Trade Secret Information.**  Amazon objects to the subpoena because it seeks the disclosure of information or documents containing confidential, proprietary, or trade secret information.  Amazon objects to the production of any such information absent entry of an appropriate protective order.  Amazon expressly reserves all rights with respect to any protective order entered in the case pertaining to the production of information containing any confidential, proprietary, or trade secret information.

12.    **Electronically Stored Information.**  Amazon objects to the subpoena to the extent it seeks production of electronically stored information from sources not reasonably accessible (*e.g.*, legacy systems, backup media, temporary or ambient data, or data that would require engineering resources to extract), in light of the burdens or costs required to locate, restore, review, and produce whatever responsive information may be found.  Amazon believes any such data on sources that are not reasonably accessible would be cumulative or duplicative of data that is more reasonably accessible.  *See* Fed. R. Civ. P. 25(b)(2)(B).

13.    **Contrary to the Stored Communications Act.**  Amazon objects to the subpoena to the extent it seeks any communications protected from disclosure by the Stored Communications Act, 18 U.S.C. § 2701 *et seq.* ("SCA").  The SCA states that any "person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service," with limited exceptions.  18 U.S.C. § 2702(a)(1).  The contents of such

AMAZON'S OBJECTIONS TO SUBPOENA - 4

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1   communications cannot be disclosed to civil litigants, even when requested through a valid

2   subpoena.  *See, e.g., Viacom Intern. Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008)

3   ("§ 2702 contains no exception for disclosure of [the content of] communications pursuant to

4   civil discovery requests"); *Thayer v. Chiczewski*, No. 07 C 1290, 2009 WL 2957317, at *5 (N.D.

5   Ill. Sept. 11, 2009) ("most courts have concluded that third parties cannot be compelled to

6   disclose electronic communications pursuant to a civil … discovery subpoena.").

7           14.    **Privileged Information.**  Amazon objects to the subpoena to the extent it seeks

8   information that is protected from disclosure by the attorney-client privilege, work product

9   doctrine, or any other applicable privilege.  To the extent that there is any disclosure of such

10  protected or privileged information, such disclosure is inadvertent and is not intended to waive

11  any privilege or protection.

12          15.    **Not within Amazon's Possession, Custody, or Control**.  Amazon objects to the

13  subpoena to the extent it purports to require Amazon to search for and produce documents not

14  within its possession, custody, or control.

15          16.    **Violation of the First Amendment.**  Amazon objects to the subpoena because it

16  seeks disclosure of anonymous reviewers' identities.  Among other issues, this is a violation of

17  the First Amendment to the U.S. Constitution.  U.S. Const. amend. I.  "First Amendment

18  protections extend to speech via the internet," including the "right to speak anonymously," which

19  was "of fundamental importance to the establishment of our Constitution."  *Doe v.*

20  *2TheMart.com Inc.*, 140 F. Supp.2d 1088, 1092 (W.D. Wash. 2001); *see also id.*  ("A court

21  order, even when issued at the request of a private party in a civil lawsuit, constitutes state action

22  and is subject to constitutional limitations.").  "If Internet users could be stripped of that

23  anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would

24  have a significant chilling effect on Internet communications and thus on basic First Amendment

25  rights."  *Id.* at 1093 (granting motion to quash subpoena, noting that "the constitutional rights of

26  Internet users, including the First Amendment right to speak anonymously, must be carefully

27

AMAZON'S OBJECTIONS TO SUBPOENA - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

1   safeguarded"); *see also Awtry v. Glassdoor, Inc.*, 2016 WL 1275566, at *16 (N.D. Cal. Apr. 1,

2   2016) (denying motion to enforce compliance with third party subpoena).

3         17.    **Improper Request for Legal Conclusion.**  Amazon objects to the subpoena for

4   seeking information based on legal conclusions.  For instance, the subpoena seeks "any and all

5   the total number of fraudulent websites that you host," and "websites that are suspected of acting

6   illegal by committing criminal acts." *See* Requests Nos. 27 & 28.  Amazon objects to these and

7   other requests to the extent they require Amazon to reach a legal conclusion.

8         18.    **No Showing of Relevance**.  Amazon objects to the subpoena because it seeks

9   confidential information without making a showing of relevance as to any issue in the litigation

10  involving the parties, a showing that appropriate notice and authorization have been obtained to

11  access such data, or a showing that the request is proportional to the needs of the case. *See* Fed.

12  R. Civ. P. 26(b)(1).

13        **Amazon incorporates the above objections in their entirety in response to each of**

14  **the subpoena's requests.  Amazon does not waive its general objections with respect to any**

15  **of the subpoena's requests.**

16        DATED this 28th day of September, 2020.

17                      DAVIS WRIGHT TREMAINE LLP

18                      Attorneys for Amazon.com, Inc.

19

20                      By */s/ James Howard*

                        James Howard, WSBA #37259

21                          Deana D. Ahn, WSBA #51528

                        920 Fifth Avenue, Suite 3300

22                          Seattle, WA 98104

                        Telephone: 206-757-8056

23                          Email: deanaahn@dwt.com

24

25

26

27

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I caused the foregoing document to be served by electronic mail to the following:

Stewart Lucas Murrey
1217 Wilshire Blvd., #3655
Santa Monica, CA 90403
2@lucasmurrey.io

DATED this 28th day of September, 2020.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Amazon.com, Inc.

By  /s/ James Howard
   James Howard, WSBA #37259
   Deana D. Ahn, WSBA #51528
   920 Fifth Avenue, Suite 3300
   Seattle, WA  98104
   Telephone: 206-757-8056
   Email: deanaahn@dwt.com

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300, Seattle, WA 98104
206-622-3150 main · 206-757-7700 fax

Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: 2@lucasmurrey.io

16 October 2020

***Via Email** (A Scanned Copy of the Signed Document sent from **2@lucasmurrey.io** to **deanaahn@dwt.com**, and cc'd to: **zacharybeetham@dwt.com** and **donnacrawford@dwt.com**) to:*

James Howard and Deana D. Ahn
920 Fifth Ave., Suite 3300
Seattle, WA 98104
Emails: deanaahn@dwt.com, zacharybeetham@dwt.com, donnacrawford@dwt.com

Re:    Dr. Stewart Lucas Murrey v. CheapterReport.com, et. al;
       Case No. CV20-6217-PA-(SKx)
       **Responses and Objections to Subpoeana Duces Tecum to Amazon.com, Inc.**

Mr. Howard:

As your unilateral refusal to produce any of the documents plaintiff reasonably requested via your frivolous "responses and objections" which you emailed me on 28 September 2020 is unacceptable, I hereby request per the Court's Local Rules, specifically L.R. 37-1, a meet & confer. In our case said meet & confer "may take place telephonically" and, as it need occur within ten (10) days, let me know when you will be available.

Further, in "a good-faith effort to eliminate the necessity for hearing the motion" to compel this subpoena and in a good faith effort to make our meet & confer as productive as possible, I address your responses and objections below, despite their conspicuous frivolity and intentional misrepresentations i.e. abuses of process:

Firstly, you objected to plaintiff's subpoena to Amazon.com, Inc. because it is addressed to an "Incorrect Entity" i.e. you claim that the subpoena should have been addressed to "Amazon Web Services, Inc. ('AWS')". However, you fail to note that plaintiff foresaw this very issue and you have intentionally failed already to address this issue: Dr. Murrey's original subpoena with which you were served approximately one month ago specifically asked you to provide:

"A true and correct copy of any and all documents, contracts and or letters of your agreement regarding your relationship with Amazon Web Services (AWS), Amazon Technologies, LLC. and Amazon Technologies, Inc., including, but not limited to whether you are the majority stock- and or shareholder, if you have a controlling interest, etc."

In bad faith you recklessly refused to produce any documents whatsoever. You also refused to produce any documents that would clarify the relationship of these entities, for which the

1

subpoena specifically asked. This raises an important question relevant to this action: Why are you trying to keep the identities and relationships of these Amazon entities to one another secret?

And the intentional ambiguity of your response shows another instance of your bad faith. For instance, your response seems to suggest that the totality of the documents plaintiff's subpoena seeks can all be provided by Amazon Web Services, Inc. ("AWS") alone. Is this true? And, if so, please provide a declaration to this effect, along with any and all details regarding the address and agent for service for Amazon Web Services, Inc. ("AWS").

To resolve this issue in good faith, as I think it is clear that you frivolously refused to consider this issue with care, I hereby attach to this email along with this request for a meet & confer, a new subpoena to Amazon.com, Inc. along with two further subpoenas to Amazon Web Services, Inc. ("AWS") and Amazon Technologies, Inc. The new deadline for the production of requested documents is now 30 October 2020, generous as you have already wasted a month since you were served with plaintiff's original subpoena.[1] If you have any further concerns regarding the "correct entity(ies)" to whom plaintiff's legitimate subpoena(s) should be directed, I suggest you begin to show "good faith" and facilitate this process of legitimate discovery.

Secondly, your objection that plaintiff should have contacted Amazon.com, Inc. first before serving his subpoena is an egregious and intentional misrepresentation i.e. abuse of process. Plaintiff has in good faith been trying to contact Amazon.com, Inc. for years (since early 2017 until the present – well over three (3) years) to remedy this serious issue. Amazon.com, Inc. has remained, exactly like now, non-responsive. In fact, your reckless decision to unilaterally refuse to produce any documents requested only confirms that you make this objection in bad faith: It makes no difference how or when one contacts Amazon.com, Inc., as the response is always non-responsive.

Thirdly, your objection in regard to an "Improper Place of Compliance" is also frivolous. Amazon does business in all fifty states and beyond (See *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)). As plaintiff's subpoena(s) make clear, you are welcome to email me scanned copies of any and all documents requested. You should be familiar with this process, as you emailed me your "response and objections" to the original subpoena in question though I did not stipulate to email i.e. you failed to send me a physical copy in the mail, thus showing the absurdity of your objection.

Fourthly, any and all defendants to this case either have and or will be served notice of this subpoena as soon as they are served this lawsuit, thus making your objection in regard to what you claim as to be a: "Failure to Provide Notice" also frivolous.

Fifthly, in your objection: "Privacy" you interestingly did not cite any case law. Beyond the fact that Amazon is notorious for its unconstitutional i.e. illegal, invasive surveillance of the

---

[1] And for the sake of clarity and efficacy, if any of the requested documents can be answered by any one of the named entities subpoenaed, then the other entities need not repetitively reproduce the same documents. Each entity need only respond to its own unique possession to the documents requested. For instance, if Amazon.com, Inc. has information regarding the "reviewer" of plaintiff Dr. Murrey's books sold on Amazon.com, then only Amazon.com and not Amazon Web Services, Inc. ("AWS"), nor Amazon Technologies, LLC, need produce any such documents (presuming Amazon Web Services, Inc. ("AWS") nor Amazon Technologies, LLC have no further unique documents to produce that are external to what Amazon.com, Inc. possess). Similarly, if Amazon Web Services, Inc. ("AWS") has information regarding the entity(ies) and or individual(s) operating the website that Amazon hosts at internet protocol (IP) address: 52.90.63.226, then only Amazon Web Services, Inc. ("AWS") need produce relevant documents and neither Amazon.com, Inc. nor Amazon Technologies, LLC need respond (again, presuming that Amazon.com, Inc. nor Amazon Technologies, LLC have any further unique documents to produce external to that which Amazon Web Services, Inc. ("AWS") possess).

American people as well as its own workers who seek to unionize, I would like to remind you that this case concerns an extortion ring that Amazon.com, Inc. and or one of its related entities, such as but not limited to Amazon Web Services, Inc. ("AWS") and or Amazon Technologies, LLC, etc. hosts and or hosted. Amazon has critical documents that need be produced as soon as possible. The information requested includes, but is not limited to, all the information requested regarding the defamatory and harmful "Reviewer" of plaintiff's books on Amazon.com. The defamatory element of this case is not only critical itself as a stand-alone issue: Defamation as a civil tort, *but also as an essential component to an **extortion ring***. Thus it behooves Amazon.com and its related entities to comply with this reasonable subpoena in good faith and produce all the requested documents given the merits noted above.

Sixthly, it's worth pointing out that the arc of your objections, for instance, as when you claim that the subpoena is "Overbroad and Unduly Burdensome", "Vague and Ambiguous", "Failure to Limit Time Period", "Confidentiality, Proprietary, or Trade Secret Information", "Privileged Information", "Not within Amazon's Possession, Custody, or Control", "Improper Request for Legal Conclusion", No Showing of Relevance" etc. is not only frivolous, but worse: an intentional misrepresentation i.e. abuse of legal process. For instance, plaintiff's original subpoena did limit time as when it clearly asks for certain documents "within the last five (5) years." Why you would intentionally falsely misrepresent facts of this exchange shows an astonishing bad faith on your part.

Seventhly, in regard to your objection: "Contrary to the Stored Communications Act." The Stored Communications Act, 18 U.S.C. § 2701 *et seq.* to which you refer was enacted in 1986 i.e. long before our era of titanic online social media platforms and the experience of language that these trillion-dollar tech-leviathans have unleashed. For this reason, this law needs be interpreted with great care, opposite to your regrettable style of hubristic and presumptuous legal thinking, which leaves much to be desired. Why, for instance, do you fail to clarify the meaning of the words: "with limited exceptions" in this objection?

And as for the case law you cite, it is all taken out of context and the reckless way in which you apply it, it becomes irrelevant to this action, thus making your objection, once again, frivolous. *Viacom Intern., Inc. v. Youtube, Inc.* from 2008 is about the illegal use of copyrighted material. In this present case with plaintiff Dr. Murrey there are overt and malicious acts of extortion, defamation and other crimes and civil torts.

Worse, you either negligently or intentionally fail to cite the most interesting part of the sentence to which you refer in *Thayer v. Chiczewski* from 2012: "decisions analyzing the SCA [Stored Communications Act] have defined its parameters in sometimes competing ways".

And while you fail to apply this case law properly, you further fail to see the lack of historical clarity regarding this particular law as well as the everyday facts of this case regarding plaintiff Dr. Murrey. That Amazon is in possession of information critical to entities and individuals who committed extortion and defamation is serious, let me remind you. If someone extorts and or defames and or commits any other serious (or even lesser crime), he or she or it does not get to hide anonymously. *It is highly questionable, to say the least, that Amazon would aggressively seek to aid and abet the anonymity of said criminal individual(s) and or entity(ies) via your frivolous objections.*

Eighthly, as to your objection: "Violation of the First Amendment.": unfortunately for those who anonymously assault and defame innocent people online – and unfortunately for monstrous platform companies like Amazon who profit from said malice –, the tide is turning so that your protracted exploitation of the First Amendment i.e. weakening of the constitution for

3

your own selfish gain, cannot continue. This year, 2020, in *Kabbabe v. Google LLC*, FCA 126, an Australia federal court granted plaintiff Dr. Kabbabe the right to discover the real identity of an anonymous *Yelp* reviewer for his or her potentially defamatory and damaging publications. As noted above, this case with plaintiff Dr. Murrey is even more severe (and legitimate) as it concerns not only an inquiry into defamation and damages from said defamation: *the reviewer seeking to harm Dr. Murrey's character is potentially involved in an extortion ring wherein defamation and harassment of plaintiff – including the reviews on Amazon.com – contributed to plaintiff falling victim to said extortion.*

Given your failure to comprehend this case, as shown by your recklessly unilateral objections to all plaintiff's requests for production of documents, it is no surprise that the case law you cite in regard to the First Amendment are all intentional misrepresentations of case law: each are taken out of context, applied erroneously and have no relevance, in the way you hope, to this present case with plaintiff Dr. Murrey.

Even the case law you cite can be questioned. In *2TheMart.com, Inc.* from 2001 those who suffered are the ones who sought protection and their identities were not relevant to the matters of that action (*2TheMart.com, Inc.*).

And again you fail to cite the most important references in this case, for instance, when the same court in the same order makes the following reference to *Columbia Ins. Co. v. Seescandy.Com,* 185 F.R.D. 573, 578 (N.D.Cal.1999): "People who have committed no wrongdoing should be free to participate in online forums without fear that their identity will be exposed under the authority of the court." *At issue here is how discovering the identity of the reviewer is directly related to the crimes of extortion, defamation, etc. i.e. "wrongdoing[s]".* This very same federal order you cite goes on to prove the opposite of your position: "The right to speak anonymously is therefore not absolute." And another reference relevant to this present case and to which plaintiff agrees: "discovery requests seeking to identify anonymous Internet users must be subjected to careful scrutiny by the courts." Id. at 13-14. In *Schenk v. United States*, 249 U.S. 47, the Supreme Court established the "clear and present danger rule". *Words can be banned if there is a strong risk that they will encourage criminal activity, for instance, when online defamatory assaults entrap innocent people in extortion rings.*

As a courtesy, furthermore, I would like to advise you to never forget the commonsense of everyday thinking of people and how it can be applied to the law to continue and improve our social, political and legal state. Vital and relevant here is the following serious issue which you thus far have failed to confront: *Conflating the anonymity of speech on the Internet with the fundamental right of free speech during the creation of the Constitution is questionable. The reason why speech was originally protected – and incidentally the reason why the American Constitution contains within it the potential for greatness – is because the Constitution refused to allow the speech of a tyrant (for instance, seditious language against the king) limit the speech of the people.* <u>*Let us not forget that the first amendment is tied to the topic of religion. The tyrant king, by way of his claim to embody the spirit of god, could not be held accountable individually – and in this sense also represented anonymity.*</u> ***Free speech for the people does not mean suffering the speech of an anonymous tyrant, such as the reviewer on Amazon.com that plaintiff suffers.*** And this leads to why your reference to *Awtry v. Glassdoor, Inc.* 2016 is also intentionally misleading.

In this case, evidence for potential defamation was weak: "The fact that the Glassdoor posts occurred almost a year after Awtry allegedly called Mackie a liar also appears to diminish the significance of this evidence for proving Awtry's truth defense." But in this present case with

4

plaintiff Dr. Murrey, the reviewer's posting occurred exactly at the same time when plaintiff was
being defamed and extorted through several online platforms simultaneously. As *Awtry v.
Glassdoor* shows, the real measure of this issue is a "real evidentiary basis for believing that the
defendant has engaged in wrongful conduct that has caused real harm to the interests of the
plaintiff that the laws plaintiff has invoked were intended to protect." 85 F. Supp. 2d at 975. Here
there is real evidence that plaintiff was extorted, defamed and suffered further crimes and civil
torts. His requests for production of documents via his subpoena could hardly be clearer and
more legitimate.

Dr. Stewart Lucas Murrey
Plaintiff in Pro Se