UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Gabriela Garcia | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court are Motions to Dismiss filed by defendants Domingo Rivera ("Rivera") (Docket No. 26), Rivera Law Group PLC ("Rivera Law") (Docket No. 27), Internet Reputation Control ("IRC") (Docket No. 28), and PRVT LLC ("PRVT") (Docket No. 29) (collectively, the "Rivera Defendants"), and a Motion to Dismiss or Transfer filed by defendants Aaron Minc ("Minc"), Minc Law ("Minc Law") (collectively, the "Minc Defendants"), and Anthony Will ("Will) and Digital Revolution LLC (also known as Reputation Resolutions) (collectively, the "Will Defendants") (Docket No. 31).[1] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters are appropriate for decision without oral argument. The hearing calendared for December 21, 2020, is vacated, and the matter taken off calendar.

## I.  Factual and Procedural Background

Plaintiff commenced this action on July 13, 2020, when he filed his Complaint against www.cheaterreport.com for defamation and violations of his statutory and common law publicity rights under California law. Because the original Complaint did not allege a statutory or other basis for the Court's exercise of subject matter jurisdiction as required by Federal Rule of Civil Procedure 8(a) and Local Rule 8-1, the Court dismissed the original Complaint with leave to amend. Plaintiff then filed the First Amended Complaint ("1st AC") on August 3, 2020, which dropped www.cheaterreport.com as a defendant, added 13 new defendants, and asserted RICO claims, plus claims for fraud, civil conspiracy, unfair business practices pursuant to California

---

[1]  A third group of defendants, Brandyourself.com Inc., Christian Tryon, and Tom Vitolo, have filed a Motion to Transfer. That Motion is set for January 25, 2020. Another defendant, Elizabeth Jordan, has not been served and is the subject of an Order to Show Cause regarding lack of prosecution.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

Business and Professions Code section 17200, and claims for violations of his publicity rights under California statutory and common law.

    Plaintiff alleges that individuals who are not named as defendants in the 1st AC posted defamatory comments about him in 2016 and 2017 on www.cheaterreport.com.  Plaintiff alleges that he contracted with individuals and entities, including the Minc Defendants and Will Defendants, to provide reputation defense services, remove the defamatory information, and generate positive content concerning Plaintiff to reduce the prevalence of the derogatory information in internet search results about him.  The contract Plaintiff entered into with the Will Defendants provides: "Each of the parties hereto consent to the exclusive jurisdiction and venue of the courts of Charlotte, NC."  Plaintiff's contract with the Minc Defendants provides: "Any dispute arising out of or under this agreement shall be subject only to the Bedford Municipal Court unless the jurisdictional limits for said Municipal Court shall be exceeded at which time the Cuyahoga County Court of Common Pleas shall have sole jurisdiction."

    The 1st AC alleges that the Rivera Defendants operate and maintain www.cheaterreport.com.  (1st AC at ¶ 30.)  Plaintiff asserts that the defendants who provided reputation defense services have conspired with the Rivera Defendants, and other entities Plaintiff has sued or intends to add as defendants, to operate an extortion ring, through which those providing reputation defense services funnel money they obtain from those like Plaintiff who have been victimized by derogatory internet posts to the websites like www.cheaterreport.com, which publishes the defamatory material.  Plaintiff, who has frequently stated in documents filed with the Court that he has a PhD from Yale and is a published scholar, has, in more recent filings, asserted that the conspiracy he describes in the 1st AC is broader than what he initially alleged.  His Oppositions to the pending Motions to Dismiss, and other more recently-filed documents, for instance, include references to Jeffrey Epstein, Ghislane Maxwell, the CIA, Israeli and Saudi Arabian intelligence services, Amazon, Jeff Bezos, and others.

    In their Motion to Dismiss, the Rivera Defendants contend that this Court lacks personal jurisdiction over them because they reside in Virginia, do not have sufficient contacts with California to support personal jurisdiction here, and that the claims alleged in the Complaint do not arise out of conduct they directed at California.  The Minc Defendants and Will Defendants seek to dismiss the claims asserted against them, or, in the alternative, transfer venue, because they have insufficient contacts with the Central District to support the exercise of personal jurisdiction over them and the contracts Plaintiff executed with the Minc Defendants and Will Defendants include forum selection clauses requiring litigation between Plaintiff and those defendants to occur in Ohio for the Minc Defendants and in North Carolina for actions between Plaintiff and the Will Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

## II. Legal Standards for Personal Jurisdiction

A defendant may move to have a complaint dismissed for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). The plaintiff bears the burden of establishing personal jurisdiction. Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). If a court has not heard testimony or made factual determinations, however, the plaintiff must only make a prima facie showing of personal jurisdiction. Id. The plaintiff may use affidavits of knowledgeable witnesses in meeting its burden of proving jurisdiction. Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977). In determining whether the plaintiff has met this burden, a court must take the allegations in the plaintiff's complaint as true and resolve disputed jurisdictional facts in the plaintiff's favor. Am. Tel. & Tel. Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588-89 (9th Cir. 1996).

Before this Court can exercise jurisdiction, an applicable state rule or statute must potentially confer personal jurisdiction over the out-of-state defendant. Fed. R. Civ. P. 4(k). The California long-arm statute provides that a court may exercise jurisdiction on any basis not inconsistent with the State Constitution or the Constitution of the United States. Cal. Civ. Proc. Code § 410.10. Section 410.10 thus imposes limits on the power of California courts to exercise personal jurisdiction that are "coextensive with the outer limits of due process under the state and federal constitutions, as those limits have been defined by the United States Supreme Court." Data Disc, 557 F.2d at 1286 (quoting Republic Int'l Corp. v. Amco Eng'rs, Inc., 516 F.2d 161, 167 (9th Cir. 1975).

A defendant's activities involving the forum state should be such that the defendant "should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 62 L. Ed. 2d 490 (1980). Courts have adopted a two-tiered approach to analyze whether a non-resident defendant's contacts with the forum state are sufficiently substantial so as to comport both with the Constitution and with traditional notions of fair play and substantial justice. Int'l Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945). This two-tiered approach involves a determination of whether a court has general or specific jurisdiction over a defendant. See Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).

### A. General Jurisdiction

General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) (citing Helicopteros

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 (1984)). The contacts with the forum state must be of a sort that "approximate physical presence." Id.; see also Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004) ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." (citing Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986))).

Plaintiff does not contend that the Court possesses general personal jurisdiction over the Rivera Defendants, Will Defendants, or Minc Defendants. Instead, his Oppositions to their Motions to Dismiss focus on the exercise of the Court's specific personal jurisdiction over the Rivera Defendants, Will Defendants, and Minc Defendants.

### B.  Specific Jurisdiction

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" Walden v. Fiore, 571 U.S. 277, 283-84, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 775, 104 S. Ct. 1473, 1478, 79 L. Ed. 790 (1984)). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." Id. at 284, 134 S. Ct. at 1121. In analyzing the relationship between the defendant, the forum, and the particular lawsuit, "the relationship must arise out of contacts that the 'defendant himself' creates with the forum State" and that analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Id. at 284-85, 134 S. Ct. at 1122; see also id. at 285, 134 S. Ct. at 1122 ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); id. at 286, 134 S. Ct. at 1123 ("To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction."). "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interaction with other persons affiliated with the State." Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)).

The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

      (1)      The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

      (2)      The claim must be one which arises out of or relates to the defendant's forum-related activities; and

      (3)      The exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Schwarzenegger, 374 F.3d at 802 (quoting Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir. 1987)); see Sinatra v. Nat'l Enquirer, Inc., 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 476-78).

      A "purposeful availment" analysis is usually used in suits sounding in contract while a "purposeful direction" analysis is typically employed in a tort action. Schwarzenegger, 374 F.3d at 802. A defendant purposefully avails himself of the privilege of conducting activities in the forum by deliberately "engag[ing] in significant activities within a State or [creating] 'continuing obligations' between himself and the residents of the forum." Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990) (quoting Burger King, 471 U.S. at 475-76). Purposeful availment "typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d at 802. The purposeful direction test applied in tort cases applies the "effects" test derived from Calder v. Jones, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984), and requires "that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." Dole Food Co. v. Watts, 303 F.3d 1104, 1111 (9th Cir. 2002) (citing Bancroft & Masters, 223 F.3d at 1087; Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995)). "[W]hile a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent complaint with what Walden requires." Axiom Foods, Inc. v. Acerchem Int'l, Inc., 874 F.3d 1064, 1070 (9th Cir. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

The second requirement that the "claim must be one which arises out of or relates to the defendant's forum-related activities" is met if the plaintiff would not have been injured "but for" the defendant's activities. Panavision, 141 F.3d at 1322. Finally, the third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

  (1) The extent of purposeful interjection into the forum state;
  (2) The burden on the defendant of defending in the forum;
  (3) The extent of conflict with the sovereignty of defendant's state;
  (4) The forum state's interest in adjudicating the dispute;
  (5) The most efficient judicial resolution of the controversy;
  (6) The importance of the forum to plaintiff's interest in convenient and effective relief; and
  (7) The existence of an alternative forum.

FDIC v. British-Am. Ins. Co., 828 F.2d 1439, 1442 (9th Cir. 1987) (citing Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 840 (9th Cir. 1986); Lake, 817 F.2d at 1421-22; Corp. Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 790 (9th Cir. 1987)).

**III.** **Legal Standards for Enforcement of Forum Selection Clauses**

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." Atlantic Marine Const. Co. v. U.S. Dist. Court, 571 U.S. 49, 56, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013).

Under 28 U.S.C. § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." The section 1404 transfer analysis has two steps: (1) determining whether the district to which the moving party seeks to transfer meets the requirement of being one where the case

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

"might have been brought"; and (2) if it does, determining whether transfer would serve the convenience of parties and witnesses and the "interest of justice." See 28 U.S.C. § 1404(a). The "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. A court may transfer venue in response to a motion by either party in the case, or upon its own motion. See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) (quoting Weight Watchers Int'l, Inc. v. Stouffer Corp., No. 88 CIV 7062 (MBM), 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989)).

"Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atlantic Marine, 571 U.S. at 59, 134 S. Ct. at 579. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62, 134 S. Ct. at 581. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60, 134 S. Ct. at 579 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (Kennedy, J., concurring)).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Id. at 63, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight," and instead "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 63, 134 S. Ct. at 581. Second, the court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. at 64, 134 S. Ct. at 582. Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. Upon transfer, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 65-66, 134 S. Ct. at 583.

Federal law determines the validity and enforceability of a forum-selection clause. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) Doe 1, 552 F.3d at 1083; LaCross v. Knight Transp., Inc., 95 F. Supp. 3d 1199, 1203 (C.D. Cal. 2015). "[F]orum section clauses are presumptively valid." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (discussing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); and citing Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir.

Case 2:20-cv-06217-PA-SK   Document 62   Filed 12/18/20   Page 8 of 12   Page ID #:1884

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

1991)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Id. (quoting Bremen, 407 U.S. at 15). There are "three reasons that would make enforcement of a forum selection clause unreasonable: (1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)); see Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). "[A] party opposing enforcement of a forum selection clause must show that the inclusion of the forum clause itself was the product of fraud or overreaching." Joseph v. Amazon.com, Inc., No. C12-06256 HRL, 2013 WL 4806462, at *5 (citing Richards, 135 F.3d at 1297); see also Batchelder v. Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998).

**IV.    Analysis**

    **A.    Motions to Dismiss for Lack of Personal Jurisdiction**

In Walden, the Supreme Court recently emphasized that even when a defendant may know that a plaintiff is likely to suffer harm in a particular location, that knowledge is not enough to satisfy the express aiming or purposeful direction prongs of the personal jurisdiction analysis. 571 U.S. at 284-85, 134 S. Ct. at 1122. The fact that Plaintiff lives in the Central District, and alleges that he suffered harm here as a result of the conduct of defendants, is therefore insufficient to support this Court's exercise of personal jurisdiction over the Rivera Defendants, Will Defendants, or Minc Defendants.

The Court also rejects Plaintiff's efforts to support the exercise of personal jurisdiction based on the Rivera Defendants' use of internet domain name registration services provided by Cloudfare, Inc. The Rivera Defendants' apparent use of services provided by Cloudfare, which is headquartered in California, does not establish that the Rivera Defendants suit-related conduct is aimed at or causes harm in California. "To adopt Plaintiffs' reasoning would render the 'expressly aimed' prong of the Calder test essentially meaningless as it has become ubiquitous for business—large and small—to maintain Facebook and/or other similar accounts for marketing purposes and would subject millions of persons around the globe to personal jurisdiction in California." DFSB Kollective Co. v. Bourne, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012); see also NuboNau, Inc. v. NB Labs, Ltd., CV 10-2631 LAB (BGS), 2012 WL 843503, at *6 (S.D. Cal. Mar. 9, 2012) ("[T]he Court doesn't find that merely engaging Twitter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

and Facebook to promote one's business constitutes purposeful direction at California, simply because Twitter and Facebook happen to be based there . . . .").

As have other Courts, this Court concludes that the ubiquity of internet forums like Facebook, Twitter, YouTube, and other such forums, along with other companies like Cloudfare that provide the infrastructure that allows the internet to function, and the fact that those entities happen to be headquartered in California, does not, without more, allow for the exercise of specific jurisdiction over someone who utilizes those platforms. These are exactly the type of "random, fortuitous, or attenuated" contacts that fall far short of the minimum contacts required to establish this Court's specific jurisdiction over the Rivera Defendants. See Walden, 571 U.S. at 286, 134 S. Ct. at 1123. That the Rivera Defendants are alleged to have operated a website on which other individuals not named in this action posted derogatory information about Plaintiff does not, on its own, establish this Court's personal jurisdiction over the Rivera Defendants. See Mavrix Photo, Inc. v. Brand Technologies, Inc., 647 F.3d 1218, 1229 (9th Cir. 2011) (acknowledging the Ninth Circuit's "struggle" to determine the extent of personal jurisdiction involving "tortious conduct on a nationally accessible website" and considering "several factors, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident"). At most, it is the third parties who posted the information about Plaintiff, and not the Rivera Defendants, who individually targeted Plaintiff, knowing he resided in California.

The Court similarly finds that the contractual relationships that Plaintiff entered into with the Will Defendants and Minc Defendants do not support the Court's exercise of personal jurisdiction over them. According to Plaintiff, he sought out the services of the Will Defendants and Minc Defendants, but he has provided no evidence that the Minc and Will Defendants targeted California or that his claims against them arise out of the Minc and Will Defendants having targeted California. See Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008) ("The arrangement between Boschetto and Hansing which is, at bottom, a contract for the sale of a good, is insufficient to have created a substantial connection with California. . . . Neither Boschetto's complaint nor his affidavit in opposition to dismissal point to any continuing commitments assumed by the Defendants under the contract. Nor did performance of the contract require the Defendants to engage in any substantial business in California."). Although the Minc and Will Defendants may have provided services to Plaintiff after he reached out to them, the performance of those services did not occur in California or require substantial business in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

Additionally, the Court concludes that even if Plaintiff had otherwise satisfied the requirements for the exercise of specific personal jurisdiction over the Rivera Defendants, Will Defendants, and Minc Defendants, the exercise of that authority would not be reasonable in these circumstances. See British-Am. Ins. Co., 828 F.2d at 1442. Nothing about these facts suggest that the Rivera Defendants, Minc Defendants, or Will Defendants could "reasonably anticipate being haled into court" here for the claims asserted in this action. See World-Wide Volkswagen Corp., 444 U.S. at 297, 100 S. Ct. 559, 62 L. Ed. 2d 490. Particularly with respect to the Rivera Defendants, this Court declines Plaintiff's invitation to eviscerate the requirements for personal jurisdiction by imposing personal jurisdiction in California for anyone who operates a website that uses a California-based business to provide ancillary internet-related services.

Finally, the Court concludes that RICO's § 1965(b) does not support the exercise of personal jurisdiction over these defendants. Specifically, RICO § 1965(b) allows for nationwide service of process when "it is shown that the ends of justice require" that parties residing in other districts be brought before the Court when at least one RICO defendant "resides, is found, has an agent, or transacts his affairs" in the district in which the action is instituted. 18 U.S.C. § 1965(a) & (b). The Ninth Circuit has explained:

> As section 1965(b) makes clear, the right to nationwide service in RICO suits is not unlimited. For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators. This standard does not create jurisdictional gaps because it does not prevent plaintiffs from pursuing separate suits against nonresident RICO defendants who did not participate in the single racketeering enterprise. Thus, merely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions.

Butcher's Union Local No. 498 v. SDC Inv., Inc., 788 F.2d 535, 539 (9th Cir. 1986). At a minimum, Plaintiff has not established that another district, such as the United States District Court for the Eastern District of Virginia where the Rivera Defendants are located, would not have jurisdiction over the defendants involved in the RICO conspiracy that Plaintiff has alleged in an implausible, conclusory, factually devoid, and otherwise inadequate manner. Allowing a plaintiff to take advantage of RICO's nationwide jurisdiction provision based on implausible conspiracy claims like those alleged in the 1st AC would not serve the "ends of justice,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

particularly where there is another forum that, accepting Plaintiff's allegations as true, would have personal jurisdiction over the members of the conspiracy.

### B. Will Defendants' and Minc Defendants' Motion to Transfer

The Court rejects Plaintiff's efforts to escape the forum selection clauses contained in the contracts he entered with the Minc Defendants and Will Defendants. Plaintiff, a Yale-educated scholar with an advanced degree, has not provided any evidence to support his contention that the forum selection clauses are unenforceable as a result of fraud. Specifically, even if the Minc and Will Defendants defrauded Plaintiff as he alleges, Plaintiff has provided no evidence that the inclusion of the forum selection clauses themselves was the result of fraud. See Richards, 135 F.3d at 1297. Nor has Plaintiff otherwise met his "heavy burden" to call into question the presumption of validity of the forum selection clauses or established that he would be deprived of his day in court or that public policy would be contravened should the forum selection clauses be enforced. See Murphy, 362 F.3d at 1140. Therefore, if the Court had not already concluded that it lacks personal jurisdiction over the Will and Minc Defendants, it would have enforced the forum selection clauses.

### V. Jurisdictional Discovery

Plaintiff alternatively seeks jurisdictional discovery. A court may properly deny a request for jurisdictional discovery that is "based on little more than a hunch that it might yield jurisdictionally relevant facts." Boschetto, 539 F.3d at 1020 (citing Butcher's Union Local No. 498, 788 F.2d at 540). The Court also need not permit discovery when it is based on speculation that contradicts actual evidence. See Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006) ("[W]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by defendants, the Court need not permit even limited discovery . . . .") (quoting Terracom v. Valley Nat'l Bank, 49 F.3d 555, 562 (9th Cir. 1995)). Plaintiff's theory of personal jurisdiction is contrary to established legal precedent, and the discovery he seeks is nothing more than a burdensome fishing expedition based on a "hunch" that Plaintiff will uncover the existence of contacts between these defendants and this forum and of evidence to support the implausible conspiracy alleged in his 1st AC. Because Plaintiff fails to demonstrate what discovery could uncover that would establish personal jurisdiction in light of the Court's analysis, Plaintiff's request for discovery is denied. See Wells Fargo & Co. v. Wells Fargo Express Co., 556 F.2d 406, 430 n.24 (9th Cir. 1977) ("[A] refusal [to permit jurisdictional discovery] is not an abuse of discretion when it is clear that further discovery would not demonstrate facts sufficient to constitute a basis for jurisdiction.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 18, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

## Conclusion

For all of the foregoing reasons, the Court concludes that Plaintiff has not, and cannot, establish that the Rivera Defendants, Minc Defendants, or Will Defendants purposefully availed themselves of, or directed their activities at, California. As a result, this Court lacks personal jurisdiction over the Rivera Defendants, Minc Defendants, and Will Defendants. The Court therefore grants their Motions to Dismiss for Lack of Personal Jurisdiction.

IT IS SO ORDERED.