Vincent Cox (SBN 070511)
  *CoxV@ballardspahr.com*
Loralee Sundra (SBN 162732)
  *SundraL@ballardspahr.com*
**Ballard Spahr LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel.: 424.204.4400; Fax: 424.204.4350

Attorneys for Defendants
BRANDYOURSELF.COM, INC., TOM VITOLO, and CHRISTIAN TRYON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**NOTICE OF DEFENDANTS' MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Proposed Order filed concurrently herewith]<br><br>**JUDGE**: Hon. Percy Anderson<br>**DATE**: January 25, 2021<br>**TIME**: 1:30 PM<br>**CTRM**: 9A |

DMWEST #40775352 v1

**NOTICE OF DEFENDANTS' MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, on January 25, 2021 at 1:30 P.M., or as soon thereafter as this Motion may be heard, in Courtroom 9A of the Courthouse for the United States District Court for the Central District of California, located at 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, Defendants BrandYourself.com, Inc., Tom Vitolo, and Christian Tryon ("Defendants"), will and hereby do move the Court for an Order dismissing the First Amended Complaint filed in this action by Plaintiff Dr. Stewart Lucas Murrey ("Plaintiff").

As explained in more detail in the accompanying Memorandum in support of this Defendants' Motion to Dismiss, this Motion is made on the grounds that Plaintiff has not and cannot plead his claims for relief, because Plaintiff's allegations of wrongdoing are conclusory and implausible, and the facts pled negate the causes of action.

This Motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on December 8, 2020. The parties were unable to reach a resolution of the matters raised by this Motion. This Motion is based on this Notice, and upon the papers, records, and pleadings of the case herein. For the foregoing reasons, the Court should dismiss the First Amended Complaint in its entirety with prejudice as to Defendants BrandYourself.com, Inc., Tom Vitolo, and Christian Tryon.

DATED:  December 22, 2020         **BALLARD SPAHR LLP**

By:   /s/ *Vincent Cox*
       VINCENT COX
       LORALEE SUNDRA

Attorneys for Defendants
BRANDYOURSELF.COM, INC., TOM VITOLO, and CHRISTIAN TRYON

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................1

II. RULE 12 (b)(6) REQUIRES DISMISSAL OF THE CLAIMS AGAINST MOVING DEFENDANTS.......................................................................2

    A. Counts 1-3. ..................................................................................................4

    B. Count 4. .......................................................................................................6

    C. Count 5. .......................................................................................................7

    D. Count 6. .......................................................................................................8

    E. Count 7. .......................................................................................................8

    F. Count 8. .......................................................................................................9

III. CONCLUSION. ...................................................................................................9

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

DMWEST #40775352 v1                                    i

**NOTICE OF DEFENDANTS' MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alan Neuman Productions, Inc. v. Albright*,
  862 F.2d 1388 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989) .......................... 5

*Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*,
  7 Cal. 4th 503 (1994) ................................................................................................ 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................. 2

*Assoc. Gen. Contractors of Am. v. Metropolitan Water Dist.*,
  159 F.3d 1178 (9th Cir. 1998) ............................................................................. 2, 6

*Balistreri v. Pacifica Police Dep't.*,
  901 F.2d 696 (9th Cir. 1990) .................................................................................... 2

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................. 2

*Callanan v. United States*,
  223 F.2d 171(8th Cir.), *cert. denied*, 350 U.S. 862(1955) ...................................... 6

*Cedric Kushner Promotions, Ltd. v. King*,
  533 U.S. 158 (2001) .................................................................................................. 5

*Cisco Systems, Inc. v. STMicroelectronics, Inc.*,
  77 F.Supp.3d 887 (N.D. Cal. 2014) ......................................................................... 7

*Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*,
  528 F.3d 1001 (8th Cir. 2008) .................................................................................. 4

*Crest Constr. II, Inc. v. On Time Auto*,
  No. 07-0728, 2010 U.S. Dist. LEXIS 88798 (W.D. Mo. Aug. 27, 2010) ............... 3

*Destfino v. Reiswig*,
  630 F.3d 952 (9th Cir. 2011) .................................................................................... 8

*Haskin v. R.J. Reynolds Tobacco Co.*,
  995 F.Supp. 1437 (M.D.Fla.1998) ........................................................................... 8

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

*Holmes v. Sec. Investor Prot. Corp.*,
    503 U.S. 258 (1992) .................................................................................................... 4

*Howard v. America Online, Inc.*,
    208 F.3d 741 (9th Cir. 2000) .................................................................................. 2, 6

*Jennings v. Emry*,
    910 F.2d 1434 (7th Cir. 1990) ................................................................................ 2, 6

*Kendall v. VISA U.S.A., Inc.*,
    518 F.3d 1042 (9th Cir. 2008) .................................................................................... 8

*Miller v. Yokohama Tire Corp.*,
    358 F.3d 616 (9th Cir. 2004) ...................................................................................... 4

*Miranda v. Ponce Fed. Bank*,
    948 F.2d 41 (1st Cir. 1991) ........................................................................................ 3

*Moore v. Kayport Package Express, Inc.*,
    885 F.2d 531 (9th Cir.1989) ....................................................................................... 8

*Odom v. Microsoft Corp.*,
    486 F.3d 541 (9th Cir. 2007) (*en banc*), *cert. denied*, 552 U.S. 985
    (2007) .......................................................................................................................... 5

*Reves v. Ernst & Young*,
    507 U.S. 170 (1983) .................................................................................................... 5

*Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Ill.*,
    424 F.3d 659 (7th Cir. 2005) ...................................................................................... 6

*Schreiber Distributing Co. v. Serv-Well Furniture Co.*,
    806 F.2d 1393 (9th Cir. 1986) ................................................................................ 4, 5

*Sedima, S.P.L.R. v. Imrex Co.*,
    473 U.S. 479 (1985) .................................................................................................... 4

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...................................................................................... 6

*Stone v. Baum*,
    409 F.Supp.2d 1164 (D. Ariz. 2005) .......................................................................... 2

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) .................................................................................. 7, 8

*In re Syntex Corp.* Sec. Litig.,
   95 F.3d 922 (9th Cir. 1996) ................................................................................ 2

*United States v. Sullivan*,
   522 F. 3d 967 (9th Cir. 2008) ............................................................................... 5

*United States v. Zemek*,
   634 F.2d 1159 (9th Cir. 1980) .............................................................................. 6

*Wagh v. Metris Direct, Inc.*,
   348 F.3d 1102 (9th Cir. 2003) .............................................................................. 7

**Rules and Statutes**

18 U.S.C. § 1343 .......................................................................................................... 5

18 U.S.C. § 1951 ..................................................................................................... 5, 6

18 U.S.C. § 1961 .......................................................................................................... 4

18 U.S.C. § 1962 ..................................................................................................... 4, 6

Cal. Business & Professions Code 17200, *et seq.* ..................................................... 8

Cal. Civil Code Section 3344 ..................................................................................... 9

Fed. R. Civ. P. Rule 9(b) ................................................................................. 3, 5, 7, 8

Fed. R. Civ. P. Rule 12(b)(6) ...................................................................................... 2

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DMWEST #40775352 v1        iv
**NOTICE OF MOTION AND MOTION TO DISMISS**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendants BrandYourself.com, Inc ("BrandYourself"), Tom Vitolo, and Christian Tryon (collectively ("Moving Parties"), submit this Memorandum in support of their Motion to Dismiss the First Amended Complaint ("FAC").

## I. INTRODUCTION

The court is now familiar with the allegations of the FAC, as they have already been the subject of considerable motion practice. This will be a relatively brief memorandum because, of the 130 paragraphs in the FAC, the alleged actions of Moving Parties are mentioned specifically in but six (6), including ¶¶12-14 (identifying them as parties), ¶43 (alleging that they received money from Plaintiff and used it to pay cheaterreport.com), ¶60 (alleging that they received money from Plaintiff and "worked with" others operating cheaterreport.com), and ¶64 (alleging that they formed an association-in-fact with the other defendants by which the other defendants would "fraudulently and mortally shame plaintiff" to then in turn solicit his removal payments).

In these few paragraphs containing substantive allegations against the Moving Parties, Plaintiff illustrates the insufficiency and implausibility of his claims against these parties. For nowhere in the FAC does Plaintiff specifically claim that the Moving Parties ever were in the business of obtaining removal of adverse internet references. Apart from the multitude of paragraphs in which Plaintiff declaims against the lumped together blob he calls "the Defendants" or the "Cheater Extortion Ring", Plaintiff never alleges that the Moving Parties ever said anything specific to him that was false, or failed to do exactly what he paid them to do, or said or did anything that placed him under duress in order to extort money from him, or promised in any way, shape, or form to remove or attempt to remove the various derogatory statements that were made against him on the internet, apparently by some of Plaintiff's disgruntled romantic acquaintances.  The Moving Parties are innocent bystanders who can only be kept in the case if plaintiff can demonstrate the

plausibility of his factually unsupported claims that they are secret conspirators with whoever happens to own the scrofulous website cheaterreport.com. He cannot. Nor can he show that his various state claims properly state a basis for relief

## II. RULE 12 (b)(6) REQUIRES DISMISSAL OF THE CLAIMS AGAINST MOVING DEFENDANTS

On a Rule 12(b)(6) motion, the court may dismiss a complaint "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990). In order "[t]o survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To satisfy the plausibility standard of *Iqbal* and *Twombly*, the plaintiff may not simply rely on legal conclusions, which the Supreme Court has instructed shall not be "accepted as true." *Iqbal*, 556 U.S. at 678; *see also In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim"). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 570.

In the RICO context in particular, "conclusory allegations are insufficient to preclude dismissal." *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000), citing *Assoc. Gen. Contractors of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990) ("In pleading [RICO] predicate acts, conclusory allegations that various statutory provisions have been breached are of no consequence if unsupported by proper factual allegations"); *Stone v. Baum*, 409 F.Supp.2d 1164, 1173 (D. Ariz. 2005).

Plaintiff's claims fail even ordinary pleading standards. Yet, "courts have long held civil RICO complaints to a somewhat higher standard of pleading and required a plaintiff to 'specifically identify and factually plead, each element of a viable RICO claim.'" Gregory P. Joseph, Civil RICO: A Definitive Guide § 23, at 286 (5th ed. 2018). Even before the U.S. Supreme Court raised the bar for specificity in pleading, RICO claims were "not allowed to float freely on a sea of bombast" and courts "need not credit bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, or outright vituperation." *Id*. (quoting *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991)). And a RICO claim alleging fraud must be pleaded with particularity under Rule 9(b). *Crest Constr. II, Inc. v. On Time Auto*, No. 07-0728, 2010 U.S. Dist. LEXIS 88798 (W.D. Mo. Aug. 27, 2010).

RICO does not prohibit any conduct that is not otherwise prohibited. It merely enlarges the civil and criminal consequences, under some circumstances, of a list of state and federal crimes.

In simple terms, RICO is directed against:

(1) any person who

(a) invests in, or

(b) acquires or maintains an interest in, or

(c) conducts or participates in the affairs of, or

(d) conspires to invest in, acquire, or conduct the affairs of

(3) an enterprise

(4) which

(a) engages in, or

(b) whose activities affect,

interstate or foreign commerce

(5) through

(a) the collection of an unlawful debt, or

(b) the commission of a pattern of racketeering activities requiring (1) the

1 commission of two or more predicate offenses, (2) that the predicate offenses be
2 related and not simply isolated events, and (3) that they are committed under such
3 circumstances that suggest either a continuity of criminal activity or the threat of
4 such continuity.

### A. Counts 1-3.

In his first three Counts, Plaintiff asserts direct liability under 18 U.S.C. § 1962(a)-(c). For direct liability, the requirements of §1962 (a), (b), and (c) must be established as to each individual defendant. *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). RICO proscribes "'[r]acketeering activity' [that] is defined in 18 U.S.C. § 1961(1)(B) as including any act 'indictable' under certain enumerated federal criminal statutes…." *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1399 (9th Cir. 1986); *see also Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004). The conduct relied upon to support a civil RICO action thus must be indictable. *Sedima, S.P.L.R. v. Imrex Co.,* 473 U.S. 479, 481-82 (1985); *Miller*, 358 F.3d at 620; *Schreiber*, 806 F.2d at 1399-1400. The plaintiff must plead (and prove) each prong of the predicate offense, or "racketeering activity," to maintain a civil action under the RICO statute. *Sedima*, 473 U.S. at 488-92.

First, there are no "predicate acts" of extortion, or wire fraud on which to hang a RICO claim, because Moving Parties are simply not alleged to have done such things. To plausibly allege a RICO violation, he must show the existence of a racketeering enterprise that was engaged in interstate commerce; each defendant's association with the enterprise; its participation in the conduct of the affairs of the enterprise; and that its participation was through a pattern of racketeering activity. He has not plausibly or specifically pled any of these elements. Nor has he plausibly pled that the Moving Parties' web creation and social media services were not worth what he paid, and thus proximately caused or contributed to any injury cognizable under RICO. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 267-268 (1992).

To state a claim under 1962(c), the Moving Parties must also be alleged to have "conducted" the affairs of the enterprise, "not just their own affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1983). Plaintiff doesn't allege this, in other than a formulaic manner. There are no "predicate acts" of extortion or wire fraud on which to hang a RICO claim, because Moving Parties are simply not alleged to have done such things. Here, Plaintiff tries to allege that Moving Parties committed the predicate acts of wire fraud (18 U.S.C. §1343) and Hobbs Act extortion (18 U.S.C. § 1951).

To make out a RICO claim under a wire fraud theory, Plaintiffs must allege facts:

(1) that Moving Parties formed a scheme or artifice to defraud;

(2) that they used or caused the use of the United States' wires in furtherance of the scheme; and

(3) that they did so with the specific intent to deceive or defraud.

*Schreiber,* 806 F.2d at 1399-1400; *accord United States v. Sullivan*, 522 F. 3d 967, 975 (9th Cir. 2008).

Plaintiff has not pled these elements; nor could he, inasmuch as the web creation and other positive social media services the Moving Parties contracted to provide are not alleged to be contingent upon the removal or non-removal of the derogatory statements about Murrey on other websites. He does not allege that Moving Parties specifically did or said anything that was material regarding the transaction that would be indicative of a specific intent to deceive or defraud Plaintiff, or facts that could be construed as supporting such an inference. The specificity-in-pleading requirements of Fed. R. Civ. P. 9(b) for claims of "fraud" or "duress" apply to a fraud or duress-based RICO claim. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007) (*en banc*), *cert. denied*, 552 U.S. 985 (2007); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989).

As regards the purported "extortion", under the Hobbs Act, 18 U.S.C. § 1951, plaintiff must allege, *inter alia*, (1) that he was fearful, (2) that his fear was reasonable, and (3) that Moving Defendants said or did something that made use of that fear in order to extort money or property from him. *Callanan v. United States*, 223 F.2d 171(8th Cir.), *cert. denied*, 350 U.S. 862(1955). "To prove the substantive act of attempted extortion there must be proof of an attempt to instill fear." *United States v. Zemek*, 634 F.2d 1159, 1174 (9th Cir. 1980). Such fear must be reasonable. *See, e.g.*, *Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Ill.*, 424 F.3d 659, 672 (7th Cir. 2005). Here, no allegation is made that Moving Defendants expressed anything that would have caused Murrey to reasonably fear that, unless he hired BrandYourself (as opposed to the multitude of other online reputation management companies) to assist him with his online reputation issues, dire consequences would certainly ensue.

### B.  Count 4.

In Count 4, alleging liability under RICO's conspiracy provision 18 U.S.C. § 1962(d), Plaintiff has not properly pled plausible allegations that Moving Parties entered into a conspiracy to commit any predicate acts of extortion or wire fraud nor that they intended that others do so. The limited circumstantial evidence Plaintiff cites in support of a conspiracy is also not plausible. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (court not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences"). In the RICO context in particular, "conclusory allegations are insufficient to preclude dismissal." *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000), citing *Assoc. Gen. Contractors of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990) ("In pleading [RICO] predicate acts, conclusory allegations that various statutory provisions have been breached are of no

1  consequence if unsupported by proper factual allegations").

2  Plaintiff's misuse of broad brush, implausible accusations of "conspiracy"
3  calls upon this court to serve its well established gatekeeper function in ferreting out
4  obvious abuses of the RICO statute, with its *in terrorem* prospect of treble damages.
5  The "need for expeditious and orderly progress of litigation is particularly
6  pronounced in a civil RICO suit because of its quasi criminal nature and consequent
7  stigmatizing effect on those named as defendants. Courts should therefore strive to
8  flush out frivolous RICO allegations at an early stage of the litigation." *Wagh v.*
9  *Metris Direct, Inc.*, 348 F.3d 1102, 1108 (9th Cir. 2003).

10  **C.  Count 5.**

11  The Fifth Claim, for Fraud, lacks merit as well as plausibility because it fails
12  to explain how any statements made by Moving Parties (which are not specifically
13  set forth in the FAC, but in any case are not alleged to be related to removal services)
14  could have been material to his decision to hire BrandYourself. Nor does Plaintiff
15  allege that the services Moving Parties agreed to provide were not worth what
16  Plaintiff paid. The Fifth Claim once again violates Fed. R. Civ. P. Rule 9(b) by
17  failing to state with particularity the false words that were allegedly spoken by
18  Moving Parties, or who spoke them, when, why they were material to Plaintiff's
19  decision to contract with BrandYourself, and why they harmed him.  To plead a
20  claim of intentional misrepresentation, Plaintiff must allege "(1) a misrepresentation;
21  (2) knowledge of falsity; (3) intent to induce reliance; (4) actual and justifiable
22  reliance, and (5) resulting damages." *Cisco Systems, Inc. v. STMicroelectronics, Inc.*,
23  77 F.Supp.3d 887, 897 (N.D. Cal. 2014). Each element must be pleaded with
24  particularity. *Id*. Plaintiff must specifically indicate the "time, place, and specific
25  content of the false representations as well as the identities of the parties to the
26  misrepresentation." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).
27  Plaintiff fails to satisfy the heightened pleading standard of Rule 9(b). Any recitation
28  of what was actually said would demonstrate the frivolousness of the fraud claim.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Rule 9(b) does not allow a complaint to merely lump multiple defendants together but "require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F.Supp. 1437, 1439 (M.D.Fla.1998) (citation, quotation omitted). In the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, "identif[y] the role of [each] defendant [ ] in the alleged fraudulent scheme." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir.1989). *Swartz v. KPMG LLP*, 476 F.3d 756, 764-965 (9th Cir. 2007); *accord Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

### D.    Count 6.

The Sixth Claim, for Conspiracy, suffers from the implausibility and vagueness regarding the creation and operation of the conspiracy as the first five Counts. In order to plead facts sufficient to establish a conspiracy, Plaintiff must plead specific facts, including "who did what, to whom (or with whom), where, and when," *Kendall v. VISA U.S.A., Inc.*, 518 F.3d 1042, 1047-48 (9th Cir. 2008). Furthermore, "[c]onspiracy is not a cause of action," AREI II Cases, 216 Cal. App. 4th 1004, 1021 (2013), but is merely a theory of vicarious liability. *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 511 (1994). As such, the claim would be redundant even if it otherwise alleged actionable conduct by the Moving Parties.

### E.    Count 7.

The Seventh Claim alleges violations of B&P Code 17200, *et seq.*, by the actions of unspecified defendants who violated RICO, wiretapped him, and trespassed on his property to wiretap. FAC ¶110.  Plaintiff does not specifically allege that any of the Moving Parties did any of these things, nor when they occurred, who did the things, or any other facts that would imbue the claim against the Moving Parties with merit or plausibility. Once again, Plaintiff merely lumps the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Moving Parties together with the other Defendants, without providing anything more than threadbare conclusions of law. For the reasons previously stated, Count 7 should be dismissed as against the Moving Parties.

### F. Count 8.

The Eighth Claim alleges misappropriation of Plaintiff's name and likeness in violation of his statutory right of publicity, Civil Code Section 3344. Here again, he fails to identify any actions by Moving Parties which caused the alleged misappropriation of his name or likeness to occur. Paragraph 24 of the FAC concedes that statements on cheaterreport.com using his name and likeness were placed there months before he ever contacted Moving Parties in February 2017. He thus has not plausibly alleged that Moving Parties played any role in uploading his name and likeness to cheaterreport.com, or in failing to remove it. Count 8 should be dismissed.

## III. CONCLUSION.

For all the foregoing reasons, the motion should be granted. Plaintiff cannot truthfully allege that Moving Parties engaged in any of the implausible illegalities that he alleges, and for that reason, further pursuit of his claims against Moving Parties will be futile.

DATED: December 22, 2020         Respectfully submitted,

**BALLARD SPAHR LLP**

By:   /s/ *Vincent Cox*
      VINCENT COX
      LORALEE SUNDRA

Attorneys for Defendants
BRANDYOURSELF.COM, INC., TOM VITOLO, and CHRISTIAN TRYON