UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None                                                              None

**Proceedings:**    IN CHAMBERS — COURT ORDER

    Plaintiff Stewart Murrey, PhD ("Plaintiff") has filed a second Ex Parte Application for Expedited Discovery and to Extend Time for Service (Docket No. 64). Plaintiff, who is appearing pro se, seeks an extension of time to serve defendant Elizabeth Jordan with the Summons and First Amended Complaint ("1st AC") and for leave to conduct expedited discovery so that he may propound subpoenas on various entities he believes have information to support the RICO claims alleged in his 1st AC and to identify additional defendants.

    Plaintiff commenced this action on July 13, 2020, when he filed his Complaint against www.cheaterreport.com for defamation and violations of his statutory and common law publicity rights under California law. Because the original Complaint did not allege a statutory or other basis for the Court's exercise of subject matter jurisdiction in violation of the requirements of Federal Rule of Civil Procedure 8(a) and Local Rule 8-1, the Court dismissed the original Complaint with leave to amend. Plaintiff then filed the 1st AC on August 3, 2020, which dropped www.cheaterreport.com as a defendant, added 13 new defendants, and asserted a RICO claim, plus claims for fraud, civil conspiracy, unfair business practices pursuant to California Business and Professions Code section 17200, and claims violations of his publicity rights under California statutory and common law.

    Plaintiff alleges that individuals who are not named as defendants in the 1st AC posted defamatory comments about him in 2016 and 2017 on www.cheaterreport.com. Plaintiff alleges that he contracted with individuals and entities, including defendants Anthony Will, Digital Revolution LLC, Tom Vitolo, Christian Tryon, Brandyourself.com, Inc., Aaron Minc, and Minc Law, to provide reputation defense services, remove the defamatory information, and generate positive internet search results for Plaintiff to reduce the prevalence of the derogatory information. The 1st AC also names as defendants Domingo Rivera, and entities associated with Mr. Rivera, including Rivera Law Group PLC, PRVT LLC, and Internet Reputation Control, and Elizabeth Jordan, who is alleged to be a "resident of New York" and "conspiring with the extortion ring of WWW.CHEATERREPORT.COM and said 'removal business

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

enterprises' . . . ." (1st AC at ¶¶ 8 & 29.) The only other reference to Ms. Jordan in the 1st AC is contained in paragraph 43, where she is grouped with the other defendants, but her role in the alleged conspiracy is not explained.

The Court issued a Self-Representation Order on July 16, 2020. Included in the Self-Representation Order was information concerning the requirements of Federal Rule of Civil Procedure 4(m), which generally requires a plaintiff to properly serve a defendant with the Summons and Complaint within 90 days. On October 29, 2020, Plaintiff sent an email to the Court attaching a Declaration in which he sought an additional 90 days to serve defendants. In an October 29, 2020 Order, the Court explained the filing requirements for documents and that it would not consider documents that were emailed to the Court. The Court additionally found that even if it were to consider Plaintiff's emailed Declaration, that it did not establish good cause for the extension he sought, but the Court nevertheless sua sponte extended the Rule 4(m) deadline to November 13, 2020, and ordered Plaintiff to show cause in writing by that date why the action should not be dismissed pursuant to Rule 4(m) for lack of prosecution.

On November 13, 2020, the deadline to respond to the Court's October 29, 2020 Order to Show Cause, Plaintiff filed Proofs of Service purporting to establish that he served defendants Brandyourself.com Inc., Christian Tryon, and Tom Vitolo with the Summons and 1st AC on November 2, 2020. Plaintiff also filed a Declaration on November 13, 2020, explaining that defendants Aaron Minc, Minc Law, Digital Revolution LLC, and Anthony Will, had waived service and intended to file a Motion to Dismiss. Those defendants filed their Motion to Dismiss on November 20, 2020.[1/] Plaintiff's Declaration also stated that he had begun the process of issuing a subpoena to locate and serve defendant Elizabeth Jordan with the Summons and First Amended Complaint, and asked for additional time to complete those efforts. On November 20, 2020, the Court granted Plaintiff a second extension of the Rule 4(m) deadline to serve Elizabeth Jordan, and ordered that Plaintiff had until December 14, 2020, to file Proofs of Service establishing service of the Summons and 1st AC in accordance with the applicable requirements for service. The Court warned Plaintiff that, after that date, "if Plaintiff has not established service," the Court would "issue a further Order to Show Cause why any defendant who has not appeared and has not been properly served should not be dismissed for lack of prosecution pursuant to Rule 4(m)."

---

[1/] Defendants Domingo Rivera, Rivera Law Group PLC, PRVT LLC, and Internet Reputation Control filed Motions to Dismiss on November 13, 2020. Defendants Brandyourself.com Inc., Christian Tryon, and Tom Vitolo filed a Motion to Transfer on December 14, 2020, and a Motion to Dismiss on December 22, 2020.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

    On December 14, 2020, the deadline to file a Proof of Service for Ms. Jordan, Plaintiff filed his first Ex Parte Application for Expedited Discovery and to Extend Time for Service, in which he again sought additional time to serve Ms. Jordan, and requested an order allowing him to commence discovery, so that he could subpoena Protonmail, Inc. So that Plaintiff "will be able to locate and service [sic] Ms. Jordan more efficiently as her email is registered with Protonmail, Inc." Plaintiff also claims, without any supporting evidence, that "detectives have been overburdened with the pandemic and election-aftermath" as a reason he requires more time to locate and serve Ms. Jordan.

    On December 16, 2020, the Court denied Plaintiff's first Ex Parte Application for Expedited Discovery and to Extend Time for Service, after concluding that he failed to satisfy the requirements for ex parte relief because the emergency was of Plaintiff's making, and that Plaintiff had failed to establish the diligence necessary to justify a further extension of time to serve Ms. Jordan. The Court additionally concluded that Plaintiff's implausible, conclusory, factually devoid, and otherwise inadequate allegations concerning Ms. Jordan's role in an ever-expanding alleged conspiracy did not warrant a further extension of time for service or the expedited discovery Plaintiff sought to engage in a burdensome fishing expedition involving third parties.

    Additionally, consistent with the Court's warning in its November 20, 2020 Order, because Plaintiff had failed to serve Ms. Jordan by December 14, 2020, the Court ordered Plaintiff to show cause in writing why his claims against Ms. Jordan should not be dismissed for lack of prosecution for failure to serve her within the deadline established by Rule 4(m). The Court ordered Plaintiff to respond to the Order to Show Cause by no later than December 22, 2020, and warned Plaintiff that the failure to timely or adequately respond to the Order to Show Cause would result in the dismissal of Ms. Jordan from this action without further warning.

    On December 22, 2020, the deadline for Plaintiff to respond to the Court's December 16, 2020 Order to Show Cause, Plaintiff filed the pending second Ex Parte Application for Expedited Discovery and to Extend Time for Service. Without providing any additional well-pleaded facts concerning Ms. Jordan's role in the alleged conspiracy Plaintiff believes exists, Plaintiff again seeks additional time to serve Ms. Jordan. Instead, by once again seeking relief the Court previously rejected, Plaintiff's second Ex Parte Application is, in essence, a Motion for Reconsideration. Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." 389 Orange St. Partners

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999); see also McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999). Local Rule 7-18 further provides that a party may bring a motion for reconsideration only by demonstrating:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Local Rule 7-18.

By repeating arguments Plaintiff has made previously, and presenting information that Plaintiff could have but neglected to provide in his prior filings, Plaintiff's second Ex Parte Application does not satisfy they requirements for reconsideration. Additionally, because Plaintiff does not explain why he failed to seek the Court's assistance in obtaining discovery related to Ms. Jordan until well after the expiration of the Rule 4(m) service deadline, Plaintiff still has not established the diligence necessary to obtain an extension to serve her, and his requested expedited discovery remains a burdensome fishing expedition. The Court therefore denies the second Ex Parte Application for Expedited Discovery and to Extend Time for Service.

To the extent Plaintiff's second Ex Parte Application could be construed as a response to the Court's December 16, 2020 Order to Show Cause, the Court concludes that the response is inadequate because he fails to show the diligence necessary for his failure to serve Ms. Jordan within the deadline established in Rule 4(m) and the prior extensions provided by the Court. Pursuant to Rule 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

Fed. R. Civ. P. 4(m). As the Court has explained, Plaintiff did not seek an extension from the Court to serve Ms. Jordan until after the Rule 4(m) deadline had already expired. Nor have Plaintiff's untimely, ineffective, and procedurally improper efforts to obtain expedited discovery established the diligence necessary for a further extension. The Court therefore declines to grant Plaintiff an extension of time and dismisses Plaintiff's claims against Ms. Jordan pursuant to Rule 4(m).

Grounds also exist to dismiss Plaintiff's claims against Ms. Jordan for failure to prosecute. It is well established that a district court may dismiss an action or claim sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order). This inherent power supports the orderly and expeditious disposition of cases. See Link, 370 U.S. at 629–30; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) (first citing Malone v. U.S. Postal Serv., 833 F.2d 128, 133 & n.2 (9th Cir. 1987); and then quoting Ferdik, 963 F.2d at 1263). Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor. Id.

Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

The third Henderson factor at least marginally favors dismissal. Ms. Jordan may be prejudiced if the complaint is not dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642–43 (stating that "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale"); see also Anderson v. Air W., Inc., 542 F.2d 522, 525 (9th Cir. 1976) ("Delay in serving a complaint is a particularly serious failure to prosecute because it affects all the defendant's preparations.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | December 28, 2020 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

    In considering the fourth and fifth Henderson factors, the Court notes that Plaintiff was repeatedly warned about the consequences of failing to serve Ms. Jordan by the date set by the Court. Nevertheless, Plaintiff has not served her or taken effective action to locate her. Moreover, the Court intends to dismiss the claims against Ms. Jordan without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice); see also Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Thus, the Henderson factors justify dismissing the claims asserted against Ms. Jordan for failure to diligently prosecute.

    Accordingly, the Court dismisses the claims alleged against Ms. Jordan without prejudice for failure to comply with Rule 4(m) and for failure to prosecute. See Fed. R. Civ. P. 4(m); Fed. R. Civ. P. 41(b); C.D. Cal. L.R. 41-6; see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.