**Dr. Stewart Lucas Murrey**
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: **2@lucasmurrey.io**

**Plaintiff & Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual;<br>Plaintiff,<br><br>vs.<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**OPPOSITION TO MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(A); MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF DR. STEWART LUCAS MURREY**<br><br>Hearing Date: 25 January 2021<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9A<br>Judge: Percy Anderson |

# TABLE OF CONTENTS

Page

Statement of Facts..................................................................................................4

Argument................................................................................................................8

    I.    The Applicable Standard to Transfer Venue .....................................................8

    II.   Plaintiff's Choice of Forum is Entitled to Deference........................................8

    III.  Los Angeles is as Convenient as New York For the Parties............................9

    IV.  Plaintiff Signed the Contract in Question Under Duress while Being Extorted and is Fraudulent: the Forum Selection Clause is also Void............................9

Conclusion............................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adidas Am., Inc. v. Cougar Sport, Inc.*, D. Or. 2016..................................................11

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 9th Cir. 2017............................................10

*California Brewing Co. v. 3 Daughters Brewing LLC*, Cal. Apr. 19, 2016.................11

*Chunghwa Telecom Global v. Medcom*, Cal. Oct. 5, 2016..........................................14

*Core-Vent Corp. v. Nobel Indus. AB*, 9th Cir. 1993....................................................12

*Cortina v. Bristol-Myers Squibb Co.*, Cal. June 27, 2017...........................................12

*Decker Coal Co. v. Commonwealth Edison Co.*, 9th Cir. 1986.....................................7

*Dubose v. Bristol-Myers Squibb Co.*, Cal. June 27, 2017...........................................12

*E. & J. Gallo Winery v. F. & P. S.p.A*, E.D. Cal. 1994..................................................9

*Elec. Recyclers Int'l, Inc. v. Calbag Metals Co.*, Cal. Apr. 2, 2015............................11

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 2000........................13

*Kabo Tool Co. v. Porauto Industrial Co.*, Nev. Sep. 20, 2013....................................14

*Learjet, Inc. v. Oneok, Inc.*, 9th Cir. 2013..................................................................11

*Oneok, Inc. v. Learjet, Inc.*, 2015...............................................................................11

*Panavision Int'l, L.P. v. Toeppen*, 9th Cir. 1998........................................................13

*Picot v. Weston*, 9th Cir. 2015....................................................................................12

*Royal Queentex Enters. v. Sara Lee Corp.* N.D. Cal. Mar. 1, 2000..............................8

*Shute v. Carnival*, 9th Cir. 1990.................................................................................11

## STATEMENT OF THE FACTS

Defendants Brandyourself.com, Inc., Christian Tyron and Tom Vitolo ("defendants") not only receive "referrals" i.e. "client"-victims who are sent to them from individuals and entities who are directly involved in an online criminal organization, but they are also partnered with said con-artists. This means that defendants have a direct link to those such as Domingo J. Rivera, Rivera's entities PRVT LLC, IRC (Internet Reputation Control), Aaron Minc, Minc Law, Anthony Will, Reputation Resolutions a.k.a. Digital Revolutions, Elizabeth Jordan, et. al. who extort people defamed on websites like WWW.CHEATERREPORT.COM while they further conspire with those who anonymously operate and maintain said revenge-porn/"shaming" websites. Although this fact is something that defendants intentionally hid from Dr. Murrey, this is clear in a press release from 29 June 2015 wherein the business partnership between Brandyourself.com, Inc. and Anthony Will and Reputation Resolutions a.k.a. Digital Revolution is made public. (See Decl. Dr. Murrey, Par. 4, and Exhibit A, Par. 4). *This is long before Dr. Murrey first signed his contract under duress while being extorted from the defaming comments on WWW.CHEATERREPORT.COM with Anthony Will and Reputation Resolutions a.k.a. Digital Revolution in on **7 February 2017** and then, AFTER and through Anthony Will's "direction" i.e. inextricably interlinked with Brandyouself.com, Inc., Christian Tyron and Tom Vitolo on **8 February 2017**.*

As is clear to anyone with common sense, this was a package online extortion scam. It does not take a genius to see it. It does require, however, a mildly robust sense of reality. But, of course, if one has a hard time recognizing conspiracies – one thinks, for instance, of George W. Bush's claim of weapons of mass destruction (WMDs) – perhaps shared by federal judges Mr. Bush appointed – that caused millions of Iraqis to lose their homes or worse perish –, they are welcome to question (for whatever subtle corporate/intelligence related reasons) what most of us see clearly and continue their heroic search – and let us know when they discover said WMDs.

Significantly, plaintiff had never heard of Brandyourelf.com, Inc. nor any other such "online reputation business" until AFTER he was extorted by Anthony Will and Will's "Reputation Resolutions" in early 2017 and only during which and therefore right AFTER Will "referred" i.e. directed Dr. Murrey to Brandyourself.com, Inc. Further, Will never disclosed to plaintiff that he and his "business" were partnered with Brandyourself.com, Inc. Before his victimization and "referral" in early 2017, plaintiff had never even heard of such internet reputation companies, much less had had any interest them, which is also why he quickly discontinued their services. Because plaintiff was under duress while being extorted, he returned the signed contract within hours. (See Decl. Dr. Murrey, Par.s 5-8). And the individual who he tried to help and to whom defendants refer in their motion, Flor Edwards, seemed to have defamed him and his girlfriend with Poer

while she (plaintiff's girlfriend) was battling cancer for her life. Witness the *Cease and Desist Letters* from the lawyer of plaintiff's girlfriend from 7 November 2017 to Edwards and Poer from plaintff's girlfriend. (See Decl. Dr. Murrey, Par.s 9-10, and Exhibit B, Par. 10).

Nevertheless, as plaintiff has already made clear in several pleadings, Poer and Edwards signed declarations saying they were not responsible for any and all postings on WWW.CHEATERREPORT.COM (See Decl. Dr. Murrey, Par.s 11-12, and Exhibit C, Par. 12). This exposes the reckless misrepresentations of defendants to this Court that plaintiff knew and or found out who were responsible for said defamation. As plaintiff has reiterated several times, not that defendants nor this Court seem particularly good at learning the factual and evidentiary details of this case, whoever defamed plaintiff remains unknown BECAUSE of the anonymous, non-responsive nature of said revenge-porn/"shaming" website(s). Like it or not, this is the truth, and this is why there is no evidence to suggest that WWW.CHEATERREPORT.COM ever disclosed such details. Unless a "convenient" hunch qualifies for truth for attorneys and judges engaged in a federal lawsuit, this fact remains indisputable and relevant to this case.

There were hundreds of defaming postings and even if these three individuals were involved, they would only represent a fraction of all those who are responsible. It is reasonable to suspect, further, the con-artists operating said website "pad" the defamation to create more "client"-victims. Again, it does not take a genius to

- 6 -
OPPOSITION TO MOTION TO TRANSFER

understand this. But to spell it out clearly, just in case, plaintiff has not been able to bring the proper defamation lawsuits as discovery is still needed. The argument that Brandyourself.com, Inc. is a "positive" reputation business somehow disconnected and different from the "removal business" extortion ring is in no way accurate. Brandyourself.com, Inc. occupies an intentionally opaque place within the ecosystem in which this online criminal organization operates. One does not have to be unusually intelligent to see this, they just have to have been harmed and have common sense.

Last, but not least, Brandyourself.com, Inc., as it turns out – as defendants and their counsel intentionally hid this plaintiff before during and after this Court denied him the limited jurisdictional discovery for which he reasonably asked – is secretly moonlighting as a California based business, specifically one right next to the state capital of Sacramento at 4778 Dewey Dr., Fair Oaks, California 95628. (See Decl. Dr. Murrey, Par.s 13, and Exhibit D, Par. 13). (Clearly this seem legit – and the suggestion of big tech and intelligence working together is, again, just another conspiracy theory to be casually dismissed – while said heroic pursuit of WMDs continues).

Thus, defendants and their counsel in bad faith never disclosed this to plaintiff. And this fact along with the dismissals of several defendants, including the reckless refusal to allow plaintiff limited jurisdictional discovery for which he reasonable asked, makes plaintiff's forthcoming appeals of this Court's already impressive

legacy of capricious and homogenized decisions against plaintiff in pro se, to whom this Court is aggressively non-liberally inclined, even more reasonable.

## ARGUMENT

### I. APPLICABLE STANDARD TO TRANSFER VENUE

In motions to transfer venue, there is a strong presumption in favor of plaintiff's choice of forum. *Royal Queentex Enters. v. Sara Lee Corp.*, No. C-99-4787, 2000 WL 246599, at *3 (N.D. Cal. Mar. 1, 2000). The movant bears the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

### II. PLAINTIFF'S CHOICE FORUM IS ENTITLED TO DEFERENCE

California is an obvious choice for this case: 1) plaintiff was harmed in California; 2) this is where all the individual defendants and their entities received monies from plaintiff i.e. where he was extorted; 3) the defendant Brandyourself.com, Inc., is registered with California's Secretary of State as a business in California; and 4) defendants being brought into this case such Cloudflare, Inc. (see plaintiff's forthcoming leave to amend to add said plaintiffs already on file before any other defendants were recklessly dismissed) are registered businesses in California.

### III. LOS ANGELES IS AS CONVENIENT AS NEW YORK FOR THE PARTIES

Defendants bear a "heavy burden" of demonstrating a "clear balance of inconveniences" in moving for transfer. *E. & J. Gallo Winery v. F. & P. S.p.A*, 899 F. Supp. 465, 466 (E.D. Cal. 1994). In this case, defendants have not met this burden and so the issue shifts to their arguments concerning a forum selection clause.

### IV. PLAINTIFF SIGNED THE CONTRACT IN QUESTION UNDER DURESS WHILE BEING EXTORED AND IS THEREFORE FRAUDULENT: THE FORUM SELECTION CLAUSE IS THUS ALSO VOID

The enforcement of said fraudulent "Forum Selection Clauses" will contravene public policy. Plaintiff has presented facts in his complaint and in this opposing paper, its concurrent declaration and exhibits that support a finding that public policy of California would justify invalidating "the forum selection clauses" in the "agreements" peculiar to this online crime organization. Further, defendants are Subject to Personal Jurisdiction in California. Under Rule 4(k)(1)(A), this Court applies California's long-arm statute to determine the bounds of the Court's jurisdiction over a party, which authorizes its courts to exercise jurisdiction to the

full extent constitutionally permitted. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1067 (9th Cir. 2017).

Beyond the fact that defendant(s) are a registered business within California, their conduct subjects them to this Court's jurisdiction. Defendants not only regularly do business in California as when they receive money from their "client"-victims in California (which they did in this case with plaintiff), the ads that their companies run also target the American people nationwide, including to those like plaintiff in California. Plaintiff ONLY BECAME AWARE of Brandyourself.com, Inc. AFTER he was extorted and targeted with advertisements in California by Anthony Will and Reputation Resolutions a.k.a. Digital Revolutions who then, in turn, directly plaintiff to Brandyourself.com, Inc. and WITH WHOM WILL AND REPUTATION RESOLUTIONS ARE PARTNERED. Only AFTER plaintiff was severely harmed by postings on said revenge-porn/"shaming" website – and after he searched online to see if he could rehabilitate his life from said harm –, did he learn about Brandyourself.com, Inc. from defendants who offer "removal services". Again, one does not have to be a genius to see this clear partnership i.e. online criminal organization and their two-punch attack on defendants' "client"-victims to squeeze them i.e. extort them for more money.

The second prong of the personal jurisdiction test involves a causal analysis. The Ninth Circuit has adopted a but-for test: "Under the 'but for' test, a lawsuit

arises out of a defendant's contacts with the forum state if a direct nexus exists between those contacts and the cause of action." *Learjet, Inc. v. Oneok, Inc.*, 715 F.3d 716, 742 (9th Cir. 2013) (quotation marks omitted), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). Courts do not apply this test "stringently." *Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1085, 1092–93 (D. Or. 2016) (test "should not be narrowly applied; rather, the requirement is merely designed to confirm that there is some nexus between the cause of action and defendant's contact with the forum"; sustaining jurisdiction where defendant's infringing product was purchased over the web by only three people in the forum) (quotation marks omitted); *California Brewing Co. v. 3 Daughters Brewing LLC*, 2016 WL 1573399, at *6 (E.D. Cal. Apr. 19, 2016) ("Despite its apparently strict language, many district courts in the Ninth Circuit have not applied the 'but for' test stringently"); *Elec. Recyclers Int'l, Inc. v. Calbag Metals Co.*, 2015 WL 1529490, at *4 (E.D. Cal. Apr. 2, 2015). Here the plaintiff's injuries occurred in California and have been caused by the totality of national conduct, and personal jurisdiction exists if the defendant undertook some of this conduct within the forum, which Brandyourself.com, Inc., a California registered company, did. (See also *Shute v. Carnival*, 897 F.2d 377, 386 (9th Cir. 1990) (upholding personal jurisdiction where defendant had advertised in forum state but had no offices, employees or assets in the forum).

Subsequent cases have continued to make clear that the defendant's forum-based activities need not cause the entire harm. For example, in *Dubose v. Bristol-Myers Squibb Co.*, a resident of South Carolina sued foreign corporations in California for failure to warn and fraudulent misrepresentation with respect to a drug product that the defendants had tested at clinical trials in California and many other states. (2017 WL 2775034 (N.D. Cal. June 27, 2017). The *Dubose* court simultaneously issued an identical ruling in a companion case brought by a New York plaintiff. *Cortina v. Bristol-Myers Squibb Co.*, 2017 WL 2793808 (N.D. Cal. June 27, 2017). The court, applying the Ninth Circuit's but-for test and upholding jurisdiction, rejected the defendants' argument that there is a numerical threshold for in-state conduct when the injury is caused by conduct spread across many jurisdictions: "What would that threshold be? If 25 percent of the clinical trials were conducted in California, would that be enough? 50 percent? 75 percent? The point is that our existing case law provides no basis for imposing an arbitrary cut-off, and the Court is disinclined to fashion a new barrier to the exercise of its jurisdiction from whole cloth." (2017 WL 2775034, at *4.) The court held that since the California clinical trials were "*part of* the unbroken chain of events leading to plaintiff's injury" they did not have to be the sole cause of the injury. (*Id.* at *3 (emphasis added)).

Here, defendants do business as a registered company within California, they received payments from plaintiff in California during the relevant time period and

they conspired knowingly to extort money from plaintiff during the relevant time period in substantial in-state conduct. One may also consider the website in *Mavrix* that caused injury merely by making copyrighted materials "accessible to users" in California. (FAC ¶ 118(e); *Mavrix*, 647 F.3d at 1228.) Further, the personal jurisdiction analysis "depends, to a significant degree, on the specific type of tort ... at issue" which in this case is RICO. (*Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015) (analyzing purposeful direction element); *cf. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000) (courts may not "raise the standing hurdle higher than the necessary showing for success on the merits in an action")).

In this action, Dr. Murrey asserts several claims against defendants, including Racketeer Influenced and Corrupt Organizations Act ("Civil RICO"), 18 U.S.C. § 1962(a-d); Intentional and Fraudulent Misrepresentation; Fraud; Civil Conspiracy; Violations of Calif. Bus. & Profs. Code § 17200, et seq. for Unlawful, Unfair and Fraudulent Acts and Violations of Calif.'s Statutory and Common Law Right of Publicity. Alongside the shadow-web that defendants created to abuse the World Wide Web, it is clear that defendants and their co-conspirators did business in California. Dr. Murrey has thus shown that his claims arose out of and were related to defendant's(s') activities in California where they do business and target victims with their companies ads.

Defendants have not demonstrated that exercise of personal jurisdiction over them is unreasonable. Once plaintiff establishes the first two elements of specific jurisdiction, then the burden shifts to the defendant(s), which cannot meet its "heavy burden" under the Ninth Circuit's seven-factor test, "to present a compelling case that the exercise of jurisdiction is unreasonable." (*Chunghwa Telecom Global v. Medcom*, 2016 WL 5815831, at *6 (N.D. Cal. Oct. 5, 2016)). Under factor one, the extent of the defendant's purposeful interjection into the forum state, defendants do business in California, are a registered company within California, and targeted their companies' advertisements to victims of said website which is secretly run by their co-conspirators including, but not limited to Mr. Rivera and his entities "PRVT LLC" which purposefully injected themselves into California by deciding to pay for a California-based company's website services: Cloudflare, Inc., and which were and are provided to in California, used in California and engaged for their scam conduct within the state. Under factor two, the burden on defendant(s) in defending in the forum is not heavy, given defendants' responsibility for their ongoing business in California, the secret operation in California of their co-conspirators, their targeted ads in California and origin of money transfers from California over the past decade that has contributed to Dr. Murrey's injuries. (*Kabo Tool Co. v. Porauto Industrial Co.*, 2013 WL 5328496, at *7 (D. Nev. Sep. 20, 2013) ("While jurisdiction in Nevada may not be as convenient to the defendants, it does not present an unreasonable burden. The defendants here have been conducting business

- 14 -
OPPOSITION TO MOTION TO TRANSFER

in Nevada for over 10 years. If the defendants have the ability to sufficiently conduct business, they also have the ability to defend their actions in Nevada.").

//

//

//

//

//

Since the Court is applying federal law, there cannot be a conflict with the sovereignty of another state (factor 3) (*Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998)). The forum state's interest in adjudicating the dispute, "California has an interest in protecting its residents," (*Universal Stabilization Techns., Inc. v. Advanced BioNutrition Corp.*, 2017 WL 1838955, at *6 (S.D. Cal. May 8, 2017)), which is particularly strong in this case. California is the most efficient forum to resolve the controversy (factor five), given that the injuries and most of the injury-inducing conduct occurred in this state. Factor six, the importance of the forum to the plaintiff's interest, favors California because it offers convenient and effective relief for the Dr. Murrey's RICO and other claims. Finally, as to other forums (factor seven), the "fact that the lawsuit will continue in California with

other parties tips the efficiency factor in [plaintiff's] favor." (*Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993)).

And as defendants already have a custom of doing business in California and accepting business and money from California, they will have no inconvenience filing their defenses online in the Central District of California.

## CONCLUSION

For the reasons and arguments presented herein, Dr. Murrey requests the Court to deny defendants motion and find that they are subject to jurisdiction.

DATED: 30 DECEMBER 2020     Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
*Plaintiff & Plaintiff in Pro Se*