**Dr. Stewart Lucas Murrey**
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: **2@lucasmurrey.io**

**Plaintiff & Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COMPLAINT PURUSANT TO F.R.C.P. RULE 12(b)(6) OR, IN THE ALTERNATIVE, FOR LEAVE TO AMEND THE OPERATIVE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITES; DECLARATION OF DR. STEWART LUCAS MURREY**<br><br>Hearing Date:   25 January 2021<br>Hearing Time:   1:30 p.m.<br>Courtroom:      9A<br>Judge:          Percy Anderson |

# TABLE OF CONTENTS

Page

Statement of Facts..................................................................................................5

Plaintiff's Complaint and the Clear Facts of this Case Prevail Against the Test of Rule 12(b)(6)..........................................................................................................7

    I.    Claims 1-3..................................................................................................10

    II.   Claim 4.......................................................................................................14

    III.  Claim 5.......................................................................................................15

    IV.  Claims 6, 7 and 8........................................................................................16

Alternatively, Dr. Murrey is entitled for leave to amend his complaint and or jurisdictional discovery............................................................................................17

Conclusion...............................................................................................................18

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alan Neuman Productions, Inc. v. Albright,*
    862 F.2d 1388, 1392 (9th Cir. 1988)..................................................................13

*Ashcroft v. Iqbal,*
    556 U.S. 662, 678 (2009)......................................................................................7

*Assoc. Gen. Contractors of Am. v. Metropolitan Water Dist.,*
    159 F.3d 1178, 1181 (9th Cir. 1998)....................................................................8

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544, 570 (2007)......................................................................................7

*Callanan v. United States,*
    223 F.2d 171 (8th Cir.) (1955)............................................................................13

*Cedric Kushner Promotions, Ltd. v. King,*
    533 U.S. 158, 163 (2001)....................................................................................12

*Cisco Systems, Inc. v. STMicroelectronics, Inc.,*
    77 F.Supp.3d 887, 897 (N.D. Cal. 2014)...........................................................16

*Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.,*
    528 F.3d 1001, 1027 (8th Cir. 2008)..................................................................10

*Crest Constr. II, Inc. v. On Time Auto,*
    No. 07-0728, 2010 U.S. Dist. LEXIS 88798 (W.D. Mo. Aug. 27, 2010).........8

*Howard v. America Online, Inc.,*
    208 F.3d 741, 750 (9th Cir. 2000)........................................................................8

*Jennings v. Emry,*
    910 F.2d 1434, 1438 (7th Cir. 1990)....................................................................8

*Odom v. Microsoft Corp.,*
    486 F.3d 541, 553-54 (9th Cir. 2007)................................................................13

*Reves v. Ernst & Young,*
 507 U.S. 170, 185 (1983)..................................................................................12

*Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Ill.,*
 424 F.3d 659, 672 (7th Cir. 2005).....................................................................13

*Schreiber Distributing Co. v. Serv-Well Furniture Co.,*
 806 F.2d 1393-1400 (9th Cir. 1986)..................................................................12

*Stone v. Baum,*
 409 F.Supp.2d 1164, 1173 (D. Ariz. 2005).........................................................8

*In re Syntex Corp. Sec. Litig.,*
 95 F.3d 922, 926 (9th Cir. 1996).........................................................................7

*United States v. Sullivan,*
 522 F. 3d 967 (9th Cir. 2008)............................................................................12

*United States v. Zemek,*
 634 F.2d 1159, 1174 (9th Cir. 1980).................................................................13

**Rules and Statutes**

Fed. R. Civ. P. Rule 9(b)...........................................................................8, 13, 16

Fed. R. Civ. P. Rule 12(b)(6)...............................................................................17

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Dr. Stewart Lucas Murrey submits this memorandum in support of his opposition to defendants Brandyourself.com, Inc., Christian Tyron and Tom Vitolo's motion to dismiss the first amended complaint ("FAC").

# STATEMENT OF THE FACTS

Defendants Brandyourself.com, Inc., Christian Tyron and Tom Vitolo ("defendants") not only pay kickbacks for receiving "referrals" of countless "client"-victims who have just suffered defamation on WWW.CHEATERREPORT.COM and other such revenge-porn/"shaming" websites, they also are directly "partnered" with "removal services" proven to be conspirators in this online extortion scam. In fact, the undeniable "partnership" between Brandyourself.com, Inc., et. al. and Anthony Will and Will's Reputation Resolutions a.k.a. Digital Revolutions dates at least back to 2015. (See Decl. Dr. Murrey, Par.s 3-4, and Exhibit A, Par. 4). This coupled with the fact that defendant Brandyourself.com, Inc. is a registered California business located near the state capital of Sacramento at 4778 Dewey Dr., Fair Oaks, California 95628 (Decl. Dr. Murrey, Par.s 3, 5, and Exhibit B, Par. 5), is critical to this motion and case and precisely that which defendants and their counsel have sought to keep from plaintiff and this Court in bad faith, but which Dr. Murrey recently discovered through his due diligence and research.

These leads to the vital and relevant timeline of events that defendants are also at pains to keep from the record of this Court proceeding: Suffering an undue burden from defamation severely harming his life and work on WWW.CHEATERREPORT.COM plaintiff was extorted and forced to sign a contract and accept its forum selection clause for "removal services" with Anthony Will and Reputation Resolutions a.k.a. Digital Revolutions on 7 February 2017. (Decl. Dr. Murrey, Par.s 7-8, and Exhibit C, Par. 8). While under duress and being extorted by Mr. Will and Reputation Resolutions, Mr. Will aggressively "referred" plaintiff to Brandyourself.com, Inc. and claimed that this was "the only way" to rehabilitate one's online presence. Having never had had any experience with defamation, much less online "removal" and "branding" services, plaintiff, like all of defendants' countless victims, was vulnerable to this online extortion scam. Thus, less than twenty-four (24) hours later on 8 February 2017 plaintiff, while still under the same duress noted above, was further extorted by the California defendant Brandyourself.com, Inc., et. al. and forced to sign and accept its Contract on 8 February 2017. (Decl. Dr. Murrey, Par.s 9-11, and Exhibit D, Par. 11).

One does not have to be a genius to see the conspicuous double assault of this online extortion ring that tracks back to 1) the illegally anonymous and non-responsive revenge-porn/"shaming" and politically motivated website WWW.CHEATERREPORT.COM, those who offer "removal services" including 2) Anthony Will, 3) Reputation Resolutions a.k.a. Digital Revolutions, 4) Aaron M.

Minc, 5) Minc Law, 6) Domingo J. Rivera, Rivera's sketchy offshore entities such as 7) PRVT LLC in Puerto Rico and 8) Panama that secretly operate said website via 9) Cloudflare, Inc.: a San Francisco based company that further masks the fact that 10) Amazon Web Services (AWS) hosts WWW.CHEATERREPORT.COM's IP address secretly, 11) Rivera's shady entity "IRC" (*Internet Reputation Control*) – *which oddly sounds a lot like "Brandyourself"* –, and Elizabeth Jordan who is clocked as secretly paying Cloudflare, Inc. in San Francisco on behalf of WWW.CHEATERREPORT.COM. Plaintiff has already and several times provided all the authenticated evidence in declarations and exhibits proving the above facts to this Court, whether or not the capriciousness and whimsy of said Court is capable of confronting the indisputable reality of this online network of conspirators.

## PLAINTIFF'S COMPLAINT AND THE CLEAR FACTS OF THIS CASE WITHSTAND THE TEST OF RULE 12(b)(6)

As the facts, declaration of Dr. Murrey and exhibits attached thereto make clear, plaintiff's "complaint […] contain[s] sufficient factual matter, accepted as true," such that it can and does "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Plaintiff's FAC does not simply rely on legal conclusions, nor does it rest upon conclusory allegations of law and unwarranted inferences insufficient to defeat a motion to dismiss for failure to state a claim. *Iqbal*, 556 U.S. at 678; *see also In re*

*Syntex Corp. Sec. Litig.*, 95 F.3d 922, 926 (9th Cir. 1996). Forced to uncover and clarify a highly nuanced account of the past corruption due to the secret and conspiratorial nature of this online criminal organization, plaintiff's FAC is the opposite of "a formulaic recitation of the elements of a cause of action". *Twombly*, 550 U.S. at 570.

And because Plaintiff's FAC, including its claim for fraud, is plead with particularity according to Rule 9(b), it similarly passes said threshold. *Howard v. America Online, Inc.*, 208 F.3d 741, 750 (9th Cir. 2000), citing *Assoc. Gen. Contractors of Am. v. Metropolitan Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998); *see also Jennings v. Emry*, 910 F.2d 1434, 1438 (7th Cir. 1990); *Stone v. Baum*, 409 F.Supp.2d 1164, 1173 (D. Ariz. 2005); *Constr. II, Inc. v. On Time Auto*, No. 07-0728, 2010 U.S. Dist. LEXIS 88798 (W.D. Mo. Aug. 27, 2010). Plaintiff's claims prevail not only against ordinary pleading standards, but also against those held for civil RICO complaints, as they "specifically identify and factually plead, each element of a viable RICO claim." Gregory P. Joseph, Civil RICO: A Definitive Guide § 23, at 286 (5th ed. 2018).

As defendants curiously point out, RICO does not prohibit any conduct that is not otherwise prohibited; it increases civil and criminal consequences, etc. And the FAC and facts as elucidated here in this opposition, in Dr. Murrey's declaration and its attached authenticated exhibits, *in particular the timing of events*, show the defendants are a clear part of this online extortion scam. Consider, again, that RICO

is directed against:

(1) any person who

(a) invests in, or

(b) acquires or maintains an interest in, or

(c) conducts or participates in the affairs of, or

(d) conspires to invest in, acquire, or conduct the affairs of (3) an enterprise

(4) which

(a) engages in, or

(b) whose activities affect,

interstate or foreign commerce

(5) through

(a) the collection of an unlawful debt, or

(b) the commission of a pattern of racketeering activities requiring (1) the commission of two or more predicate offenses, (2) that the predicate offenses be related and not simply isolated events, and (3) that they are committed under such circumstances that suggest either a continuity of criminal activity or the threat of such continuity.

     As defendants cannot disappear the context of facts at play in this action, including, but not limited to the individuals, entities, duress and extortion through which they received plaintiff's money as if through a science of corruption, the FAC and facts and evidence presented in this opposition, it's concurrent declaration and

authenticated exhibits attached hereto show that, make it clear that plaintiff's FAC and or at the very least, an amended complaint, would survive the test implicit in defendants' motion to dismiss.

## I. Claims 1-3.

In plaintiff's first three claims, direct liability regarding Brandyourself.com, Inc, and their individual employees/representatives are established as the facts and evidence already on file in this case and referred to in the FAC show that they were clearly a part of this online ecosystem of extortion. *Craig Outdoor Advert., Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). *Defendants, including the California based business* **Brandyourself.com, Inc**. are literally partnered with "removal services" of Will, Minc, Rivera, *Rivera's* **Internet Reputation Control, Inc.**, PRVT LLC, Elizabeth Jordan, et. al. who are also secretly paying for and thus maintaining, enhancing, operating the revenge-porn/"shaming" and politically motivted website WWW.CHEATERREPORT.COM *via the California based business Cloudflare, Inc.* who further masks i.e. anonymizes the IP address of said website which is actually hosted by AMAZON (AWS).

In other words, defendants received money from plaintiff after he was severely defamed on a website that intentionally leaves its victims helpless through its anonymity and non-responsive nature. This makes their "client"-victims desperate and thus easy targets for extortion by said *"removal"/"Internet Reputation Control"*

*and "Brandyourself"* services – all of whom are conspiring and secretly linked to said online criminal organization.

**Predicate acts are clear because defendants extorted money from plaintiff hours after a "removal service"** *with whom they are partnered* **similarly extorted him.** Anyone curious how said business partners of Brandyourself.com, Inc. operate need consider the the money-laundering as revealed in the emails between one "removal service" (here Aaron Minc/Minc Law, *who with Anthony Will and Reputation Resolutions i.e. partners of Brandyourself.com, Inc were represented by counsel Gingras together in this action*) and such revenge-porn websites. (Decl. Dr. Murrey, Par. 12, and Exhibit E, Par. 12). Here the interstate money-transfers and fraud are clear (along with an attempt to use Bitcoin to make said fraud transfers untraceable) and clearly going to Rivera's shell companies like PRVT LLC which conveniently hop about the Caribbean as "Elizabeth Jordan" uses them to pay Cloudflare, Inc. to maintain said revenge-porn website.

As to the services plaintiff was provided by defendants, he clearly was not satisfied. They even created a Facebook account that he did not want and from which he has been locked out since essentially since they created it and remains so still today, without any explanation. Just as CHEATERREPORT.COM hijacked and severely harmed plaintiff's identity, so too have defendants in essence and for all practical purposes. (Decl. Dr. Murrey, Par. 13).

Defendants thus "conducted" the affairs of the enterprise, "not just their own affairs." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); *Reves v. Ernst & Young*, 507 U.S. 170, 185 (1983). This is clear because defendants are interwoven with their business "partners", defendants pay "kickbacks" i.e. "referral fees" to "removal services" such as those offered by Anthony Will, Domingo J. Rivera and their entities which, in turn, pay for the enhanced impact of the harm of said websites online through secret offshore banking accounts and off-the-radar money-transfers. At the end of the day the money going to those secretly operating the website(s) is the same money defendants receive from plaintiff and their other countless "client"-victims and "referrals", minus defendants' profits, of course.

Thus plaintiff has shown that 1) defendants formed a scheme or artifice to defraud; 2) that they used or caused the use of the United States' wires in furtherance of the scheme; and 3) that they did so with the specific intent to deceive or defraud. *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393-1400 (9th Cir. 1986); *accord United States v. Sullivan*, 522 F. 3d 967, 975 (9th Cir. 2008). The "positive social media services" argument would only fool a fool. Under duress from his life, ability to earn and legacy being wiped away within hours, plaintiff was a victim of severe online defamation and this company "appears" on the back of a sketchy "removal service" who suddenly "promotes" it at just the right time.

Further, given how incredibly sketchy this online extortion scam is, until discovery is able to clarify what is going on behind the scenes, it is at best an act of desperation to act like someone knows all the details of what actually occurred. This questionable position is precisely that which defendants and their counsel occupy. Unfortunately for them, plaintiff has made clear the specificity-in-pleading requirements of Fed. R. Civ. P. 9(b) for claims of "fraud" or "duress" which apply to a fraud or duress-based RICO claim. *See Odom v. Microsoft Corp.*, 486 F.3d 541, 553-54 (9th Cir. 2007) (*en banc*), *cert. denied*, 552 U.S. 985 (2007); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), *cert. denied*, 493 U.S. 858 (1989).

And plaintiff has plead that 1) he was fearful, 2) that his fear was reasonable, and 3) that defendants said or did something that made use of that fear in order to extort money or property from him. *Callanan v. United States*, 223 F.2d 171 (8th Cir.), *cert. denied*, 350 U.S. 862 (1955). "To prove the substantive act of attempted extortion there must be proof of an attempt to instill fear." *United States v. Zemek*, 634 F.2d 1159, 1174 (9th Cir. 1980). Such fear must be reasonable. *See, e.g., Roger Whitmore's Auto. Servs., Inc. v. Lake Cnty., Ill.*, 424 F.3d 659, 672 (7th Cir. 2005). Here, plaintiff alleges that defendants expressed that his only hope with surviving said severe defamation was through them.

## II. Claim 4.

In regard to Claim 4 plaintiff has properly pled plausible allegations that defendants entered into a conspiracy to commit predicate acts of extortion, wire fraud and that they intended to do so. Plaintiff made aware of Brandyourself.com, Inc. just hours after he had been extorted by Anthony Will and Reputation Resolutions a.k.a. Digital Revolutions by the very same named extortionists. The evidence that plaintiff has provided also in these opposing papers, declaration(s) and authenticated exhibits is in no way limited circumstantial, much less conclusory, nor a product of unwarranted deductions of fact, or unreasonable inferences. In this case, RICO predicate acts and allegations that various statutory provisions have been breached are clearly supported by proper factual allegations.

Although it is clear that these despicable defendants (many of whom are attorneys significantly) and their counsels for profit desperately seek the vulgar gate-keeping of an eroded legal system that for whatever reason (actual or feigned ignorance) has failed to keep up with changes in technology (in particular the intersection of big tech and intelligence), said corrupt gatekeeping in this case can only come at the egregious cost of that which can be appealed.

In fact, it is noteworthy that this Court has never once clearly stated whether or not it agrees with plaintiff that these individuals and entities are a part of an online extortion scam and or to what extent. This silence is telling. Are they and their network of offshore bank accounts and absolute online anonymity, perhaps, like the "clever bankers" Obama described when talking about the financial industry just

after he who was finally just another company faux liberal turned his back on the people following his first election? It is interesting that this Court and defendants and their counsels have collectively failed to confront the concept of a conspiracy, save a few rather mediocre and offhand mild insults of such a thing. Having dismissed defendants thus far only for jurisdictional reasons, one wonders – and plaintiff and the people have a right to know – just how this Court confronts systemic online exploitation that severely damages the people on whose behalf it collects its own paycheck.

### III.  Claim 5.

The Fifth Claim has merit as well as plausibility because of the fact that defendants, *Brandyourself.com, Inc.*, et. al. are inextricably tied to "removal services" and Domingo J. Rivera's *Internet Reputation Control (IRC), Inc.*; defendants' extortion of plaintiff is layered upon the extortion of their "business partners" like a science. Literally, it happened within hours after its "client"-victim "referrals" are previously extorted by "removal services" while said victims, like plaintiff, suffer under duress the entire time. And to be clear these services were not worth their value to plaintiff and have only harmed his online identity by creating further problems that have gone on for years now. (Decl. Dr. Murrey, Par. 15).

The false words that were spoken to plaintiff is clear: defendants knowingly lied when they communicated and acted as if they had nothing to do with this online extortion scam i.e. they knowingly failed to disclose that they work closely with

other "removal services" who themselves work with and pay those who operate and maintain said despicable website. (Decl. Dr. Murrey, Par. 16). This caused plaintiff under duress to sign the Contract. Plaintiff has and does claim that defendants 1) misrepresented; 2) had knowledge of their falsity; 3) intended to induce reliance; 4) actual and justifiable reliance; and 5) that their actions resulted in more of plaintiff's money being extorted. (Decl. Dr. Murrey, Par. 17). *Cisco Systems, Inc. v. STMicroelectronics, Inc.*, 77 F.Supp.3d 887, 897 (N.D. Cal. 2014). Plaintiff has and does plead the above-noted facts with particularity: on 8 February 2017 plaintiff suffered defendants' misrepresentations which they knew they were falsely representing to him as they intended to induce reliance on their "services": actual and justifiable reliance and this caused plaintiff to lose a significant sum of money – which is directly related to others monies extorted from plaintiff from defendants' "business partners". (Decl. Dr. Murrey, Par. 18). Even a cursory glance at plaintiff's pleadings, declarations and exhibits reveals a highly nuanced account of each defendant and his or her role in this online extortion ring, thus passing the test of Rule 9(b) also in regard to fraud.

### IV. Counts 6, 7 and 8.

As noted above, plaintiff's FAC and his multiple pleadings in this action make it clear the nuanced involvement of each defendant in this RICO action, thus legitimating his Sixth, Seventh and Eighth Claims as well. Plaintiff has stated also in his declaration to oppose this motion and elsewhere that his public identity online

and off as a historian has been severely harmed, to say nothing of other venues of publicity of his identity, including reference to online accounts created and which plaintiff cannot access, not even to delete.

//

//

//

//

//

//

### ALTERNATIVELY, DR. MURREY IS ENTITLED FOR LEAVE TO AMEND HIS OPERATIVE COMPLAINT AND LIMITED JURISDICTIONAL DISCOVERY

Although plaintiff's first amended complaint and the paragraphs containing allegations against defendants within said complaint withstand the test implicit within Rule 12(b)(6), especially when one considers the facts of this case, plaintiff is nevertheless also entitled for leave to amend the operative complaint such that a clearer and precise showing of how defendants properly belong to this RICO action may be filed on record. The authenticated exhibits attached to the declaration concurrent with this opposition along with all the pleadings already on file in regard

to this action make it abundantly clear that this case cannot simply be dismissed by any reasonable legal standard.

## CONCLUSION

For the reasons and arguments presented herein, Dr. Murrey requests the Court to deny defendants motion to dismiss this action.

DATED: 30 DECEMBER 2020          Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
*Plaintiff & Plaintiff in Pro Se*