1  Dr. Stewart Lucas Murrey
   1217 Wilshire Blvd. # 3655
2  Santa Monica, CA 90403
   Tel.: (310) 994-1711
3  Email: **2@lucasmurrey.io**

4  **Plaintiff & Plaintiff in Pro Se**

5

6              UNITED STATES DISTRICT COURT

7              CENTRAL DISTRICT OF CALIFORNIA

8

9  DR. STEWART LUCAS MURREY, an       | Case No. 2:20-cv-06217-PA (SKx)
   individual;
10                Plaintiff,           | ***EX PARTE* MOTION FOR LEAVE
                                       | TO FILE MOTION FOR
11 vs.                                 | RECONSIDERATION AND
                                       | DECLARATION OF DR. STEWART
12 AARON MINC, an individual, MINC    | LUCAS MURREY**
   LAW, a business entity; DOMINGO J.
13 RIVERA, an individual; RIVERA LAW  |
   GROUP, PLC a.k.a. DOMINGO J.       | **EXPEDITED RULING REQUESTED**
14 RIVERA, ATTORNEY AT LAW, PLC,
   a limited liability company; PRVT
15 L.L.C., a limited liability company,
   ELIZABETH JORDAN, an individual;
16 INTERNET REPUTATION CONTROL
   a.k.a. IRC, a business entity;
17 ANTHONY WILL, an individual;
   DIGITAL REVOLUTION LLC a.k.a.
18 REPUTATION RESOLUTIONS, a
   business entity;
19 BRANDYOURSELF.COM, INC., a
   limited liability company, TOM
20 VITOLO, an individual; CHRISTIAN
   TRYON, an individual; and JOHN DOE
21 NUMBERS 1-10;
22
              Defendants.
23

24

25 _____

26

27

28

- 1 -

PLAINTIFF'S *EX PARTE* MOTION

Plaintiff Dr. Murrey moves for leave to file a motion for reconsideration of the Court's Order dismissing Defendants Domingo J. Rivera, Rivera Law Group, PRVT LLC, Internet Reputation Control a.k.a. IRC, Inc., Aaron Minc, Minc Law, Anthony Will and Reputation Resolutions a.k.a. Digital Revolutions in light of the newly discovered evidence that one of the defendants who was already in this case at this time: Brandyourself.com, Inc. was in fact a registered California business entity. (Exhibit "A" to the Declaration of Dr. Murrey, Par. 5).

Plaintiff will be able to show on his motion for reconsideration that this Court should not have dismissed the above-noted nine (9) defendants – see the Court Order docket # 62 – as at least one of the defendants in this action at the time of this order was and remains a California-based entity and this newly discovered evidence satisfies Fed. R. Civ. P. 60(b) and Rule 59(e). This gives weight to the issue of nationwide jurisdiction peculiar to a RICO action, of which this case is a legitimate instance, given the multiplicity of its defendants' locations. Plaintiff diligently asked for more time and for leave for limited jurisdictional discovery and through no fault his own was this reasonable request denied. Federal Court is (supposed to be) liberally inclined to *pro se* litigants. In this case the work that plaintiff (also the victim severely harmed by both known and still unknown defendants) has had to perform to bring unprecedented evidence into the record of the federal court system is extraordinary. This means that this newly discovered evidence of the California-based identity is reasonable and this is why plaintiff was unable before now to

submit this evidence – to say nothing of the fact of a protracted pandemic that has pulverized everyday life for almost a year now, much less the holiday season during this this hearing and order occurred. (Declaration of Dr. Murrey, Par. 6).

Plaintiff has given notice of this *Ex Parte* Motion to counsel Mr. Vincent Cox for the opposing parties who remain. Mr. Cox requested to have his email response included in this motion. (Exhibit "B" to the Declaration of Dr. Murrey, Par.s 7-8). Mr. Cox's email is not clear to plaintiff as it is filled with petty deflections (as is the custom of attorney's for hire). Nevertheless, plaintiff never sent a groundlessly accusatory email to him; plaintiff does have a right to discovery, in particular given that the standing order of this Court invites early discovery; but plaintiff has not yet compelled any discovery. And it is clear that Mr. Cox has not read the documents of which he speaks, for instance, regarding Cloudflare, Inc., etc., carefully. Finally, that Brandyouself.Inc. is a California business and caught up in the online extortion scam that plaintiff has diligently disclosed are facts relevant to this case.

DATED: 31 December 2020      Respectfully submitted,

By: _____
Dr. Stewart Lucas Murrey
*Plaintiff & Plaintiff in Pro Se*

Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: **2@lucasmurrey.io**

**Plaintiff & Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual;<br>Plaintiff,<br>vs.<br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**PLAINTIFF DR. STEWART LUCAS MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION** |

## DECLARATION OF DR. STEWART LUCAS MURREY

I, Dr. Stewart Lucas Murrey, declare:

1. That I am the plaintiff in this action; that I am over the age of 18 years and that I have personal knowledge of the facts contained in this declaration. If called upon to testify I could and would testify competently as to the truth of the facts stated herein.

2. I received my Doctorate of Philosophy (Ph.D) from Yale University in 2011. My academic career has involved teaching in Germany and Switzerland at several universities and colleges. I am the author of two monographs available online as well as at libraries at institutions of higher learning and I am presently writing a new series of books. Based upon these achievements I use the title Doctor in front of my name.

3. This declaration is submitted in support of plaintiff's *ex parte* motion for leave to file motion for reconsideration.

4. I discovered that Brandyourself.com, Inc. was a California business AFTER the Order (docket # 62) was entered on 21 December 2020.

5. A true and correct copy of said California registration is hereto attached as Exhibit A.

6. I diligently asked for more time and for leave for limited jurisdictional discovery and through no fault my own was this reasonable request

- 2 -
PLAINTIFF DR. MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION

denied. While also the victim severely harmed by both known and still unknown defendants, I have had to perform an extraordinary amount of work to bring unprecedented evidence into the record of the federal court system. I was unable to submit this evidence prior to the hearing and entry of said order because I did not discovery this evidence until just after said entry.

7. After notifying Mr. Cox of my intention to file an *ex parte* motion for leave to file a motion for reconsideration I received an email response from him on 28 November 2020.

8. A true and correct copy of said email is hereto attached as Exhibit B.

//

9. Mr. Cox's email is not clear to me as it is filled with petty deflections (as is the custom of attorney's for hire). Nevertheless, I will say that I never sent a groundlessly accusatory email to him; I do have a right to discovery, in particular given that the standing order of this Court invites early discovery; but I have not yet compelled any discovery. And it is clear that Mr. Cox has not read the documents of which he speaks, for instance, regarding Cloudflare, Inc., etc., carefully. Finally, that Brandyouself.Inc. is

- 3 -
PLAINTIFF DR. MURREY'S DECLARATION IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION

a California business and caught up in the online extortion scam that I have diligently disclosed are facts relevant to this case.

I declare that under penalty of perjury under the laws of the United States that the foregoing is true and correct; executed on 26 October 2020 in Los Angeles, CA.

_____
DR. STEWART LUCAS MURREY

**EXHIBIT A**

# California Secretary of State
## Electronic Filing


FILED
Secretary of State
State of California

# Corporation - Statement of Information

Entity Name: **BRANDYOURSELF.COM, INC**

Entity (File) Number: C4049719
File Date: 08/25/2020
Entity Type: Corporation
Jurisdiction: DELAWARE
Document ID: GH94368

**Detailed Filing Information**

1. Entity Name: BRANDYOURSELF.COM, INC

2. Business Addresses:
   a. Street Address of Principal Office in California:
   4778 Dewey Dr
   FAIR OAKS, California 95628
   United States of America

   b. Mailing Address:
   4778 Dewey Dr
   FAIR OAKS, California 95628
   United States of America

   c. Street Address of Principal Executive Office:
   4778 Dewey Dr
   FAIR OAKS, California 95628
   United States of America

3. Officers:
   a. Chief Executive Officer:
   PATRICK AMBRON
   4778 Dewey Dr
   FAIR OAKS, California 95628
   United States of America

   b. Secretary:
   ALEC GALANTI
   4778 Dewey Dr
   FAIR OAKS, California 95628
   United States of America

Document ID: GH94368

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

# California Secretary of State
## Electronic Filing

Officers (cont'd):

    c. Chief Financial Officer:

ALEC GALANTI
4778 Dewey Dr
FAIR OAKS, California 95628
United States of America

4. Director:

Not Applicable

Number of Vacancies on the Board of Directors:

Not Applicable

5. Agent for Service of Process:

LEGALINC REGISTERED AGENTS, INC. (C4249296)

6. Type of Business:

To provide Online reputation management software and services

By signing this document, I certify that the information is true and correct and that I am authorized by California law to sign.

Electronic Signature: Patrick Ambron

Use bizfile.sos.ca.gov for online filings, searches, business records, and resources.

Document ID: GH94368

# EXHIBIT B

**Cox, Vincent**
to me

Dec 28, 2020, 9:19 AM (6 days ago)

Dr. Murrey:

I notice that, despite sending me a groundlessly accusatory Christmas Day email (set forth below), you have not responded to my request, made to you in a 12/23 email, that you advise me of all discovery that you have propounded to date in this lawsuit. Please respond. You have no legal right at this point to propound discovery in this matter, and the request I have made to you is a reasonable one. The Amazon and Cloudflare subpoenas that you have attached to your motions have been issued by you in violation of Rule 26, which precludes discovery until the meeting of counsel under Federal Rule of Civil Procedure 26. That doesn't happen until after we have gotten past the motion practice relating to the serious defects in your pleadings. They also violate Federal Rule of Civil Procedure Rule 45(a)(4) which states:

"Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

Violation of these basic rules of the road has caused third parties needless burden and expense, has unfairly prejudiced opposing parties, and can result in severe sanctions from the court.

As for your 12/25 email, there are several flaws in your stated position.

First, as your attorney Mr. Petale must have explained to you, California corporate registration documents are readily available online at the California Secretary of State website, most of them at no cost. I'm surprised that you claim you didn't look at California corporate records before filing suit.

Second, there has been no bad faith on our side. Nothing that Brandyourself has said or done is inconsistent with the registration documents. Brandyourself did NOT challenge personal jurisdiction. It is instead enforcing the written promise that you made to it to litigate matters such as this in New York City.

Third, the fact that Brandyourself has registered to do business in California has no impact upon the jurisdictional status of the other defendants. Regardless of whether a court has subject-matter jurisdiction, it must also have personal jurisdiction over each party, including third-party defendants. See Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773,1783 (2017) (personal jurisdiction requirements "must be met as to each defendant over whom a state court exercises jurisdiction") . See also Block Indus. v. DHJ Indus., Inc., 495 F.2d 256, 259 (8th Cir. 1974). Furthermore, "[p]ersonal jurisdiction must exist for each claim asserted against a defendant." Action Embroidery Corp. v. Atl. Embroidery, Inc., 368 F.3d 1174, 1180 (9th Cir. 2004).

Finally, if you decide to go forward with this ill-considered plan to yet again seek the extraordinary remedy of ex parte relief, please notify the court of my client's opposition by attaching this email as an exhibit to the application.

Vince Cox
2020 Pro Bono Honor Roll – Silver

**Ballard Spahr** LLP