Vincent Cox (SBN 070511)
 *CoxV@ballardspahr.com*
**Ballard Spahr LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel.: 424.204.4400
Fax: 424.204.4350

Attorney for Defendants
BRANDYOURSELF.COM, INC., TOM
VITOLO, and CHRISTIAN TRYON

*Ballard Spahr LLP*
*2029 Century Park East, Suite 1400*
*Los Angeles, CA 90067-2915*
*Telephone: 424.204.4400*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual,<br><br>                    Plaintiff,<br><br>        *v.*<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>                    Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**JUDGE:**  Hon. Percy Anderson<br>**DATE:**  January 25, 2021<br>**TIME:**  1:30 PM<br>**CTRM:**  9A |

Defendants BRANDYOURSELF.COM, INC., TOM VITOLO, and CHRISTIAN TRYON, for themselves alone, file this memorandum in opposition to Plaintiff's Motion for Leave to File Second Amended Complaint (Dkt. 60).

Plaintiff's Motion for Leave to File Second Amended Complaint should be denied.  In seeking to obtain leave of court to file a Second Amended Complaint that would either add no specific allegations regarding the parties he seeks to add, or perhaps add allegations that he has not yet communicated to the court or opposing counsel, Plaintiff has made it impossible to address the propriety of allowing the proposed amendment.  Perhaps his strategy is to treat the new parties as generic members of the lumped together blob of defendants he calls the Cheater Extortion Ring.  Perhaps he has other claims against the new defendants that he would plan to articulate. Perhaps he has no articulable claim against the new parties but intends to use this lawsuit as leverage to acquire information that would otherwise be unavailable to him.

By failing to attach a proposed Second Amended Complaint, plaintiff has violated Local Rule 15-1, which provides: "Separate Document. Any proposed amended pleading must be filed as an attachment to the related motion or stipulation….." For this reason alone, the Court should deny plaintiffs' motion. *See Kuehl v. F.D.I.C.*, 8 F.3d 905, 908 (1st Cir. 1993) (affirming denial of amendment where plaintiff violated local rule and did not offer proposed amended complaint); *Kowal v. MCI Commun. Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (affirming denial of amendment where plaintiffs failed to follow local rule requiring submission of the proposed amendments necessary for court to determine adequacy of amendment).

The duty to attach the proposed pleading is not a mere technicality. It has several underlying policy bases, one of which is to permit the court and the parties to avoid the unnecessary duplication of effort that occurs when a plaintiff files a pleading that violates the Federal Rules by making allegations that that are

Balland Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

unspecific, implausible, or futile.  A "district court does not err in denying leave to amend where the amendment would be futile." *Thinket Ink Info Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004).  An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff- Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Furthermore, Plaintiff's motion makes it clear that Plaintiff has conducted discovery in this matter, without notice to the Defendants, by propounding at least one illegal subpoena.  *See* Subpoena to Amazon and related correspondence, filed at Dkt. 60-1, p.7-41, and Dkt. 60-2, p. 3-31.  Plaintiff has no legal right at this point to propound discovery in this matter.  The Amazon subpoena was issued by Plaintiff in violation of Rule 26, which precludes discovery until the meeting of counsel under Federal Rule of Civil Procedure 26.  The subpoena also violates Federal Rule of Civil Procedure Rule 45(a)(4) which states:

"Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

Violation of these basic rules of the road has caused needless burden and expense, has unfairly prejudiced opposing parties by denying to them their right to object, and calls for some form of appropriate sanction.

The motion for leave to file a Second Amended Complaint should be denied. Plaintiff should also be ordered to show cause why he should not be sanctioned for his failures to comply with the Federal Rules regarding discovery timing and notice in connection with his subpoena to Amazon and to any other recipient of a subpoena issued by Plaintiff in this matter.

Despite Plaintiff's full awareness of Local Rule 7-3, as evidenced by his

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

previous insistence upon other defendants' punctilious compliance with it, Plaintiff has failed once more to comply with Local Rule 7-3 in connection with this motion. Had he complied with the rule, this motion would have been delayed, but the conference would have revealed the necessity of attaching the proposed pleading. That would have given Plaintiff a chance to avoid the fatal error of failing to attach the proposed Second Amended Complaint, and would have allowed the parties and the Court to consider whether the tactic of filing another amended complaint was something more than a ploy to use meritless litigation as leverage to obtain something unrelated to the merits of the claims.

DATED:  January 4, 2021          **BALLARD SPAHR LLP**


By:    /s/ *Vincent Cox*
       VINCENT COX

Attorney for Defendants
BRANDYOURSELF.COM, INC., TOM
VITOLO, and CHRISTIAN TRYON

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400