UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 4, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER

     Plaintiff Stewart Murrey, PhD ("Plaintiff") has filed an Ex Parte Application for Leave to File Motion for Reconsideration (Docket No. 69). Plaintiff, who is appearing pro se, seeks to file a Motion for Reconsideration challenging the Court's December 18, 2020 Minute Order granting the Motions to Dismiss filed by Domingo Rivera ("Rivera"), Rivera Law Group PLC ("Rivera Law"), Internet Reputation Control ("IRC"), and PRVT LLC ("PRVT") (collectively, the "Rivera Defendants"), and a Motion to Dismiss or Transfer filed by defendants Aaron Minc ("Minc"), Minc Law ("Minc Law") (collectively, the "Minc Defendants"), and Anthony Will ("Will) and Digital Revolution LLC (also known as Reputation Resolutions) (collectively, the "Will Defendants").

     According to Plaintiff's Ex Parte Application, he conducted the pre-filing meeting of counsel required by Local Rule 7-19 with counsel for defendants BrandYourself.com, Inc., Tom Vitolo, and Christian Tryon (collectively "BrandYourself"), but did not attempt to notify counsel for the Rivera Defendants, Minc Defendants, and Will Defendants, of the Ex Parte Application. Because the Ex Parte Application relates to those defendants, Local Rule 7-19 required that Plaintiff notify those defendants. See Local Rule 7-19 ("It shall be the duty of the attorney so applying (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application.").

     In addition to violating Local Rule 7-19, Plaintiff's Ex Parte Application is entirely unnecessary. There is no requirement that he obtain the Court's permission prior to filing a Motion for Reconsideration. Instead, by filing yet another Ex Parte Application, the fourth filed by Plaintiff in the last three weeks, Plaintiff has once again unnecessarily taxed the Court's limited resources and abused the ex parte process. As the Court has previously informed Plaintiff, the party filing an ex parte application, as opposed to a regularly-noticed motion, must support the ex parte application with evidence that "must show that the moving party's cause

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 4, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Additionally, "it must be established that the moving party is without fault in creating the crisis that requires ex parte relief." Id. In other words, "[an ex parte application] must show why the moving party should be allowed to go to the head of the line in front of all other litigants and receive special treatment." Id. (emphasis added).

    Here, because there is no need for the Court's leave to file a Motion for Reconsideration, there is no "emergency" to justify the filing of Plaintiff's Ex Parte Application. Additionally, while Plaintiff's Ex Parte Application does not satisfy the requirements for reconsideration established by Local Rule 7-18 and Federal Rules of Civil Procedure 59 and 60, because the evidence upon which it is based is not "newly discovered," the Court declines to reach the merits of either the Ex Parte Application or Plaintiff's procedurally improper efforts to have the Court reconsider its December 18, 2020 Minute Order.

    For all of the foregoing reasons, the Court denies Plaintiff's Ex Parte Application. Any future ex parte applications that fail to satisfy the requirements for ex parte relief may be summarily denied without further consideration and could result in the imposition of sanctions for violating the Local Rules and vexatiously multiplying these proceedings.

    IT IS SO ORDERED.