Vincent Cox (SBN 070511)
  CoxV@ballardspahr.com
**Ballard Spahr LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel.: 424.204.4400; Fax: 424.204.4350

Attorneys for Defendants
BRANDYOURSELF.COM, INC.,
CHRISTIAN TRYON, and TOM VITOLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual, <br><br> Plaintiff, <br><br> v. <br><br> AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10; <br><br> Defendants. | Case No. 2:20-cv-06217-PA (SKx) <br><br> **REPLY BY DEFENDANTS BRANDYOURSELF.COM, INC., CHRISTIAN TRYON, AND TOM VITOLO TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO F.R.C.P. RULE 12(b)(6)** <br><br> **JUDGE**: Hon. Percy Anderson <br> **DATE**: January 25, 2021 <br> **TIME**: 1:30 PM <br> **CTRM**: 9A |

DMWEST #40849852 v1

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

Defendants BRANDYOURSELF.COM, INC., CHRISTIAN TRYON, and TOM VITOLO ("the BrandYourself Defendants"), through their undersigned counsel of record, hereby reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint ("FAC") Pursuant to F.R.Civ.P. Rule 12(b)(6).

This court has discretion to either grant the BrandYourself Defendants' motion to transfer, sending this Rule 12(b)(6) motion to the Southern District of New York for disposition, or to rule on the Rule 12(b)(6) motion, and then to address the transfer motion.

Whether it is this court, or the transferee court, that rules upon the Rule 12(b)(6) motion, the flimsiness and incoherence of Plaintiff's Opposition demonstrate why the motion must be granted. Plaintiff claims that he has alleged criminal acts by the BrandYourself Defendants because "they were clearly a part of this online ecosystem of extortion." Memo at 10. This biological metaphor, though it accurately capsulizes the vaporousness of Plaintiff's theories of the case, does not assist the court or the Plaintiff.

Plaintiff has, in violation of F. R. Civ. P. 9(b), failed to allege what it was that the BrandYourself Defendants actually said or did that constituted fraud or the imposition of duress. Plaintiff initiated a call to BrandYourself and was told that BrandYourself offered social media services such as website creation and the creation of social media accounts. Plaintiff thus had the options of choosing to either hire BrandYourself, or alternatively not to contract with BrandYourself, and not receive its professional social media services; and (1) choose to hire a BrandYourself competitor for their professional social media services; or (2) spend the time necessary to build, on his own, a website and series of social media accounts, or (3) decide to do nothing whatsoever to create a positive internet presence. He had all of these choices, and none of them had any relationship to the continued presence of negative internet posts concerning him that are the centerpiece of his grievances, and that had been placed on cheaterreport.com.by persons other than Defendants

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

Manifestly, this is not the basis for a claim of extortion. Plaintiff does not claim to be naïve or timorous in his business or personal affairs. He alleges that he is a sophisticated, highly intelligent scholar, and a real estate agent. FAC ¶¶ 22-23. The paradigm for extortion is "Give me X or else I will do Y." Plaintiff had to be aware that BrandYourself did not have him in a corner that compelled him to do business with BrandYourself. He had plenty of reasonable options that did not require him to hire BrandYourself. That awareness precludes any finding of duress.

Moreover, in order to prove extortion, Plaintiff must establish, among other things, that (1) the defendant induced him to part with money, property, or other valuable right by the wrongful use or threat of force or fear; and (2) the defendant acted with the intent to obtain money or property that defendant knew it was not entitled to receive. *United States v. Dischner*, 960 F.2d 870, 884 (9th Cir. 1992). Plaintiff has not alleged that the BrandYourself Defendants said or did anything "wrongful" to him, or that they knew that they had no claim of right to be compensated for services that they would provide, if hired.

**Claims 1-3**. **Direct RICO Liability**. The first three Counts attempt to allege direct liability under 18 U.S.C. § 1962(a)-(c). For direct liability, the requirements of 1962 (a), (b), and (c) must be established as to each individual defendant. *Craig Outdoor Advert. Inc. v. Viacom Outdoor, Inc.*, 528 F.3d 1001, 1027 (8th Cir. 2008). As explained in the original motion, and not rebutted by Plaintiff, the FAC has not alleged any actions by the BrandYourself Defendants that constitute direct violations of the statute.

**Claim 4**. **Conspiracy RICO Liability**. Plaintiff has not plausibly alleged that the BrandYourself Defendants entered into a conspiracy to extort or defraud him. Nothing that Plaintiff alleges makes it likely that a company in the position of BrandYourself would conspire with others to disseminate falsehoods about random members of the population in the hope that these individuals would then hire them for internet public relations services. In *Bell Atlantic Corporation v. Twombly*, the

Supreme Court addressed the standard for plausibility review of a conspiracy claim on a Rule 12(b)(6) motion to dismiss. 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007). The Court held that, in order to withstand such a motion, the "[f]actual allegations" contained in the complaint "must be enough to raise a right to relief above the speculative level." *Id*. at 1965 (internal citation omitted). The Court stated that the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. The complaint must satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *lqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (internal citation omitted)). If the plaintiff "ha[s] not nudged his claims across the line from conceivable to plausible, his complaint must be dismissed." *Twombly*, 127 S.Ct. at 1974. It is not plausible to allege that there is such a scarcity of abusive falsehoods on the internet that a cabal of conspirators would form to create and disseminate falsehoods so that they could victimize random members of the public such as Plaintiff by assisting them in dealing with the consequences. It is particularly implausible to allege that the BrandYourself Defendants were part of such a conspiracy, given that BrandYourself is in the business of providing positive internet content for its customers, and merely provided its customary business services to Plaintiff.

**Claim 5**. **Fraud**. Plaintiff has not complied with Rule 9(b) and specifically alleged what misrepresentations the BrandYourself Defendants made to him. As such, his fraud claim must be dismissed.

**Claims 6-8**. **Common Law Conspiracy, UCL, and Statutory Right of Publicity**. Plaintiff has not responded in any substantive fashion to the arguments of the BrandYourself Defendants for dismissal of these counts. The claims should be dismissed.

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

The Motion of the BrandYourself Defendants to Dismiss the FAC should be granted.

DATED: January 8, 2021     **BALLARD SPAHR LLP**

By: /s/ *Vincent Cox*
       VINCENT COX

Attorneys for Defendants
BRANDYOURSELF.COM, INC.,
CHRISTIAN TRYON, and TOM VITOLO

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

DMWEST #40849852 v1         4
**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**