Vincent Cox (SBN 070511)
  *CoxV@ballardspahr.com*
**Ballard Spahr LLP**
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Tel.: 424.204.4400; Fax: 424.204.4350

Attorneys for Defendants
BRANDYOURSELF.COM, INC.,
CHRISTIAN TRYON, and TOM VITOLO

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br><br>Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**REPLY BY DEFENDANTS BRANDYOURSELF.COM, INC., CHRISTIAN TRYON, AND TOM VITOLO TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. §1404(a)**<br><br>**JUDGE**: Hon. Percy Anderson<br>**DATE**: January 25, 2021<br>**TIME**: 1:30 PM<br>**CTRM**: 9A |

DMWEST #40843021 v1

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER**

Plaintiff's Opposition reveals that he is under the erroneous impression that BrandYourself's compliance with California law obligating it to register to do business in California has some bearing upon the disposition of its motion to transfer. He is mistaken, because he seems not to appreciate the distinction between personal jurisdiction and contractual venue.

Defendants' Motion to Transfer is unrelated to the issue of personal jurisdiction. It is based upon the standards for enforcing contractual venue provisions announced in *Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas*, 571 U.S. 49,66, 134 S.Ct. 568, 583, 187 L.Ed. 2d 487 (2013) ("*Atlantic Marine*"):

> "When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations.  A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place.  In all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."

Under *Atlantic Marine*, a valid forum selection clause is entitled to substantial deference, and its enforcement can only be rebutted by "public interest factors," which will "rarely defeat" a motion to transfer. *Id*. at 64.  Valid forum selection clauses should be enforced "[i]n all but the most unusual cases." *Id*. at 66.

Plaintiff's opposition ignores those rules. He never cites or refers to *Atlantic Marine* or to any case that cites, discusses, or applies *Atlantic Marine*. He asserts that the plaintiff's choice of forum is entitled to great deference, Memo at 8, despite

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA  90067-2915
Telephone: 424.204.4400

*Atlantic Marine*'s express holding that, in the face of a valid forum selection clause, "the plaintiff's choice of forum merits no weight".

Plaintiff argues about which forum is better from the standpoint of the convenience of the parties' private interests. Memo at 9, 12-16. Yet *Atlantic Marine* held that:

> "… a court evaluating a defendant's §1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum."

The motion negated Plaintiff's claims that his consent to the BrandYourself contract, with its forum selection provision, was wrongfully obtained. The motion was supported by declarations revealing the utterly pedestrian tone and content of the communications between Plaintiff and the BrandYourself Defendants, and demonstrated the chronology of a simple contract in which BrandYourself agreed to provide ordinary, conventional social media services to Plaintiff for a modest fee. In response, Plaintiff suddenly loses his powers of articulation. Apparently unable to specify what he claims was said to him, he simply resorts to futile and conclusory accusations of purported "extortion" and "duress". Plaintiff has filed a lengthy and irrelevant declaration in which he does not contradict one iota of the declaration of Defendant Christian Tryon, describing his only conversation with Plaintiff, or the declaration of Defendant Tom Vitolo, denying any communications with Plaintiff whatsoever, or that of Joline Martin, authenticating the emails which explain the

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400

1  mundane course of performance under the contract.  Most importantly, despite every
2  incentive to do so, Plaintiff's Declaration does not explain what exactly the
3  Defendants are supposed to have done or said to him that he claims in conclusory
4  terms to have constituted "extortion" and imposed "duress". Eventually, he will be
5  obliged to reveal the meritlessness of his claims, but Plaintiff has chosen to postpone
6  that to another day.

8  Under the circumstances, the Court should simply grant the motion to transfer,
9  and send the case to its contractually stipulated forum in the Southern District of
10 New York.

DATED:  January 8, 2021            **BALLARD SPAHR LLP**

By:   /s/ *Vincent Cox*
         VINCENT COX

Attorneys for Defendants
BRANDYOURSELF.COM, INC.,
CHRISTIAN TRYON, and TOM VITOLO

Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915
Telephone: 424.204.4400