Dr. Stewart Lucas Murrey
1217 Wilshire Blvd. # 3655
Santa Monica, CA 90403
Tel.: (310) 994-1711
Email: 2@lucasmurrey.io

**Plaintiff & Plaintiff in Pro Se**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DR. STEWART LUCAS MURREY, an individual;<br>    Plaintiff,<br>vs.<br>AARON MINC, an individual, MINC LAW, a business entity; DOMINGO J. RIVERA, an individual; RIVERA LAW GROUP, PLC a.k.a. DOMINGO J. RIVERA, ATTORNEY AT LAW, PLC, a limited liability company; PRVT L.L.C., a limited liability company, ELIZABETH JORDAN, an individual; INTERNET REPUTATION CONTROL a.k.a. IRC, a business entity; ANTHONY WILL, an individual; DIGITAL REVOLUTION LLC a.k.a. REPUTATION RESOLUTIONS, a business entity; BRANDYOURSELF.COM, INC., a limited liability company, TOM VITOLO, an individual; CHRISTIAN TRYON, an individual; and JOHN DOE NUMBERS 1-10;<br>    Defendants. | Case No. 2:20-cv-06217-PA (SKx)<br><br>**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION FOR LEAVE TO FILE SECOND AMENDED COMPLINT**<br><br>Hearing Date: 25 January 2021<br>Hearing Time: 1:30 p.m.<br>Courtroom: 9A<br>Judge: Percy Anderson |

Plaintiff Dr. Murrey replies to defendants' opposition to his motion for leave to file a second amended complaint.

- 1 -
PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION

Plaintiff in his pleadings and exhibits has exposed this online extortion ring as well as the involvement of those he seeks to bring into this lawsuit, thus legitimating his request for leave to file an amended complaint. Given that the *pro se* clinic has not been available during the entirety of this case during this protracted pandemic – all through no fault of the plaintiff –, this request of the *pro se* plaintiff is reasonable.

Further, although defendants conspire to maintain there is no conspiracy, it is curious that, if they are not colluding with those who plaintiff intends to bring into this lawsuit: Amazon, Cloudflare, those hiding behind and associated with the noted IP address, et. el., why do they oppose this motion?

And although the *pro se* clinic and Los Angeles law library have been closed during the entire time of this case – significant given that any respectable federal court is liberally inclined to *pro se* litigants –, anyone with common sense reading these pleadings would know that plaintiff can, within a reasonable amount of time, file a proper second amended complaint.

Plaintiff also notes that opposing counsel Mr. Cox illegally harassed the *pro se* plaintiff by falsely claiming that his subpoenas to Amazon and Cloudflare were at fault. *Exhibit D* attached hereto. After Dr. Murrey admonished Mr. Cox to read through the documents more carefully, Mr. Cox shifted his attention to whatever was left in his knowingly false claim: the Amazon subpoena. It is not clear why the

*pro se* plaintiff and not defendants' counsel has abided by the Standing Order of this court, which clearly encourages discovery to begin forthwith prior to Rule 26.

DATED: 7 January 2021                                  Respectfully submitted,

                                                       By: _____
                                                       Stewart Lucas Murrey
                                                       *Plaintiff & Plaintiff in Pro Se*

# EXHIBIT D

**Cox, Vincent**

to me

Mon, Dec 28, 2020, 9:19 AM (11 days ago)

Dr. Murrey:

I notice that, despite sending me a groundlessly accusatory Christmas Day email (set forth below), you have not responded to my request, made to you in a 12/23 email, that you advise me of all discovery that you have propounded to date in this lawsuit. Please respond. You have no legal right at this point to propound discovery in this matter, and the request I have made to you is a reasonable one. The Amazon and Cloudflare subpoenas that you have attached to your motions have been issued by you in violation of Rule 26, which precludes discovery until the meeting of counsel under Federal Rule of Civil Procedure 26. That doesn't happen until after we have gotten past the motion practice relating to the serious defects in your pleadings. They also violate Federal Rule of Civil Procedure Rule 45(a)(4) which states:

> "Notice to Other Parties Before Service. If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

Violation of these basic rules of the road has caused third parties needless burden and expense, has unfairly prejudiced opposing parties, and can result in severe sanctions from the court.