UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Gabriela Garcia | N/A | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS – COURT ORDER

Before the Court are a Motion to Transfer (Docket No. 51) and a Motion to Dismiss (Docket No. 63) filed by defendants Brandyourself.com, Inc., Christian Tryon, and Tom Vitolo (collectively the "Brandyourself Defendants"). Also before the Court is a Motion for Leave to File Second Amended Complaint filed by plaintiff Stewart Murrey, PhD ("Plaintiff") (Docket No. 60). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds these matters are appropriate for decision without oral argument. The hearing calendared for January 25, 2021, is vacated, and the matters taken off calendar.

**I.    Factual and Procedural Background**

Plaintiff commenced this action on July 13, 2020, when he filed his Complaint against www.cheaterreport.com for defamation and violations of his statutory and common law publicity rights under California law. Because the original Complaint did not allege a statutory or other basis for the Court's exercise of subject matter jurisdiction as required by Federal Rule of Civil Procedure 8(a) and Local Rule 8-1, the Court dismissed the original Complaint with leave to amend. Plaintiff then filed the First Amended Complaint ("1st AC") on August 3, 2020, which dropped www.cheaterreport.com as a defendant, added 13 new defendants, and asserted RICO claims, plus claims for fraud, civil conspiracy, unfair business practices pursuant to California Business and Professions Code section 17200, and claims for violations of his publicity rights under California statutory and common law.

Plaintiff alleges that individuals who are not named as defendants in the 1st AC posted defamatory comments about him in 2016 and 2017 on www.cheaterreport.com. Plaintiff alleges that he contracted with individuals and entities, including Aaron Minc ("Minc"), Minc Law ("Minc Law") (collectively, the "Minc Defendants"), and Anthony Will ("Will") and Digital Revolution LLC (also known as Reputation Resolutions) (collectively, the "Will Defendants"), to provide reputation defense services and remove the defamatory information. Plaintiff also contracted with the Brandyourself Defendants to generate positive content concerning Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

to reduce the prevalence of the derogatory information in internet search results about him. The contract Plaintiff entered with the Brandyourself Defendants in February 2017 provided: "This agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of Delaware, excluding conflict of laws principles, and all actions or proceedings arising in connection with this Agreement shall be tried and litigated exclusively in the federal or state courts located in New York, New York."

The 1st AC alleges that the Rivera Defendants operate and maintain www.cheaterreport.com. (1st AC at ¶ 30.) Plaintiff asserts that the defendants who provided reputation defense services have conspired with the Rivera Defendants, and other entities Plaintiff has sued or intends to add as defendants, to operate an extortion ring, through which those providing reputation defense services funnel money they obtain from those like Plaintiff who have been victimized by derogatory internet posts to the websites like www.cheaterreport.com, which publishes the defamatory material. Plaintiff, who has frequently stated in documents filed with the Court that he has a PhD from Yale and is a published scholar, has, in more recent filings, asserted that the conspiracy he describes in the 1st AC is broader than what he initially alleged. His Oppositions to the pending Motions to Dismiss, and other more recently-filed documents, for instance, include references to Jeffrey Epstein, Ghislane Maxwell, the CIA, Israeli and Saudi Arabian intelligence services, Amazon, Jeff Bezos, and others.

In their Motion to Transfer, the Brandyourself Defendants seek to enforce the venue provision contained in their contract with Plaintiff and transfer the claims asserted against them to the United States District Court for the Southern District of New York. The Brandyourself Defendants' Motion to Dismiss challenges the sufficiency of the 1st AC's claims.

In a December 18, 2020 Minute Order, the Court granted the Motions to Dismiss for Lack of Personal Jurisdiction filed by the Rivera Defendants, Will Defendants, and Minc Defendants. On December 28, 2020, the Court dismissed defendant Elizabeth Jordan pursuant to Federal Rule of Civil Procedure 4(m) as a result of Plaintiff's failure to timely serve her with the Summons and operative 1st AC. The result of those two orders is that the Brandyourself Defendants are the only remaining defendants before the Court. Plaintiff, however, has filed a Motion for Leave to File Second Amended Complaint, in which he seeks to add www.cheaterreport.com, after previously and voluntarily dropping www.cheaterreport.com as a defendant, and a Doe internet protocol ("IP") address associated with www.cheaterreport.com as defendants, along with several Amazon entities, who apparently host the www.cheaterreport.com website, and Cloudfare, Inc., which Plaintiff believes has provided internet domain registration services to www.cheaterreport.com.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

**II.     Motion to Transfer to Enforce Forum Selection Clause**

"When venue is challenged, the court must determine whether the case falls within one of the three categories set out in [28 U.S.C.] § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a). Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b). As a result, a case filed in a district that falls within § 1391 may not be dismissed under § 1406(a) or Rule 12(b)(3)." Atlantic Marine Const. Co. v. U.S. Dist. Court, 571 U.S. 49, 56, 134 S. Ct. 568, 577, 187 L. Ed. 2d 487 (2013).

Under 28 U.S.C. § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice." The section 1404 transfer analysis has two steps: (1) determining whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, determining whether transfer would serve the convenience of parties and witnesses and the "interest of justice." See 28 U.S.C. § 1404(a). The "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction. A court may transfer venue in response to a motion by either party in the case, or upon its own motion. See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993). However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989) (quoting Weight Watchers Int'l, Inc. v. Stouffer Corp., No. 88 CIV 7062 (MBM), 1989 WL 73292, at *4 (S.D.N.Y. June 28, 1989)).

"Section 1404(a) . . . provides a mechanism for enforcement of forum-selection clauses that point to a particular federal district." Atlantic Marine, 571 U.S. at 59, 134 S. Ct. at 579. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." Id. at 62, 134 S. Ct. at 581. "[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" Id. at 59-60, 134 S. Ct. at 579 (quoting Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 33, 108 S. Ct. 2239, 101 L. Ed. 2d 22 (1988) (Kennedy, J., concurring)).

"The presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways." Id. at 63, 134 S. Ct. at 581. "First, the plaintiff's choice of forum merits no weight," and instead "the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." Id. at 63, 134 S. Ct. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

581. Second, the court "should not consider arguments about the parties' private interests. When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation." Id. at 64, 134 S. Ct. at 582. Finally, "a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." Id. Upon transfer, "[t]he court in the contractually selected venue should not apply the law of the transferor venue to which the parties waived their right." Id. at 65-66, 134 S. Ct. at 583.

Federal law determines the validity and enforceability of a forum-selection clause. See Doe 1 v. AOL LLC, 552 F.3d 1077, 1083 (9th Cir. 2009) Doe 1, 552 F.3d at 1083; LaCross v. Knight Transp., Inc., 95 F. Supp. 3d 1199, 1203 (C.D. Cal. 2015). "[F]orum section clauses are presumptively valid." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004) (discussing Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); and citing Spradlin v. Lear Siegler Mgmt. Servs. Co., 926 F.2d 865, 868 (9th Cir. 1991)). "The party challenging the clause bears a 'heavy burden of proof' and must 'clearly show that enforcement would be unreasonable and unjust, or that the clause was invalid for such reasons as fraud or over-reaching.'" Id. (quoting Bremen, 407 U.S. at 15). There are "three reasons that would make enforcement of a forum selection clause unreasonable: (1) 'if the inclusion of the clause in the agreement was the product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause would effectively be deprived of his day in court were the clause enforced'; and (3) 'if enforcement would contravene a strong public policy of the forum in which suit is brought.'" Id. (quoting Richards v. Lloyd's of London, 135 F.3d 1289, 1294 (9th Cir. 1998)); see Petersen v. Boeing Co., 715 F.3d 276, 280 (9th Cir. 2013). "[A] party opposing enforcement of a forum selection clause must show that the inclusion of the forum clause itself was the product of fraud or overreaching." Joseph v. Amazon.com, Inc., No. C12-06256 HRL, 2013 WL 4806462, at *5 (citing Richards, 135 F.3d at 1297); see also Batchelder v. Kawamoto, 147 F.3d 915, 919 (9th Cir. 1998).

Plaintiff spends a portion of his Opposition discussing the propriety of the Court's exercise of personal jurisdiction over the Brandyourself Defendants, but the Brandyourself Defendants do not challenge the Court's exercise of personal jurisdiction over them. Instead, they seek to enforce the terms of the forum selection clause contained in the contract Plaintiff entered with them. Nor do Plaintiff's insistence that his choice of forum be entitled to deference, or that the convenience of the parties weighs in favor of the Central District as the appropriate forum, provide a basis for disregarding the forum selection clause contained in the contract he signed with the Brandyourself Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | | Date | January 13, 2021 |
|---|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | | |

Plaintiff seeks to escape the consequences of the forum selection clauses contained in the contract he entered with the Brandyourself Defendants by asserting that he "only became aware of Brandyourself.com, Inc. After he was extorted and targeted with advertisements in California by [by the Will Defendants] who then, in turn, directly [sic] plaintiff to Brandyourself.com, Inc. And with whom Will and Reputation Resolutions are partnered." (Opp'n at 10:10-17 (Docket No. 67).) Plaintiff, a Yale-educated scholar with an advanced degree, has not provided any evidence to support his contention that the forum selection clauses are unenforceable as a result of fraud or "extortion." Plaintiff has not alleged that the Brandyourself Defendants threatened Plaintiff. Moreover, even if the Brandyourself Defendants defrauded Plaintiff as he contends, Plaintiff has provided no evidence that the inclusion of the forum selection clause itself was the result of fraud. See Richards, 135 F.3d at 1297. Nor has Plaintiff otherwise met his "heavy burden" to call into question the presumption of validity of the forum selection clause or established that he would be deprived of his day in court or that public policy would be contravened should the forum selection clause be enforced. See Murphy, 362 F.3d at 1140. The Court therefore concludes that the Brandyourself Defendants' forum selection clause encompasses Plaintiff's claims against the Brandyourself Defendants and is otherwise valid and enforceable. As a result, the Court grants the Brandyourself Defendants' Motion to Transfer and transfers the claims asserted by Plaintiff against the Brandyourself Defendants to the United States District Court for the Southern District of New York.

### III.  Brandyourself Defendants' Motion to Dismiss

Because the Court concludes that Plaintiff and the Brandyourself Defendants agreed to litigate this dispute in the United States District Court for the Southern District of New York, the Court declines to address the Brandyourself Defendants' Motion to Dismiss. The Motion to Dismiss should be addressed in the first instance by the United States District Court for the Southern District of New York.

### IV.  Motion for Leave to File Second Amended Complaint

Federal Rule of Civil Procedure 15 provides for amendment to a party's pleading by leave of the court at any time, and such leave "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); DCD Programs, Ltd., v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (noting that leave to amend should be granted with "extreme liberality" to "facilitate decision on the merits rather than on pleadings or technicalities"). The Court considers five factors in assessing a motion for leave to amend: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004). "Undue delay by itself, however, is insufficient

Case 2:20-cv-06217-PA-SK   Document 75   Filed 01/13/21   Page 6 of 7   Page ID #:2041

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

to justify denying a motion to amend." Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."). In this context, "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir.1988). In other words, "[t]he court can deny the motion to amend on the basis of futility either if the amended complaint would be dismissed under Rule 12(b)(6), or if plaintiff fails to plead with requisite specificity under Rule 9(b)." In re Fritz Cos. Sec. Litig., 282 F. Supp. 2d 1105, 1111 (N.D. Cal. 2003) (citations omitted); see also Miller, 845 F.2d at 214 ("'[The] proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'") (quoting 3 James Wm. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974)).

The Central District's Local Rules require that "[a]ny proposed amended pleading must be filed as an attachment to the related motion or stipulation." Local Rule 15-1. Plaintiff, however, did not attach a copy of his proposed Second Amended Complaint to his Motion. Based upon his Reply, in which he responds to the Brandyourself Defendants' having pointed out this failure to comply with Local Rule 15-1, it is clear the Plaintiff has not prepared his proposed Second Amended Complaint. Plaintiff has therefore deprived the Court of the ability to assess whether the allegations against the Amazon entities and Cloudfare, Inc. he seeks to add to his proposed Second Amended Complaint, who appear to have done nothing more than provide web hosting and domain registration services, satisfy the relevant pleading standards. The Court additionally notes that Plaintiff appears to seek to add new claims against www.cheaterreport.com despite having initially named www.cheaterreport.com as a defendant in his original Complaint and then voluntarily dropping that defendant more than five months ago. The Court therefore concludes that applying Rule 15's liberal standard, Plaintiff has failed to satisfy the requirements for leave to file his proposed Second Amended Complaint. As a result, the Court denies Plaintiff's Motion for Leave to File Second Amended Complaint.

## Conclusion

For all of the foregoing reasons, the Court grants the Brandyourself Defendants' Motion to Transfer and declines to address the Brandyourself Defendants' Motion to Dismiss. Plaintiff's claims against Brandyourself.com, Inc., Tom Vitolo, and Christian Tryon are transferred to the United States District Court for the Southern District of New York. The Court denies Plaintiff's Motion for Leave to File Second Amended Complaint. Having dismissed the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6217 PA (SKx) | Date | January 13, 2021 |
|---|---|---|---|
| Title | Stewart Murrey v. Aaron Minc, et al. | | |

Rivera Defendants, Minc Defendants, and Will Defendants for lack of personal jurisdiction, dismissed Elizabeth Jordan as a defendant pursuant to Federal Rule of Civil Procedure 4(m), transferred the claims against the Brandyourself Defendants to the United States District Court for the Southern District of New York, and denied Plaintiff's Motion for Leave to File Second Amended Complaint, there are no remaining claims or defendants pending in this Court. The Court will therefore issue a Judgment consistent with this Order and the Court's December 18, 2020, and December 28, 2020 Orders.

    IT IS SO ORDERED.